IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **JUAN LUIS WEBBER** | § § § | |
| VS. | § § | Civil Action No. 7:26-cv-00051 |
| **HOME DEPOT U.S.A., INC. dba HOME DEPO and HERMAN ROQUE OCHOA** | § § § | **JURY DEMANDED** |

<u>**DEFENDANT HOME DEPOT U.S.A., INC'S NOTICE OF REMOVAL**</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, **HOME DEPOT U.S.A., INC.** *Improperly named Home Depot U.S.A., Inc. dba Home Depo* ("Home Depot"), and files this its Notice of Removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et seq.*, 28 U.S.C. § 1441 *et seq.*, and 28 U.S.C. § 1446 *et seq.* and would respectfully show the Court as follows:

1. Home Depot is a Defendant in a civil action pending in the 476th Judicial District Court of Hidalgo County, Texas entitled *Juan Luis Webber v. Home Depot U.S.A., Inc. dba Home Depot and Herman Roque Ochoa*; Cause No. C-0490-25-M (hereinafter referred to as the "State Court Action"). An Index of State Documents Filed with the Notice of Removal is attached hereto as **Exhibit A**, and true and correct copies of all process, pleadings, and orders served upon Home Depot in the State Court Action are attached hereto as **Exhibit B**, as required by 28 U.S.C. § 1446(a).

2. The State Court Action was filed on January 30, 2025. Home Depot was served with the Original Petition on February 5, 2025. In the Original Petition, Plaintiff alleges that on or about January 9, 2024, he and his wife were shopping for fire alarms at Home Depot #506, located at 409 N. Jackson Road, Pharr, Hidalgo County, Texas 78501 when a large heavy box fell on him.

3. An initial notice of removal was properly filed on March 3, 2025, comporting with 28 U.S.C. § 1446(b). The matter was later remanded on July 16, 2025, due to an issue with the complete diversity of citizenship of the defendants. Since its remand, Plaintiff has provided no evidence to support a claim against Herman Roque Ochoa; however, new evidence further supports improper joinder and thus, complete diversity of the parties.

4. Plaintiff's Original Petition stated that she is seeking monetary relief over $1,000,000.00. *See* **Exhibit B-2 ¶ 2.** Thus, it is facially apparent from Plaintiff's Original Petition that Plaintiff is seeking damages in excess of $75,000, such that the amount in controversy requirement for diversity jurisdiction is satisfied.

5. This Notice of Removal is timely filed by Home Depot Home Depot within 1 (one) year after commencement of the State Court Action from which the amount in controversy is in excess of $75,000, exclusive of costs. *See* 28 U.S.C. 1446(c).

## DIVERSITY OF CITIZENSHIP

6. Plaintiff Juan Luis Webber is a citizen of the State of Texas.

7. Home Depot is and was at the time of the alleged incident and filing of this lawsuit, a corporation incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia. Home Depot is thus a citizen of the States of Delaware and George.

8. Consequently, Plaintiff and Home Depot are now, and were at the time this action commenced, diverse in citizenship from each other.

## IMPROPER JOINDER

9. Defendant Herman Roque Ochoa ("Ochoa") is a citizen of Texas. However, Plaintiff improperly joined Ochoa as a defendant solely to defeat diversity jurisdiction, as there is absolutely no possibility that Plaintiff will be able to establish a cause of action against Ochoa in state court.

*Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

10. To establish improper joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999). Home Depot alleges that Ochoa was improperly joined under the second method. Under that method, the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In resolving this issue, the court may pierce the pleadings and consider summary judgment-type evidence in those cases in which the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder[.]" *Id*.

11. Ochoa is not alleged to have been a premises owner or occupier of the Home Depot store at the time the cause of action accrued or at the time of removal, or at any time. Moreover, Plaintiff does not allege that Ochoa caused the box to fall or that anything Ochoa did caused or plausibly contributed to this injury complained about. Instead, Plaintiff's rests on two allegations: (1) Ochoa told him to vacate the store after falling which allegedly exacerbated his injuries; and (2) failed to render appropriate aid and refused to contact 911. *See* **Exhibit B-2**, ¶ 14. These two have been characterized by Plaintiff via their *Amended Motion to Remand* as commission based and omission based, respectively. *See generally* **Exhibit D**.

    *i. There is No Colorable Claim in an Omission Based Theory of Negligence.*

12. Plaintiff alleges Ochoa (1) failed and refused to call 911 or emergency medical services,

and (2) failed and refused to provide first aid or comfort to Plaintiff. *See* **Exhibit B-2**, ¶ 19. These allegations, even if true, provide no basis for the assertion of any cognizable claims against Ochoa. Texas law rarely imposes a duty to aid an injured party except on the individual who caused the injury. *See Abalos v. Oil Dev. Co. of Tex.*, 544 S.W.2d 627, 633 ("[I]f a party negligently creates a dangerous situation it then becomes his duty to do something about it. On the other hand, it may be said generally, as a matter of law, that a mere bystander who did not create the dangerous situation is not required to become the good Samaritan and prevent injury to others.") (internal ellipses and quotation marks omitted) (citing *Buchanan v. Rose*, 159 S.W.2d 109, 110 (Tex. 1942)); *Applebaum v. Nemon*, 678 S.W.2d 533, 536 (Tex. Ct. App. 1984) ("Deeply rooted in the common law is the doctrine that a person owes no duty to render aid to one for those initial injury he is not liable."), *writ ref'd n.r.e.*; *Potter v. 24 Hour Fitness USA Inc.*, No. 3:12-CV-453-P, 2014 SWL 11633691, at *4 (N.D. Tex. June 6, 2014), *aff'd*, 597 F. App'x 796 (5th Cir. 2015).

13. The Texas Supreme Court has held that individual liability on the part of an employee "only arises when the officer or agent owes an *independent duty* of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) (emphasis added). Additionally, the Texas Supreme Court has held that, in a premises liability case, individual employees are not liable for negligence when they do not breach any separate duty to the plaintiff. *Tri. v. J.T.T.*, 162 S.W.3d 552 (Tex. 2005). These holdings have also been applied to the removal of premises liability cases to federal district court. *See e.g., Gonzalez v. Wal-Mart Stores*, 2010 WL 1417748 (W.D. Tex. March 31, 2010); *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 131 (Tex. 2018); *Palmer v. Wal-Mart Stores, Inc.*, 65 F. Supp. 2d 564 (S.D. Tex. 1999); and *Koger v. Wal-Mart Stores Texas, LLC*, No. 1:09-CV-125-C, 2009 WL 10703186 (N.D. Tex. Sept. 22, 2009. In *Gonzalez*, the plaintiff sued a retailer and its manager in state court, alleging a premises liability

claim. The retailer removed, arguing that the manager was improperly joined, and the plaintiff filed a motion to remand. The Court held that the manager, as a Wal-Mart employee, did not owe a customer, such as the plaintiff, a duty of reasonable care independent from the duty Wal-Mart owed, and denied the motion to remand. *Id*. at *2. In *Palmer*, plaintiff asserted claims against the store manager of a Sam's Club, but there were no allegations that the manager owed any ***independent*** duty of reasonable care, apart from that which his employer owed any store patron. *Id*. There were no allegations that the store manager committed any intentional torts or the like against the plaintiff. *Id*. On the contrary, the plaintiff merely claimed that the store manager was negligent in allowing a premises defect to exist in the Sam's Club store. Hence, the Court held that "Plaintiff simply alleges that [the store manager] is liable for some action plainly committed **within the course and scope of his employment** as a Sam's Club manager. In light of the controlling *Leitch* precedent, the joinder of Mr. Ainsworth for purposes of defeating diversity jurisdiction borders on being sanctionable." *Id*. at 567 (emphasis added).

14. Similarly, in *Koger v. Wal-Mart Stores Texas, LLC*, the plaintiff sued the store manager of Wal-Mart. No. 1:09-CV-125-C, 2009 WL 10703186 (N.D. Tex. Sept. 22, 2009). The question was whether the store manager might reasonably have owed plaintiff a duty of care independent from Wal-Mart's. *Id*. In holding that the store manager was improperly joined, the Court stated that "if Shoemate were not the store manager, he would not have owed Koger any duty of care to warn of or correct hazards on Wal-Mart's premises. Accordingly, the duty was solely Wal-Mart's, and any breaches by its employees only constitute breaches by Wal-Mart acting through its agents." *Id*. at *1. S*ee also McKinney v. Home Depot U.S.A., Inc.*, 2006 WL 2947324 (N.D. Tex. Oct. 13, 2006).

15. Ochoa has sworn via affidavit that he was as assistant store manager at the time and place of Plaintiff's alleged injury. **Exhibit E**. Furthermore, Ochoa has sworn via affidavit that he was not

involved in the determination of training or policies with regard to how the products were stocked which allegedly led to Plaintiff's injuries. *Id*. Lastly, Ochoa has sworn via affidavit that he was not the employee who placed any said fire extinguisher which allegedly struck Plaintiff. *Id*. Moreover, Plaintiff has explicitly alleged that Ochoa was working in the course and scope of his employment in committing the acts/omissions upon which the negligence claims against him are based, and Home Depot does not dispute that Ochoa was working in the course and scope of his employment at any relevant time. There is no basis in law to support an omission-based theory of negligence.

    *ii. There is No Colorable Claim in a Commission Based Theory of Negligence.*

16. Likewise, there is no duty based on Plaintiff's commission-based theory of negligence, specifically "requiring Plaintiff to move outside and wait for emergency medical care." *See* **Exhibit B-2**, ¶ 19. The assertion, if true, is not based on an existent duty or rationale. Plaintiff does not allege Ochoa caused the box to fall on Plaintiff nor that Ochoa caused Plaintiff to fall to the ground. Further, Ochoa has sworn via affidavit that he does not determine the method at which the product that allegedly stuck Plaintiff was placed. **Exhibit E**. Instead, this theory of liability towards Ochoa is one of ordinary negligence separate and apart from the box falling on him.

17. As a claim of negligence, Plaintiff must establish a duty of care existed. However, Texas courts routinely impose no duty to "become [a] good Samaritan" unless a person undertakes to provide services to another, either gratuitously or for compensation. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837-38 (Tex. 2000). Ironically, the basis of Plaintiff's allegations against Ochoa is that he did nothing to assist Plaintiff. As such, there has been no undertaking to establish a duty of care for Ochoa. *Id*. Further, there is no basis in law or logic that telling another individual in which no special relationship exists to wait outside is the breach of any cognizable duty of care.

18. Ochoa cannot be individually liable to Plaintiff based upon a negligence theory, and there is

no reasonable basis for this Court to predict that Plaintiff might be able to recover against Ochoa. In sum, Ochoa is an improperly joined party to this case.

19. Because removal is premised on improper joinder, the individual defendant need not consent to removal, and his citizenship is disregarded when determining diversity jurisdiction.

20. Under 28 U.S.C. § 1446(a), venue of the removed action is proper in this Court as it is the district and division embracing the place where the State Court Action is pending.

21. Pursuant to 28 U.S.C. § 1446(d), Home Depot will promptly give written notice of the filing of this notice of removal to Plaintiff and will further file a copy of this Notice of Removal with the District Clerk of Hidalgo County, Texas, where the action was previously pending.

22. **<u>Jury Demand</u>** – Home Depot hereby requests trial by jury on all issues and claims in this action.

WHEREFORE, **HOME DEPOT U.S.A., INC.** *Improperly named Home Depot U.S.A., Inc. dba Home Depo* hereby removes the case pending in the 476th Judicial District Court of Hidalgo County, Texas entitled Cause No. C-0490-25-M; *Juan Luis Webber v. Home Depot U.S.A., Inc. dba Home Depot and Herman Roque Ochoa*, and respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court including, but not limited to, issuing any orders necessary to stay proceedings in the State Court Action.

        Respectfully submitted,

        **BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:    */s/ Karen M. Alvarado*
        Karen M. Alvarado
        Attorney-in-Charge
        State Bar No. 11067050
        Federal ID No. 10880
        10333 Richmond, Suite 900
        Houston, Texas 77042
        (713) 337-0750 - Telephone
        (713) 337-0760 – Facsimile
        *Service in the above matter will be considered invalid unless served on*
        service-alvarado@brothers-law.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document was served upon the following counsel of record in compliance with Rule 5 of the Federal Rules of Civil Procedure on this the 30th day of January, 2026, as follows:

| | |
|---|---|
| Raymond L. Thomas | Ezequiel Reyna, Jr. |
| Olegario Garcia | **LAW OFFICES OF** |
| **RAY THOMAS, PC** | **EZEQUIEL REYNA, JR., P.C.** |
| 4900-B North 10th Street | 702 W. Expressway 83, Suite 100 |
| McAllen, Texas 78504 | Weslaco, Texas 78596 |

        **BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:    */s/ Karen M. Alvarado*
        Karen M. Alvarado