**Civil Action No. 7:26-cv-00051**

# Exhibit "B"

# REGISTER OF ACTIONS
## CASE NO. C-0490-25-M

| | | |
|---|---|---|
| Juan Luis Webber VS. Home Depot USA, Inc. dba Home Depot, Herman Roque Ochoa | §<br>§<br>§<br>§<br>§ | Case Type: **Injury or Damage - Other (OCA)**<br>Date Filed: **01/30/2025**<br>Location: **476th District Court** |

### PARTY INFORMATION

| | | | Attorneys |
|---|---|---|---|
| **Defendant** | **Home Depot USA, Inc. dba Home Depot** | | **KAREN M. ALVARADO**<br>*Retained*<br>713-337-0750(W) |
| **Defendant** | **Ochoa, Herman Roque** | | **KAREN M. ALVARADO**<br>*Retained*<br>713-337-0750(W) |
| **Plaintiff** | **Webber, Juan Luis** | | **RAYMOND L. THOMAS**<br>*Retained*<br>956-632-5033(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 01/30/2025 | Original Petition (OCA) | | |
| 01/31/2025 | Citation | | |
| | Home Depot USA, Inc. dba Home Depot | Served<br>Returned | 02/05/2025<br>02/12/2025 |
| | Ochoa, Herman Roque | Served<br>Returned | 02/03/2025<br>02/04/2025 |
| 01/31/2025 | Citation Issued | | |
| 03/03/2025 | Defendant's Original Answer | | |
| | *THE SPECIAL EXCEPTIONS* | | |
| 03/03/2025 | Motion for Docket Control Conference, Filed | | |
| 03/03/2025 | Proposed Order | | |
| | *ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE* | | |
| 03/04/2025 | Sent to Workflow Queue | | |
| | *ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE* | | |
| 03/04/2025 | Order Setting DCC, Signed | | |
| | *TELEPHONIC* | | |
| 03/04/2025 | Notice Sent | | |
| | *ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE* | | |
| 03/05/2025 | Notice of Filing, Filed | | |
| | *DEFENDANTS NOTICE OF REMOVAL* | | |
| 05/14/2025 | Docket Control Conference Hearing/Telephonic  (2:00 PM) (Judicial Officer Lopez-Singleterry, Nereida) | | |
| | *05/14/2025 Reset by Court to 05/14/2025* | | |
| 07/21/2025 | Motion for Docket Control Conference, Filed | | |
| | *TELEPHONIC* | | |
| 07/21/2025 | Order Setting Hearing | | |
| | *FOR TELEPHONIC DOCKET CONTROL CONFERENCE* | | |
| 07/21/2025 | Sent to Workflow Queue | | |
| | *ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE* | | |
| 07/22/2025 | Order Setting DCC, Signed | | |
| | *TELEPHONIC* | | |
| 07/23/2025 | Notice Sent | | |
| | *ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE* | | |
| 08/25/2025 | Proposed Order | | |
| | *ORDER RESETTING TELEPHONIC DOCKET CONTROL CONFERENCE* | | |
| 08/26/2025 | Docket Control Conference Hearing/Telephonic  (2:00 PM) (Judicial Officer Lopez-Singleterry, Nereida) | | |
| | Result: Passed | | |
| 08/26/2025 | Sent to Workflow Queue | | |
| | *ORDER RESETTING TELEPHONIC DOCKET CONTROL CONFERENCE* | | |
| 08/26/2025 | Court Entries | | |
| | *DCC PASSED; DCC RESET 9.2.25 @ 2 PM* | | |
| 08/27/2025 | Order Resetting Hearing Date, Signed | | |
| | *TELEPHONIC DOCKET CONTROL CONFERENCE* | | |
| 08/28/2025 | Notice Sent | | |
| | *ORDER RESETTING TELEPHONIC DOCKET CONTROL CONFERENCE* | | |
| 09/02/2025 | Docket Control Conference Hearing/Telephonic  (2:00 PM) (Judicial Officer Lopez-Singleterry, Nereida) | | |
| | Result: Held | | |
| 09/02/2025 | Docket Control Conference | | |
| | *ALL PARTIES ON THE LINE FOR DCC; PLT LEONEL GARZA FOR ATTY RAY THOMAS; DEFT LUCIA FOR ATTY KAREN ALVARADO ;*<br>*AGREED TO SET CASE FOR FINAL PT 04/30/26@ 9:30 A.M. VIA ZOOM; JURY SELECTION 5/15/2026@ 9 A.M.; JURY TRIAL 5/18/2026 @ 9* | | |

| | | |
|---|---|---|
| | *AM; MEDIATION IS MANDATORY 30 DAYS BEFORE TRIAL; INTERPRETER MUST BE HIRED IF NEEDED; DCO TO BE FILED W/2 WEEKS;* | |
| 11/12/2025 | **Proposed Order** | |
| | *AGREED DOCKET CONTROL ORDER* | |
| 11/13/2025 | **Proposed Order** | |
| | *CONFIDENTIALITY AND PROTECTIVE ORDER* | |
| 11/14/2025 | **Sent to Workflow Queue** | |
| | *AGREED DOCKET CONTROL ORDER* | |
| 11/14/2025 | **Sent to Workflow Queue** | |
| | *CONFIDENTIALITY AND PROTECTIVE ORDER* | |
| 11/20/2025 | **Docket Control Order, Signed** | |
| | *AGREED* | |
| 11/20/2025 | **Notice Sent** | |
| | *AGREED DOCKET CONTROL ORDER* | |
| 12/08/2025 | **Protective Order Signed - Civil** | |
| 12/08/2025 | **Notice Sent** | |
| | *CONFIDENTIALITY AND PROTECTIVE ORDER* | |
| 01/16/2026 | **Designation of Experts** | |
| | *AND SUPPLEMENTATION OF RULE 194.2(F) DISCLOSURES* | |
| 01/16/2026 | **Notice of Filing of Medical Records** | |
| | *AND MEDICAL BILLING AFFIDAVITS* | |
| 04/30/2026 | **Final Pre-Trial Hearing**  (9:00 AM) (Judicial Officer Lopez-Singleterry, Nereida) | |
| | *JURY SELECTION 5.15.26; JURY TRIAL 5.18.26* | |
| 05/15/2026 | **Jury Selection**  (9:00 AM) (Judicial Officer Lopez-Singleterry, Nereida) | |
| 05/18/2026 | **Jury Trial**  (9:00 AM) (Judicial Officer Lopez-Singleterry, Nereida) | |

---

## FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** Home Depot USA, Inc. dba Home Depot | | | |
| | Total Financial Assessment | | | 10.00 |
| | Total Payments and Credits | | | 10.00 |
| | **Balance Due as of 01/30/2026** | | | **0.00** |
| 03/04/2025 | Transaction Assessment | | | 10.00 |
| 03/04/2025 | EFile Payments from TexFile | Receipt # DC-2025-003520 | Home Depot USA, Inc. dba Home Depot | (10.00) |

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Webber, Juan Luis | | | |
| | Total Financial Assessment | | | 376.00 |
| | Total Payments and Credits | | | 376.00 |
| | **Balance Due as of 01/30/2026** | | | **0.00** |
| 01/30/2025 | Transaction Assessment | | | 376.00 |
| 01/30/2025 | EFile Payments from TexFile | Receipt # DC-2025-001611 | Webber, Juan Luis | (239.00) |
| 01/30/2025 | State Credit | | | (137.00) |

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0490-25-M**

CAUSE NO. _____

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT USA, INC. dba HOME | § | |
| DEPO and HERMAN ROQUE OCHOA | § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

---

## PLAINTIFF'S ORIGINAL PETITION

---

Plaintiff JUAN LUIS WEBBER files this Original Petition complaining of Defendants HOME DEPOT USA, INC. dba HOME DEPOT and HERMAN ROQUE OCHOA and would show the Court the following:

### I.
### DISCOVERY LEVEL

1. Plaintiff intends that discovery be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

### II.
### STATEMENT OF MONETARY RELIEF

2. In accordance with Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary damages over $1,000,000.00.

### III.
### PARTIES

3. Plaintiff Juan Luis Webber is an individual residing in San Juan, Hidalgo County, Texas.

4. Defendant Home Depot USA, Inc. dba Home Depot ("Home Depot") is a corporation having its principal office in Atlanta, Georgia. This Defendant may be served with process by serving its registered agent, Corporation Service Company dba CSC-Lawyers Incorporating Service Company, at its registered address, 211 W. 7th Street, Suite 620, Austin, Texas 78701-3218, or wherever it may be found.

**C-0490-25-M**

5.      Defendant Herman Roque Ochoa ("Ochoa") is an individual residing in McAllen, Hidalgo County, Texas. This Defendant may be served with process by serving him at his residence at 2331 N. 36th Lane, McAllen, Texas 78501, or wherever he may be found.

## IV.
## JURISDICTION AND VENUE

6.      Venue is proper in Hidalgo County, Texas because all or a substantial part of the events, acts or omissions giving rise to Plaintiff's claims occurred in Hidalgo County, Texas and because at least one defendant – Defendant Ochoa – resides in Hidalgo, County, Texas.

7.      This Court has jurisdiction over the parties and the subject matter of this lawsuit based on the facts alleged herein, and because the damages exceed the minimum jurisdictional limits of the Court.

## V.
## FACTUAL BACKGROUND

8.      On or about January 9, 2024, at approximately 12:02 p.m., Plaintiff and his spouse were invitees on the premises owned, operated, and/or maintained by Defendant Home Depot. The store visited by Plaintiff and his wife is located at 409 N. Jackson Road, Pharr, Hidalgo County, Texas 78501 ("Home Depot #506).

9.      On the day of the incident, Plaintiff and his wife were shopping for fire alarms at Home Depot #506. Plaintiff asked an employee of Home Depot #506 where to find the fire alarms and then proceeded to the aisle and area where the employee said the fire alarms could be found.

10.     Plaintiff was standing next to his wife as she was browsing through the shelves of fire alarms. Suddenly, unexpectedly, and without any warning whatsoever, a large heavy box fell on Plaintiff from an unsecured upper-level shelf, striking Plaintiff's head, neck and shoulder causing him to fall and hit the hard floor, causing him serious injury.

11.     Home Depot #506 is laid out similar to a warehouse with sky shelving (extra tall shelving) used by some box stores to maximize storage and make the sales floor look full. However, use of sky shelving increases the risk of harm from falling merchandise. Defendants are well aware of the danger posed by falling merchandise. Retail industry

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0490-25-M**

standards and Home Depot policies require merchandise to be secured, particularly on higher shelves. Defendant Home Depot owed Plaintiff a duty of care to provide invitees like Plaintiff with a safe environment and to secure merchandise from falling. Here, Defendant breached its duty of care to Plaintiff.

12.     At a minimum, Defendant failed to restrain merchandise with safety devices such as retainer bars, rails, banding, shrink-wrap, fencing, wire or similar restraints; failed to limit the height of stacked merchandise; failed to provide adequate safety training to its employees; and failed to enforce its own safety policies. In addition, some force is likely to have caused the large box to fall from the shelf onto Plaintiff's head, neck and body. The likely source of the force is another employee re-stocking in an unsafe manner or use of heavy equipment, such as a forklift to move merchandise on the other side of the aisle.

13.     Defendant Home Depot is acutely aware of the extreme risk of harm. Every year, hundreds of people are injured from falling merchandise in their stores. Defendant Home Depot was aware or should have been aware of the unreasonably dangerous condition that caused injury to Plaintiff, yet made no efforts to reduce or eliminate the unreasonably dangerous condition. Nor did Defendant Home Depot warn Plaintiff about the dangerous condition.

14.     The heavy falling box struck Plaintiff, causing him to fall to the ground. Defendant Ochoa, believed to be a supervisory level employee at Home Depot #506, was on scene and saw Plaintiff lying on the ground and in agony. Plaintiff and his wife pleaded for help, but Defendant Ochoa failed and refused to offer any help whatsoever. As a supervisor and/or employee of Home Depot #506, Defendant Ochoa owed Plaintiff a duty of care to render aid for the injuries sustained by Plaintiff in the store. That duty of care includes but is not limited to calling 911 or calling for emergency medical services and providing first aid and comfort. Defendant Ochoa failed to do any of these things. Instead, Defendant Ochoa refused to contact 911 or call for emergency medical services even though he was begged to do so. Plaintiff and his wife were unable to call because cellular service was not accessible to them inside Home Depot #506. Defendant Ochoa required Plaintiff to move and wait outside for emergency care. As a result of Defendant Ochoa's callous inattention and failure to render aid, precious time was lost. The movement of Plaintiff from the place of injury to outside on

Case 7:26-cv-00051    Document 1-2    Filed 01/30/26 in TXSD    Page 7 of 129

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0490-25-M

the curb where he was told to wait in all reasonable probability had the effect of aggravating Plaintiff's injuries. At a very minimum, Defendant Ochoa's refusal to call for emergency medical services, his refusal to provide any first aid or comfort, and his instruction for Plaintiff to move and wait outdoors for first responders caused Plaintiff more pain and suffering and more mental torment than he would have otherwise experienced had Defendant Ochoa not breached his duty of care.

15.    As a direct and proximate result of the impact from the large heavy falling box and the aggravation of injuries and increase in pain, suffering and torment caused by Defendant Ochoa's refusal to render aid, Plaintiff suffered severe and permanent personal injuries and damages.

## VI.
## PREMISES LIABILITY

16.    Defendant Home Depot owed a duty to Plaintiff to exercise reasonable care in the activities Defendant Home Depot was engaged in on Defendant Home Depot's premises. Plaintiff was an invitee, as defined by Texas law. Defendant Home Depot was the possessor of the premises where Plaintiff was injured. Plaintiff was injured due to an unreasonably dangerous condition of the premises. Defendant Home Depot breached its duty of ordinary care to Plaintiff by:

    a) creating a dangerous condition with regard to falling merchandise;
    b) maintaining a dangerous condition with regard to falling merchandise;
    c) failing to adequately warn Plaintiff of the dangerous condition;
    d) failing to make the premises reasonably safe; and
    e) breaching Defendant's duty to use ordinary care to make safe or warn about any concealed, unreasonably dangerous premises condition that Defendants were not aware of, or reasonably should have been aware of, and the Plaintiff was not.

17.    Each of the above-mentioned acts or omissions by Defendant Home Depot were a proximate cause of Plaintiff's injuries and damages.

## VII.
## NEGLIGENCE OF DEFENDANT HOME DEPOT

18.    The impact of the heavy falling box and resulting injuries and damages to Plaintiff were proximately caused by the negligent acts and omissions of Defendant Home

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0490-25-M**

Depot, including but not limited to:

a)  Failing to properly secure merchandise;

b)  Failing to provide proper training to Home Depot's employees with regard to securing merchandise;

c)  Failing to provide proper training on attending to invitees who become injured on the premises;

d)  Failing to close off areas where work is being performed;

e)  Failing to provide proper supervision for those restocking merchandise;

f)  Failing to keep the premises reasonably safe for customers, including Plaintiff;

g)  Failing to regularly and reasonably inspect the premises for unreasonably dangerous conditions;

h)  Failing to properly train Home Depot employees to inspect, spot, mitigate and warn of unreasonably dangerous conditions, especially with regard to falling merchandise;

i)  Failing to establish, maintain and enforce safety policies and procedures to secure merchandise;

j)  Failing to warn Plaintiff of the unreasonably dangerous conditions of which Defendant Home Depot had actual or constructive knowledge; and

k)  Permitting a dangerous condition, of which Defendant Home Depot knew or should have reasonably known to exist for an unreasonable period of time.

**VIII.**
**<u>NEGLIGENCE OF DEFENDANT OCHOA</u>**

19.     As an employee of Defendant Home Depot #506, particularly of a supervisory level, Defendant Ochoa owed a duty of care to render aid to Plaintiff who was injured while shopping at the store. Defendant Ochoa breached his duty of care by failing and refusing to call 911 or for emergency medical services, by failing and refusing to provide first aid or comfort to Plaintiff, by requiring Plaintiff to move outside to wait for emergency medical care. Defendant Ochoa's failure and refusal to render aid to Plaintiff and his instruction for

B-2

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0490-25-M**

Plaintiff to be moved outside to wait for emergency medical services caused harm to Plaintiff, including more pain and suffering and more mental torment than what would have otherwise been experienced had Defendant Ochoa timely rendered aid. Defendant Ochoa's conduct in all reasonable probability aggravated Plaintiff's injuries. Therefore, Defendant Ochoa's acts and omissions were a proximate cause of Plaintiff's injuries and damages for which he is personally liable.

20.     At the time of the incident, Defendant Ochoa was the agent, representative, servant, employee, or statutory employee of Defendant Home Depot, and at all relevant times was acting within the course and scope of his employment. Defendant Home Depot is vicariously liable for the negligent acts and omissions of Defendant Ochoa and for the injuries and damages to Plaintiff.

## IX.
## GROSS NEGLIGENCE OF DEFENDANT HOME DEPOT

21.     Each year, hundreds of people are injured at Home Depots across the country, many of them by falling merchandise. To be sure, the extreme hazard posed by merchandise falling from Home Depot's sky shelving is so well known to Home Depot – and the entire big box retailer industry – that extensive literature, videos, training materials, policies, procedures, even OSHA regulations have been promulgated to address and mitigate this grave risk of injury and death. In light of Home Depot's long and extensive history of claims and adverse jury verdicts arising from injuries due to falling merchandise and the vast safety information and remedies available to mitigate the known risk, Defendant Home Depot's acts and omissions that led to Plaintiff's injury constitute gross negligence. Defendant Home Depot's acts and omissions, when viewed objectively from the standpoint of Defendant at the time of the occurrence, involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others, of which Defendant Home Depot had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, including Plaintiff. As a result, Plaintiff seeks exemplary damages.

B-2

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0490-25-M**

## X.
## DAMAGES

22.     Plaintiff suffered severe and permanent personal injuries as a proximate result of Defendants' acts and omissions. Plaintiff seeks to recover all actual and special damages recoverable by law, including past and future:

a)    medical expenses;
b)    physical pain and suffering;
c)    mental anguish;
d)    disfigurement;
e)    physical impairment;
g)    loss of consortium;
h)    loss of wages/income; and
i)    loss of earning capacity.

23.     Should it be shown that Plaintiff was suffering from any pre-existing injuries, disease or conditions at the time of the collision, Plaintiff would show that the same were aggravated or exacerbated by the trauma caused by Defendants' negligence.

## XI.
## CONDITIONS PRECEDENT/CAPACITIES

24.     All conditions precedent to recovery have been performed or have occurred. Plaintiff brings these claims in all capacities in which he is able to recover and in all capacities against Defendants in which they may be liable.

## XII.
## JURY DEMAND

25.     Plaintiff invokes his constitutional right to trial by jury and demands a jury trial.

## PRAYER

Plaintiff Juan Luis Webber prays that Defendants be cited to appear and answer, and after trial on the merits, Plaintiff recovers judgment against Defendants, jointly and severally, for his actual and special damages. Plaintiff also prays for exemplary damages (against Defendant Home Depot only), pre-judgment and post-judgment interest at the highest legal rate, court costs, and general relief.

B-2

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0490-25-M**

Respectfully submitted,

By: _____

Raymond L. Thomas
State Bar No. 19865350
rthomas@raythomaspc.com
Olegario Garcia
State Bar No. 24069759
ogarcia@raythomaspc.com
**RAY THOMAS, PC**
4900-B North 10th Street
McAllen, Texas 78504
(956) 632-5033
(956) 540-5631 (Fax)

and

Ezequiel Reyna, Jr.
State Bar No. 16794798
lsmiguel@zreynalaw.com
dolivarez@zreynalaw.com
alejan23@zreynalaw.com
balaniz3@zreynalaw.com
**LAW OFFICES OF
EZEQUIEL REYNA, JR., P.C.**
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone
(956) 969-0492 (Fax)

**ATTORNEYS FOR PLAINTIFF**

**C-0490-25-M**
**476TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**
**THE STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**HOME DEPOT USA, INC. DBA HOME DEPOT**
**REGISTERED AGENT: CORPORATION SERVICE COMPANY**
**DBA CSC – LAWYERS INCORPORATING SERVICE COMPANY**
**211 W 7TH STREET SUITE 620**
**AUSTIN TX  78701-3218**
**OR WHEREVER IT MAY BE FOUND**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Nereida Lopez-Singleterry, 476th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 30th day of January, 2025 and a copy of same accompanies this citation. The file number and style of said suit being C-0490-25-M, **JUAN LUIS WEBBER  VS.  HOME DEPOT USA, INC. DBA HOME DEPOT, HERMAN ROQUE OCHOA**

Said Petition was filed in said court by Attorney RAYMOND L. THOMAS, 4900 N 10TH ST SUITE B, MCALLEN TX  78504.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 31st day of January, 2025.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____

**CECILIA PENA, DEPUTY CLERK**

B-3

**C-0490-25-M**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 202____ at _____ o'clock _____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
            miles ....................$_____

_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

**C-0490-25-M**
**476TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**
**THE STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**HERMAN ROQUE OCHOA**
**2331 N 36TH LANE**
**MCALLEN TX  78501**
**OR WHEREVER HE MAY BE FOUND**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Nereida Lopez-Singleterry, 476th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 30th day of January, 2025 and a copy of same accompanies this citation. The file number and style of said suit being C-0490-25-M, **JUAN LUIS WEBBER VS.  HOME DEPOT USA, INC. DBA HOME DEPOT, HERMAN ROQUE OCHOA**

Said Petition was filed in said court by Attorney RAYMOND L. THOMAS, 4900 N 10TH ST SUITE B MCALLEN TX  78504.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 31st day of January, 2025.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**CECILIA PENA, DEPUTY CLERK**

**C-0490-25-M**
**OFFICER'S RETURN**

Came to hand on \_\_\_\_\_ of _____, 202\_\_\_ at \_\_\_\_\_ o'clock \_\_\_\_.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ...................$_____

_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the \_\_\_\_\_ day of _____, 202\_\_\_.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

Electronically Filed
1/31/2025 8:32 AM
Hidalgo County District Clerks
Reviewed By: Cecilia Pena



# LAURA HINOJOSA
## HIDALGO COUNTY DISTRICT CLERK

Greetings:

Attached you will find the service requested.

May this serve to inform you that service has been issued.  Please proceed in attaching any file stamped documents and attachments that need to be served on your issued service.

Please note, the link you are about to open is a "live link" notification.  Please ensure you are printing the service, which includes our clerk's signature and the State Seal.  If you are opening a document without the official certification (signature and seal), please close the window until the document is processed accordingly. This may take a few minutes.

*When serving protective orders, please DO NOT serve the TCIC form to the respondent.

We appreciate the opportunity to assist you. Please contact our office if you have any questions or require additional information.


Sincerely,

*Laura Hinojosa*
Hidalgo County District Clerk


Post Office Box 87 Edinburg, Texas 78540  Telephone 956-318-2200  Facsimile 956-318-2251 districtclerk@co.hidalgo.tx.us

| Nilda Palacios | Ricardo Contreras | Adriana "Audry" Garcia | Sabrina S. Guerra | Stephanie Palacios | Priscilla Rivas |
| CHIEF DEPUTY | CHIEF OF ADMINISTRATION & PUBLIC INFORMATION | ASSISTANT CHIEF DEPUTY | SENIOR ACCOUNTANT | BUDGET AND PROCUREMENT OFFICER | DIVISION MANAGER |

B-5

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 96825582
Filing Code Description: Service Issued
Filing Description:
Status as of 1/31/2025 8:34 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 1/31/2025 8:32:39 AM | SENT |

Electronically Filed
2/4/2025 9:11 AM
Hidalgo County District Clerks
Reviewed By: Cristina Garza

## CAUSE NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | 476Th JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT USA, INC. DBA HOME DEPO AND | § | |
| HERMAN ROQUE OCHOA | § | |
| Defendant. | § | HIDALGO COUNTY, TEXAS |

### AFFIDAVIT OF SERVICE

"The following came to hand on **Jan 31, 2025, 11:13 am**,

### CITATION AND PLAINTIFF'S ORIGINAL PETITION,

and was executed at **2331 N. 36th Lane McAllen, Texas 78501**  within the county of **Hidago** at **4:44 pm**  on **February 03, 2025**, by delivering a true copy to the within named

### HERMAN ROQUE OCHOA

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **Norma Orozco**, my date of birth is **06/01/1973**, and my address is **15914 E Mile 19 Rd, Edinburg, TX 78542**, and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Hidalgo** County, State of **TX**, on **February 03, 2025**.

_____
**Norma Orozco**
Certification Number: PCS-16209
Certification Expiration: 01-31-2027

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 96943963
Filing Code Description: Notice
Filing Description: Return of Service of Herman Roque Ochoa
Status as of 2/4/2025 11:19 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 2/4/2025 9:11:14 AM | SENT |

Electronically Filed
2/12/2025 12:02 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

C-0490-25-M
**476TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**
**THE STATE OF TEXAS**

    **NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**HOME DEPOT USA, INC. DBA HOME DEPOT**
**REGISTERED AGENT: CORPORATION SERVICE COMPANY**
**DBA CSC – LAWYERS INCORPORATING SERVICE COMPANY**
**211 W 7TH STREET SUITE 620**
**AUSTIN TX 78701-3218**
**OR WHEREVER IT MAY BE FOUND**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Nereida Lopez-Singleterry, 476th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 30th day of January, 2025 and a copy of same accompanies this citation. The file number and style of said suit being C-0490-25-M, **JUAN LUIS WEBBER VS. HOME DEPOT USA, INC. DBA HOME DEPOT, HERMAN ROQUE OCHOA**

Said Petition was filed in said court by Attorney RAYMOND L. THOMAS, 4900 N 10TH ST SUITE B, MCALLEN TX 78504.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 31st day of January, 2025.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

CTH: 2/4/25
at 4:15 PM

CEC_L_ A PENA, **DEPUTY CLERK**

B-7

Electronically Filed
2/12/2025 12:02 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

IN THE 476TH JUDICIAL DISTRICT
**HIDALGO COUNTY, TEXAS**

CAUSE NO: C-0490-25-M

JUAN LUIS WEBBER
VS
HOME DEPOT USA INC., ET AL

# RETURN

Came to my hand:    2/4/2025    , at    04:15    o'clock   P.M.   , the following
specified documents:

- **Citation**
- **Plaintiff's Original Petition**
- **Jury Demand**

and executed by me on:   2/5/2025   , at   3:22   o'clock   PM   , at

211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701, within the county of TRAVIS, by
delivering to HOME DEPOT USA, INC., dba HOME DEPOT, by delivering to its
registered agent, CORPORATION SERVICE COMPANY dba CSC-LAWYERS
INCORPORATING SERVICE COMPANY, by delivering to KANEISHA GROSS   ,
employee/managing agent, in person, a true copy of the above specified documents
having first endorsed on such copy the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I
declare under penalty of perjury that the foregoing is true and correct.

Authorized Person: KELLY MURSKI; PSC# 5912
Expiration Date: 10/31/2026

STATE OF TEXAS    }

VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known
to me to be the person whose name is subscribed to the foregoing document and, being by me first duly
sworn, declared that the statements and facts therein contained are within his/her personal knowledge
and experience to be true and correct.  Given under my hand and seal of office on this the 5th day of
_____Feb_____, 2025 .

Notary Public

DANA L. McMICHAEL
ID 04736976
My Commission Expires
April 23, 2028

B-7

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 97289276
Filing Code Description: Citation Returned Served
Filing Description:
Status as of 2/18/2025 11:56 AM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Olegario Garcia | | ogarcia@raythomaspc.com | 2/12/2025 12:02:26 PM | SENT |
| Raymond L.Thomas | | rthomas@raythomaspc.com | 2/12/2025 12:02:26 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 2/12/2025 12:02:26 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 2/12/2025 12:02:26 PM | SENT |

Electronically Filed
3/3/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

<div align="center">NO. C-0490-25-M</div>

| | | |
|---|---|---|
| **JUAN LUIS WEBBER** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **VS.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **HOME DEPOT U.S.A., INC. dba HOME** | § | |
| **DEPO and HERMAN ROQUE OCHOA** | § | **476TH JUDICIAL DISTRICT** |

<div align="center"><u>THE SPECIAL EXCEPTIONS AND ORIGINAL ANSWER OF DEFENDANTS</u></div>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **HOME DEPOT U.S.A., INC.** *Improperly named Home Depot U.S.A., Inc. dba Home Depo* and **HERMAN ROQUE OCHOA**, ("Defendants"), Defendants in the above-entitled and numbered cause, and for their Special Exceptions and Original Answer to Plaintiff's Original Petition would respectfully show unto the Court as follows:

<div align="center"><u>SPECIAL EXCEPTIONS</u></div>

1.    **Fair Notice**.    Defendants specially except the Petition for failing to provide a statement in plain and concise language of the Plaintiff's causes of action, and, pursuant to TEX. R. CIV. P. 45, request that Plaintiff be required to replead sufficiently to enable Defendants to prepare a defense.

2.    **Damages.**    Defendants specially except to the "damages" paragraphs of the Petition wherein Plaintiff seeks recovery for unspecified past and future medical expenses and lost earnings and loss of earning capacity, and, pursuant to TEX. R. CIV. P. 56, request that Plaintiff be required to itemize all special damages for which Plaintiff seeks recovery.    Of which special exception, Defendants pray judgment of the Court.

3.    **Relief**.    Defendants further specially except to the prayer for relief of the Petition wherein it is alleged that Plaintiff seeks recovery for all other and further relief to which Plaintiff

<div align="center">1.</div>

Electronically Filed
3/3/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

may be entitled.   Defendants are entitled to know the specific types of relief to which the Plaintiff may be entitled at law or in equity; accordingly, this global claim for relief should be stricken or, in the alternative, Plaintiff should be required to re-plead to specifically identify each type of damage for which Plaintiff seeks recovery.  Of which special exception, Defendants pray judgment of the Court.

## ORIGINAL ANSWER

Defendants in the above-entitled and numbered cause, file this Answer to the Plaintiff's pleadings on file herein, and would respectfully show unto the Court as follows:

1.      **General Denial**.  Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants deny each and every, all and singular, the material allegations contained in Plaintiff's pleadings filed herein, and demand strict proof thereof, as required by the laws of this State of persons or entities who bring suit as the Plaintiff does in the instant case.

2.      **Medical/Health Care Expense Limitations**.  Defendants further allege, by way of affirmative defense, and without waiver of the foregoing that under the Tex. Civ. Prac. & Rem. Code §41.0105, in addition to any other limitation under law, Plaintiff is limited to recovery of medical or health care expense, if any, to the amount actually paid or incurred by or on behalf of Plaintiff.

3.      **Certain Health Care Service Claims Barred**.  Defendants further allege by way of affirmative defense, and without waiver of the foregoing, and to the extent that Plaintiff was insured and entitled to health insurance benefits at any time relevant to this suit but chose, instead, to seek care outside of Plaintiff's approved provider network and/or possibly personally incur health care expenses by not timely submitting bills to Plaintiff's health insurer, Plaintiff

Electronically Filed
3/3/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

failed to mitigate Plaintiff's damages, pursuant to Tex. Civ. Prac. & Rem. Code §146.003. Furthermore, to the extent that Plaintiff's health care service provider(s) failed and/or refused to timely and directly bill Plaintiff's insurer and/or health benefit plan for health care services provided to the Plaintiff and/or for health care expenses incurred by the Plaintiff, when required or authorized to do so, then claims by such health care service provider(s) are barred, in whole or in part, and do not constitute medical expenses actually paid or incurred by or on behalf of the Plaintiff. Tex. Civ. Prac. & Rem. Code §146.001, et seq.

4.     **Net Loss After Tax**.  Defendants further allege, by way of affirmative defense, and without waiver of the foregoing that under the Tex. Civ. Prac. & Rem. Code §18.091, in addition to any other limitation under law, Plaintiff's recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or loss of inheritance, if any, is limited to the recovery of the net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

5.     **Settlement Credits/Contribution Rights**.  Defendants deny that Plaintiff is entitled to any recovery.  However, to the extent any recovery is had by Plaintiff, such recoveries must be offset by any amounts received from joint tortfeasors or other Defendants.  In the unlikely event that Defendants are found liable for any portion of Plaintiff's injuries, if any, Defendants are entitled to indemnity and/or contribution from each of the other Defendants and a percentage or pro-rata reduction of its liability to Plaintiff pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code, the doctrine of comparative fault and/or any other applicable law.  Further, Defendants pray for all credit and/or offset rights at law by virtue of any settlement entered into by Plaintiff with any party or non-party in connection with or relating to

3.

Electronically Filed
3/3/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

any matter pertaining to the claims made herein by Plaintiff.

6.     **Tex. Civ. Prac. & Rem. Code**.  Defendants further allege, plead and reserve, without waiver of the foregoing, each and every right entitled it pursuant to the Texas Civil Practice and Remedies Code, Chapters 32 and 33.

7.     **Exemplary Damages**.   Defendants further allege, without waiver of the foregoing, that any recovery of exemplary damages herein is subject to CPRC §41.008, Limitation on Amount of Recovery.  Defendants further allege, without waiver of the foregoing, that any award of exemplary damages violates the due process clause of the Fifth Amendment and Fourteenth Amendment to the United States Constitution, in addition to Article 1, Section 19 of the Texas Constitution, in that:

A.   Such punitive damages are intended to punish and deter Defendants and thus this proceeding becomes essentially criminal in nature;

B.   The Defendants are being compelled to be a witness against itself in a proceeding that is essentially and effectively criminal in nature, in violation of the Defendants' right to due process, and in violation of the Constitutions of the United States and of the State of Texas;

C.   Plaintiff's burden of proof to establish punitive damages in this proceeding, which is effectively criminal in nature, is less than the burden of proof required in all other criminal proceedings, and thus violates Defendants' right to due process as guaranteed by the Fourteenth Amendment of the United States Constitution and the rights of Defendants under Article 1, Section 19 of the Texas Constitution; and

D.   Inasmuch as this proceeding is essentially and effectively criminal in nature, Defendants are being denied the requirements of adequate notice of the elements of the offense, and that such statutory and common law theories purportedly authorizing punitive damages are sufficiently vague and ambiguous, and Plaintiffs Petition purporting to invoke such statutory and/ or common law theory is so vague and ambiguous as to be in violation of the due process clause of the Fourteenth Amendment to the United States Constitution and in violation of Article 1, Section 19 of the Texas Constitution.

4.

Electronically Filed
3/3/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

8.      **Notice of Intent to Use Documents**.  Pursuant to Rules 176.6(c) and 193.7 of the Texas Rules of Civil Procedure, Defendants give notice to all parties that the production of any document in response to written discovery by any party and non-party authenticates said document for use against that party and any other party in any pretrial proceeding or at trial.

9.      **Reservation to Amend**.  Defendants respectfully reserve the right at this time to amend this Original Answer to the Plaintiff's allegations after said Defendants have had the opportunity to more closely investigate these claims as it is the right and privilege of said Defendants under the Rules of Civil Procedure and the laws of the State of Texas.

10.     Jury Demand.  Defendants respectfully request trial by jury.

WHEREFORE, PREMISES CONSIDERED, the above-named Defendants, **HOME DEPOT U.S.A., INC.** *Improperly named Home Depot U.S.A., Inc. dba Home Depo* **and HERMAN ROQUE OCHOA**, having fully answered herein, pray that they go  hence without day for costs, and for such other and further relief, both special and general, at law and in equity, to which said Defendants may be justly entitled.

<center>5.</center>

Electronically Filed
3/3/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

Respectfully submitted,

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:*/s/ Karen M. Alvarado*
      Karen M. Alvarado
      State Bar No. 11067050
      kalvarado@brothers-law.com
      10333 Richmond, Suite 900
      Houston, Texas 77042
      Tel: (713) 337-0750
      Fax: (713) 337-0760
      service-alvarado@brothers-law.com *
*All service pursuant to TRCP 21 on Ms. Alvarado
must be to this email or it will be considered invalid*

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served upon the following counsel of record in compliance with Rule 21a of the Texas Rules of Civil Procedure on this the 3rd day of March, 2025.

| | |
|---|---|
| **VIA E-SERVICE** | **VIA E-SERVICE** |
| Raymond L. Thomas | Ezequiel Reyna, Jr. |
| Olegario Garcia | **LAW OFFICES OF** |
| **RAY THOMAS, PC** | **EZEQUIEL REYNA, JR., P.C.** |
| 4900-B North 10th Street | 702 W. Expressway 83, Suite 100 |
| McAllen, Texas 78504 | Weslaco, Texas 78596 |

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:*/s/ Karen M. Alvarado*
      Karen M. Alvarado

6.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gretchen Heyn on behalf of Karen Alvarado
Bar No. 11067050
gheyn@brothers-law.com
Envelope ID: 97995449
Filing Code Description: Answer
Filing Description: THE SPECIAL EXCEPTIONS AND ORIGINAL ANSWER OF DEFENDANTS
Status as of 3/4/2025 10:15 AM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Olegario Garcia | | ogarcia@raythomaspc.com | 3/3/2025 2:35:20 PM | SENT |
| Raymond L.Thomas | | rthomas@raythomaspc.com | 3/3/2025 2:35:20 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 3/3/2025 2:35:20 PM | SENT |

Associated Case Party: Home Depot USA, Inc. dba Home Depot

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gretchen Heyn | | gheyn@brothers-law.com | 3/3/2025 2:35:20 PM | SENT |
| Karen MAlvarado | | service-alvarado@brothers-law.com | 3/3/2025 2:35:20 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 3/3/2025 2:35:20 PM | SENT |

Electronically Filed
3/3/2025 5:07 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

CAUSE NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | 476TH JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT USA, INC. dba HOME | § | |
| DEPOT and HERMAN ROQUE OCHOA | § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

## MOTION FOR TELEPHONIC DOCKET CONTROL CONFERENCE

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Juan Luis Webber files this Motion for Telephonic Docket Control Conference.

Plaintiff respectfully requests that this matter be set for a Telephonic Docket Control Conference for the purpose of setting this cause for trial.

WHEREFORE, Juan Luis Webber respectfully requests that this matter be set for a Telephonic Docket Control Conference.

Respectfully submitted,

By: _____
Raymond L. Thomas
State Bar No. 19865350
rthomas@raythomaspc.com
Olegario Garcia
State Bar No. 24069759
ogarcia@raythomaspc.com
**RAY THOMAS, PC**
4900-B North 10th Street
McAllen, Texas 78504
(956) 632-5033
(956) 540-5631 (Fax)

and

Ezequiel Reyna, Jr.
State Bar No. 16794798
lsmiguel@zreynalaw.com

Electronically Filed
3/3/2025 5:07 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

dolivarez@zreynalaw.com
alejan23@zreynalaw.com
balaniz3@zreynalaw.com
**LAW OFFICES OF
EZEQUIEL REYNA, JR., P.C.**
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone
(956) 969-0492 (Fax)

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court and served on all counsel on this 3RD day of March, 2025.

Raymond L. Thomas

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 98010623
Filing Code Description: Motion for Docket Control Conference
Filing Description:
Status as of 3/4/2025 10:51 AM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Olegario Garcia | | ogarcia@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Raymond L.Thomas | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |

Associated Case Party: Home Depot USA, Inc. dba Home Depot

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gretchen Heyn | | gheyn@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |
| Karen MAlvarado | | service-alvarado@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |

Electronically Filed
3/3/2025 5:07 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

CAUSE NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| V. | § | 476TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| HOME DEPOT USA, INC. dba HOME | § | |
| DEPOT and HERMAN ROQUE OCHOA | § | |
| Defendants | § | HIDALGO COUNTY, TEXAS |

## ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE

It is ORDERED, that a Telephonic Docket Control Conference is hereby set on _____ day of _____, 2025, at _____o'clock _____.m. in the 476TH Judicial District Court, Hidalgo County, Texas.

SIGNED on this the _____ day of _____, 2025.

_____
PRESIDING JUDGE

cc: Raymond L. Thomas:      rthomas@raythomaspc.com
   Olegario Garcia:      ogarcia@raythomaspc.com
   Linda San Miguel:      lsmiguel@zreynalaw.com
   Desi Olivarez:      dolivarez@zreynalaw.com
   Karen M. Alvarado:      kalvarado@brothers-law.com
                       service-alvarado@brothers-law.com

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 98010623
Filing Code Description: Motion for Docket Control Conference
Filing Description:
Status as of 3/4/2025 10:51 AM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Raymond L.Thomas | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Olegario Garcia | | ogarcia@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |

Associated Case Party: Home Depot USA, Inc. dba Home Depot

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gretchen Heyn | | gheyn@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |
| Karen MAlvarado | | service-alvarado@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |

Electronically Filed
3/3/2025 5:07 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

CAUSE NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| V. | § | 476TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| HOME DEPOT USA, INC. dba HOME | § | |
| DEPOT and HERMAN ROQUE OCHOA | § | |
| Defendants | § | HIDALGO COUNTY, TEXAS |

**ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE**

It is ORDERED, that a Telephonic Docket Control Conference is hereby set on _____ day of _____ MAY 14 _____, 2025, at _____ 2 _____ o'clock ____ p ____.m. in the 476TH Judicial District Court, Hidalgo County, Texas.

SIGNED on this the _____ day of ____ 03/04/2025.

_____
PRESIDING JUDGE

cc: Raymond L. Thomas:      rthomas@raythomaspc.com
    Olegario Garcia:          ogarcia@raythomaspc.com
    Linda San Miguel:         lsmiguel@zreynalaw.com
    Desi Olivarez:            dolivarez@zreynalaw.com
    Karen M. Alvarado         kalvarado@brothers-law.com
                              service-alvarado@brothers-law.com

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 98010623
Filing Code Description: Motion for Docket Control Conference
Filing Description:
Status as of 3/4/2025 10:51 AM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Raymond L.Thomas | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Olegario Garcia | | ogarcia@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |

Associated Case Party: Home Depot USA, Inc. dba Home Depot

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gretchen Heyn | | gheyn@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |
| Karen MAlvarado | | service-alvarado@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |

Electronically Filed
3/5/2025 11:50 AM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

NO. C-0490-25-M

| | | |
|---|---|---|
| **JUAN LUIS WEBBER** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **VS.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **HOME DEPOT U.S.A., INC. dba HOME** | § | |
| **DEPO and HERMAN ROQUE OCHOA** | § | **476TH JUDICIAL DISTRICT** |

## <u>DEFENDANT'S NOTICE OF FILING OF NOTICE OF REMOVAL</u>

COMES NOW, **HOME DEPOT U.S.A., INC.** *Improperly named Home Depot U.S.A., Inc. dba Home Depo* **and HERMAN ROQUE OCHOA,** ("Defendants") and file this Notice of Filing of Notice of Removal from this Court to the United States District Court for the Southern District of Texas, McAllen Division. Attached hereto as Exhibit "1" is a copy of the Notice of Removal filed in federal court. As such, Defendant prays that no further action will occur in this case as this Court has been divested of jurisdiction.

WHEREFORE, Defendant prays that the Court and all parties that have or in the future make appearances in this proceeding to take note that this matter has been removed to the United States District Court for the Southern District of Texas, McAllen Division, and that no further action will occur in this case, unless and until such time as the action may be remanded by order of the United States District Court.

1.

Electronically Filed
3/5/2025 11:50 AM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

Respectfully submitted,

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:*/s/ Karen M. Alvarado*
    Karen M. Alvarado
    State Bar No. 11067050
    kalvarado@brothers-law.com
    10333 Richmond, Suite 900
    Houston, Texas 77042
    Tel: (713) 337-0750
    Fax: (713) 337-0760
    service-alvarado@brothers-law.com *
*All service pursuant to TRCP 21 on Ms. Alvarado
must be to this email or it will be considered invalid*

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served upon the following counsel of record in compliance with Rule 21a of the Texas Rules of Civil Procedure on this the 5th day of March, 2025.

**VIA E-SERVICE**
Raymond L. Thomas
Olegario Garcia
**RAY THOMAS, PC**
4900-B North 10th Street
McAllen, Texas 78504

**VIA E-SERVICE**
Ezequiel Reyna, Jr.
**LAW OFFICES OF**
**EZEQUIEL REYNA, JR., P.C.**
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:*/s/ Karen M. Alvarado*
    Karen M. Alvarado

2.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gretchen Heyn on behalf of Karen Alvarado
Bar No. 11067050
gheyn@brothers-law.com
Envelope ID: 98089966
Filing Code Description: Notice
Filing Description: DEFENDANT'S NOTICE OF FILING OF NOTICE OF REMOVAL
Status as of 3/5/2025 12:43 PM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Olegario Garcia | | ogarcia@raythomaspc.com | 3/5/2025 11:50:08 AM | SENT |
| Raymond L.Thomas | | rthomas@raythomaspc.com | 3/5/2025 11:50:08 AM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 3/5/2025 11:50:08 AM | SENT |

Associated Case Party: Home Depot USA, Inc. dba Home Depot

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gretchen Heyn | | gheyn@brothers-law.com | 3/5/2025 11:50:08 AM | SENT |
| Karen MAlvarado | | service-alvarado@brothers-law.com | 3/5/2025 11:50:08 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 3/5/2025 11:50:08 AM | SENT |
| LINDA SANMIGUEL | | lsmiguel@zreynalaw.com | 3/5/2025 11:50:08 AM | SENT |
| DESI OLIVAREZ | | DOLIVAREZ@ZREYNALAW.COM | 3/5/2025 11:50:08 AM | SENT |
| KAREN MALVARADO | | kalvarado@brothers-law.com | 3/5/2025 11:50:08 AM | SENT |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | |
| | § | |
| | § | |
| VS. | § | Civil Action No. 7:25-cv-00095 |
| | § | |
| HOME DEPOT U.S.A., INC. dba HOME | § | |
| DEPO and HERMAN ROQUE OCHOA | § | JURY DEMANDED |

**DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, **HOME DEPOT U.S.A., INC.** *Improperly named Home Depot U.S.A., Inc. dba Home Depo* ("Home Depot"), and files this its Notice of Removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et. seq.*, 28 U.S.C. § 1441 *et. seq.*, and 28 U.S.C. § 1446 *et. seq.*, and would respectfully show the Court as follows:

1.    Home Depot is a Defendant in a civil action pending in the 476th Judicial District Court of Hidalgo County, Texas entitled *Juan Luis Webber v. Home Depot U.S.A., Inc. dba Home Depot and Herman Roque Ochoa*; Cause No. C-0490-25-M (hereinafter referred to as the "State Court Action"). An Index of State Documents Filed with the Notice of Removal is attached hereto as **Exhibit A,** and true and correct copies of all process, pleadings, and orders served upon Home Depot in the State Court Action are attached hereto as **Exhibit B,** as required by 28 U.S.C. § 1446(a).

2.    The State Court Action was filed on January 30, 2025. Home Depot was served with the Original Petition on February 5, 2025. In the Original Petition, Plaintiff alleges that on or about January 9, 2024, he and his wife were shopping for fire alarms at Home Depot #506, located at 409 N. Jackson Road, Pharr, Hidalgo County, Texas 78501 when a large heavy box fell on him.

*Exhibit "1"*

3.      Plaintiff's Original Petition stated that she is seeking monetary relief over $1,000,000.00.  *See* **Exhibit B-2** ¶ 2.   Thus, it is facially apparent from Plaintiff's Original Petition that Plaintiff is seeking damages in excess of $75,000, such that the amount in controversy requirement for diversity jurisdiction is satisfied.

4.      This Notice of Removal is timely filed by Home Depot within thirty (30) days of service upon it of the first pleading or other paper from which it could be determined that the amount in controversy is in excess of $75,000, exclusive of costs.  *See* 28 U.S.C. § 1446(b).

## DIVERSITY OF CITIZENSHIP

5.      Plaintiff Juan Luis Webber is a citizen of the State of Texas.

6.      Home Depot is and was at the time of the alleged incident and the filing of this lawsuit, a corporation incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.  Home Depot is thus a citizen of the States of Delaware and Georgia.

7.      Consequently, Plaintiff and Home Depot are now, and were at the time this action commenced, diverse in citizenship from each other.

## IMPROPER JOINDER

8.      Defendant Herman Roque Ochoa ("Ochoa") is a citizen of Texas.  However, Plaintiff improperly joined Ochoa as a defendant solely to defeat diversity jurisdiction, as there is absolutely no possibility that Plaintiff will be able to establish a cause of action against Ochoa in state court. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

9.      To establish improper joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999).  Home Depot alleges that Ochoa was improperly

*Exhibit "1"*

joined under the second method. Under that method, the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In resolving this issue, the court may pierce the pleadings and consider summary judgment-type evidence in those cases in which the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder[.]" *Id.*

10.     Ochoa is not alleged to have been a premises owner or occupier of the Home Depot store at the time the cause of action accrued or at the time of removal, or at any time. Moreover, Plaintiff does not allege that Ochoa caused the box to fall or that anything Ochoa did caused or contributed to this injury complained about. Instead, Plaintiff only makes the allegation that Ochcoa failed to render appropriate aid and refused to contact 911. *See* **Exhibit B-2**, ¶ 14.

11.     These allegations, even if true, provide no basis for the assertion of any cognizable claims against Ochoa. Texas law rarely imposes a duty to aid an injured party except on the individual who caused the injury. *See Abalos v. Oil Dev. Co. of Tex.*, 544 S.W.2d 627, 633 ("[I]f a party negligently creates a dangerous situation it then becomes his duty to do something about it. On the other hand, it may be said generally, as a matter of law, that a mere bystander who did not create the dangerous situation is not required to become the good Samaritan and prevent injury to others.") (internal ellipses and quotation marks omitted) (citing *Buchanan v. Rose*, 159 S.W.2d 109, 110 (Tex. 1942)); *Applebaum v. Nemon*, 678 S.W.2d 533, 535 (Tex. Ct. App. 1984) ("Deeply rooted in the common law is the doctrine that a person owes no duty to render aid to one for whose initial injury he is no liable."), *writ ref'd n.r.e.; Potter v. 24 Hour Fitness USA Inc.*, No. 3:12-CV-

453-P, 2014 WL 11633691, at *4 (N.D. Tex. June 6, 2014), *aff'd,* 597 F. App'x 796 (5th Cir. 2015).

12.     The Texas Supreme Court has held that individual liability on the part of an employee "only arises when the officer or agent owes an *independent duty* of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) (emphasis added). Additionally, the Texas Supreme Court has held that, in a premises liability case, individual employees are not liable for negligence when they do not breach any separate duty to the plaintiff. *Tri. v. J.T.T.*, 162 S.W.3d 552 (Tex. 2005). These holdings have also been applied to the removal of premises liability cases to federal district court. *See e.g., Gonzalez v. Wal-Mart Stores*, 2010 WL 1417748 (W.D. Tex. March 31, 2010); *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 131 (Tex. 2018); *Palmer v. Wal-Mart Stores, Inc.,* 65 F. Supp. 2d 564 (S.D. Tex. 1999); and *Koger v. Wal-Mart Stores Texas, LLC*, the plaintiff sued the store manager of Wal-Mart.  No. 1:09-CV-125-C, 2009 WL 10703186 (N.D. Tex. Sept. 22, 2009. In *Gonzalez*, the plaintiff sued a retailer and its manager in state court, alleging a premises liability claim. The retailer removed, arguing that the manager was improperly joined, and the plaintiff filed a motion to remand. The Court held that the manager, as a Wal-Mart employee, did not owe a customer, such as the plaintiff, a duty of reasonable care independent from the duty Wal-Mart owed, and denied the motion to remand. *Id*. at *2.  In *Palmer*, plaintiff asserted claims against the store manager of a Sam's Club, but there were no allegations that the manager owed any ***independent*** duty of reasonable care, apart from that which his employer owed any store patron. *Id*. There were no allegations that the store manager committed any intentional torts or the like against the plaintiff. *Id*. On the contrary, the plaintiff merely claimed that the store manager was negligent in allowing a premises defect to exist in the Sam's Club store. Hence, the Court held that "Plaintiff simply alleges that [the store manager] is liable for some action plainly committed **within the course and scope of his employment** as a Sam's Club manager. In

*Exhibit "1"*

light of the controlling *Leitch* precedent, the joinder of Mr. Ainsworth for purposes of defeating diversity jurisdiction borders on being sanctionable." *Id*. at 567 (emphasis added).

13.    Similarly, in *Koger v. Wal-Mart Stores Texas, LLC*, the plaintiff sued the store manager of Wal-Mart.  No. 1:09-CV-125-C, 2009 WL 10703186 (N.D. Tex. Sept. 22, 2009).  The question was whether the store manager might reasonably have owed plaintiff a duty of care independent from Wal-Mart's. *Id*.  In holding that the store manager was improperly joined, the Court stated that "if Shoemate were not the store manager, he would not have owed Koger any duty of care to warn of or correct hazards on Wal-Mart's premises. Accordingly, the duty was solely Wal-Mart's, and any breaches by its employees only constitute breaches by Wal-Mart acting through its agents." *Id*. at *1. S*ee also McKinney v. Home Depot U.S.A., Inc.*, 2006 WL 2947324 (N.D. Tex. Oct. 13, 2006).

14.    Plaintiff has explicitly alleged that Ochoa was working in the course and scope of his employment in committing the acts/omissions upon which the negligence claims against him are based, and Home Depot does not dispute that Ochoa was working in the course and scope of his employment at any relevant time. Ochoa cannot be individually liable to Plaintiff based upon a negligence theory, and there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Ochoa. In sum, Ochoa is an improperly joined party to this case.

15.    Because removal is premised on improper joinder, the individual defendant need not consent to removal, and his citizenship is disregarded when determining diversity jurisdiction.

16.    Under 28 U.S.C. § 1446(a), venue of the removed action is proper in this Court as it is the district and division embracing the place where the State Court Action is pending.

17.    Pursuant to 28 U.S.C. § 1446(d), Home Depot will promptly give written notice of the filing of this notice of removal to Plaintiff and will further file a copy of this Notice of Removal

with the District Clerk of Hidalgo County, Texas, where the action was previously pending.

18.    **Jury Demand** – Home Depot hereby requests trial by jury on all issues and claims in this action.

WHEREFORE, **HOME DEPOT U.S.A., INC.** *Improperly named Home Depot U.S.A., Inc. dba Home Depo* hereby removes the case pending in the 476th Judicial District Court of Hidalgo County, Texas entitled Cause No. C-0490-25-M; *Juan Luis Webber v. Home Depot U.S.A., Inc. dba Home Depot and Herman Roque Ochoa*, and respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court including, but not limited to, issuing any orders necessary to stay proceedings in the State Court Action.

Respectfully submitted,

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**


By:    **/s/ Karen M. Alvarado**
       Karen M. Alvarado
       Attorney-in-Charge
       State Bar No. 11067050
       Federal ID No. 10880
       10333 Richmond, Suite 900
       Houston, Texas 77042
       (713) 337-0750 - Telephone
       (713) 337-0760 – Facsimile
       service-alvarado@brothers-law.com *
       *All service pursuant to TRCP 21 on Ms. Alvarado
       must be to this email or it will be considered invalid*

       **Attorneys for Defendants**

*Exhibit "1"*

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that a true and correct copy of the above and foregoing document was served upon the following counsel of record in compliance with Rule 5 of the Federal Rules of Civil Procedure on this the 5th day of March, 2025, as follows:

| | |
|---|---|
| Raymond L. Thomas | Ezequiel Reyna, Jr. |
| Olegario Garcia | **LAW OFFICES OF** |
| **RAY THOMAS, PC** | **EZEQUIEL REYNA, JR., P.C.** |
| 4900-B North 10th Street | 702 W. Expressway 83, Suite 100 |
| McAllen, Texas 78504 | Weslaco, Texas 78596 |

      **BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:     */s/ Karen M. Alvarado*
         Karen M. Alvarado

*Exhibit "1"*

Civil Action No. 7:25-cv-00095

# Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | |
| | § | |
| | § | |
| VS. | § | Civil Action No. 7:25-cv-00095 |
| | § | |
| HOME DEPOT U.S.A., INC. dba HOME | § | |
| DEPO and HERMAN ROQUE OCHOA | § | JURY DEMANDED |

## INDEX OF DOCUMENTS

**EXHIBIT A:** Index of Documents (filed with Notice of Removal)

**EXHIBIT B:** State Court Action Documents (filed with Notice of Removal) –

| Tab No. | State Court Document | Date Filed |
|---|---|---|
| B-1 | State Court Civil Case Summary | N/A |
| B-2 | Plaintiff's Original Petition | 1/30/2025 |
| B-3 | Citation Issued  Home Depot | 1/30/2025 |
| B-4 | Citation Issued  Herman Ochoa | 1/30/2025 |
| B-5 | Service Issued Notice | 1/31/2025 |
| B-6 | Affidavit of Service – Herman Ochoa | 2/4/2025 |
| B-7 | Affidavit of Service – Home Depot | 2/12/2025 |
| B-8 | The Special Exceptions and Original Answer of Defendants | 3/3/2025 |
| B-9 | Motion for Telephonic Docket Control Conference | 3/3/2025 |
| B-10 | Proposed Order for Telephonic Docket Control Conference | 3/3/2025 |
| B-11 | Order Setting Telephonic Docket Control Conference | 3/3/2025 |

**EXHIBIT C:** List of Parties & Counsel and Civil Cover Sheet (filed with Notice of Removal)

Civil Action No. 7:25-cv-00095

# Exhibit "B"

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back                    Location : All Courts   Images

# REGISTER OF ACTIONS
## CASE NO. C-0490-25-M

| | | |
|---|---|---|
| **Juan Luis Webber VS. Home Depot USA, Inc. dba Home Depot, Herman Roque Ochoa** | § § § § § | Case Type: **Injury or Damage - Other (OCA)**<br>Date Filed: **01/30/2025**<br>Location: **476th District Court** |

---

### PARTY INFORMATION

| | | **Attorneys** |
|---|---|---|
| **Defendant** | **Home Depot USA, Inc. dba Home Depot** | |
| **Defendant** | **Ochoa, Herman Roque** | |
| **Plaintiff** | **Webber, Juan Luis** | **RAYMOND L. THOMAS**<br>*Retained*<br>956-632-5033(W) |

---

### EVENTS & ORDERS OF THE COURT

| | | | | |
|---|---|---|---|---|
| | **OTHER EVENTS AND HEARINGS** | | | |
| 01/30/2025 | **Original Petition (OCA)** | | | |
| 01/31/2025 | **Citation** | | | |
| | Home Depot USA, Inc. dba Home Depot | Served | 02/05/2025 | |
| | | Returned | 02/12/2025 | |
| | Ochoa, Herman Roque | Served | 02/03/2025 | |
| | | Returned | 02/04/2025 | |
| 01/31/2025 | **Citation Issued** | | | |
| 03/03/2025 | **Defendant's Original Answer** | | | |
| | *THE SPECIAL EXCEPTIONS* | | | |
| 03/03/2025 | **Motion for Docket Control Conference, Filed** | | | |
| 03/03/2025 | **Proposed Order** | | | |
| | *ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE* | | | |
| 03/04/2025 | **Sent to Workflow Queue** | | | |
| | *ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE* | | | |
| 03/04/2025 | **Order Setting DCC, Signed** | | | |
| | *TELEPHONIC* | | | |
| 03/04/2025 | **Notice Sent** | | | |
| | *ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE* | | | |
| 05/14/2025 | **Docket Control Conference Hearing/Telephonic**  (2:00 PM) (Judicial Officer Lopez-Singleterry, Nereida) | | | |

---

### FINANCIAL INFORMATION

| | | |
|---|---|---|
| | **Defendant** Home Depot USA, Inc. dba Home Depot | |
| | Total Financial Assessment | 10.00 |
| | Total Payments and Credits | 10.00 |
| | **Balance Due as of 03/04/2025** | **0.00** |
| 03/04/2025 | Transaction Assessment | 10.00 |
| 03/04/2025 | EFile Payments from TexFile    Receipt # DC-2025-003520    Home Depot USA, Inc. dba Home Depot | (10.00) |
| | | |
| | **Plaintiff** Webber, Juan Luis | |
| | Total Financial Assessment | 376.00 |
| | Total Payments and Credits | 376.00 |
| | **Balance Due as of 03/04/2025** | **0.00** |
| 01/30/2025 | Transaction Assessment | 376.00 |
| 01/30/2025 | EFile Payments from TexFile    Receipt # DC-2025-001611    Webber, Juan Luis | (239.00) |
| 01/30/2025 | State Credit | (137.00) |

*Exhibit "1"*

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0490-25-M**

CAUSE NO. _____

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT USA, INC. dba HOME | § | |
| DEPO and HERMAN ROQUE OCHOA | § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

---

### PLAINTIFF'S ORIGINAL PETITION

---

Plaintiff JUAN LUIS WEBBER files this Original Petition complaining of Defendants HOME DEPOT USA, INC. dba HOME DEPOT and HERMAN ROQUE OCHOA and would show the Court the following:

### I.
### DISCOVERY LEVEL

1.      Plaintiff intends that discovery be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

### II.
### STATEMENT OF MONETARY RELIEF

2.      In accordance with Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary damages over $1,000,000.00.

### III.
### PARTIES

3.      Plaintiff Juan Luis Webber is an individual residing in San Juan, Hidalgo County, Texas.

4.      Defendant Home Depot USA, Inc. dba Home Depot ("Home Depot") is a corporation having its principal office in Atlanta, Georgia. This Defendant may be served with process by serving its registered agent, Corporation Service Company dba CSC-Lawyers Incorporating Service Company, at its registered address, 211 W. 7th Street, Suite 620, Austin, Texas 78701-3218, or wherever it may be found.

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0490-25-M**

5.      Defendant Herman Roque Ochoa ("Ochoa") is an individual residing in McAllen, Hidalgo County, Texas. This Defendant may be served with process by serving him at his residence at 2331 N. 36th Lane, McAllen, Texas 78501, or wherever he may be found.

## IV.
## JURISDICTION AND VENUE

6.      Venue is proper in Hidalgo County, Texas because all or a substantial part of the events, acts or omissions giving rise to Plaintiff's claims occurred in Hidalgo County, Texas and because at least one defendant – Defendant Ochoa – resides in Hidalgo, County, Texas.

7.      This Court has jurisdiction over the parties and the subject matter of this lawsuit based on the facts alleged herein, and because the damages exceed the minimum jurisdictional limits of the Court.

## V.
## FACTUAL BACKGROUND

8.      On or about January 9, 2024, at approximately 12:02 p.m., Plaintiff and his spouse were invitees on the premises owned, operated, and/or maintained by Defendant Home Depot. The store visited by Plaintiff and his wife is located at 409 N. Jackson Road, Pharr, Hidalgo County, Texas 78501 ("Home Depot #506).

9.      On the day of the incident, Plaintiff and his wife were shopping for fire alarms at Home Depot #506. Plaintiff asked an employee of Home Depot #506 where to find the fire alarms and then proceeded to the aisle and area where the employee said the fire alarms could be found.

10.     Plaintiff was standing next to his wife as she was browsing through the shelves of fire alarms. Suddenly, unexpectedly, and without any warning whatsoever, a large heavy box fell on Plaintiff from an unsecured upper-level shelf, striking Plaintiff's head, neck and shoulder causing him to fall and hit the hard floor, causing him serious injury.

11.     Home Depot #506 is laid out similar to a warehouse with sky shelving (extra tall shelving) used by some box stores to maximize storage and make the sales floor look full. However, use of sky shelving increases the risk of harm from falling merchandise. Defendants are well aware of the danger posed by falling merchandise. Retail industry

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0490-25-M**

standards and Home Depot policies require merchandise to be secured, particularly on higher shelves. Defendant Home Depot owed Plaintiff a duty of care to provide invitees like Plaintiff with a safe environment and to secure merchandise from falling. Here, Defendant breached its duty of care to Plaintiff.

12.     At a minimum, Defendant failed to restrain merchandise with safety devices such as retainer bars, rails, banding, shrink-wrap, fencing, wire or similar restraints; failed to limit the height of stacked merchandise; failed to provide adequate safety training to its employees; and failed to enforce its own safety policies. In addition, some force is likely to have caused the large box to fall from the shelf onto Plaintiff's head, neck and body. The likely source of the force is another employee re-stocking in an unsafe manner or use of heavy equipment, such as a forklift to move merchandise on the other side of the aisle.

13.     Defendant Home Depot is acutely aware of the extreme risk of harm. Every year, hundreds of people are injured from falling merchandise in their stores. Defendant Home Depot was aware or should have been aware of the unreasonably dangerous condition that caused injury to Plaintiff, yet made no efforts to reduce or eliminate the unreasonably dangerous condition. Nor did Defendant Home Depot warn Plaintiff about the dangerous condition.

14.     The heavy falling box struck Plaintiff, causing him to fall to the ground. Defendant Ochoa, believed to be a supervisory level employee at Home Depot #506, was on scene and saw Plaintiff lying on the ground and in agony. Plaintiff and his wife pleaded for help, but Defendant Ochoa failed and refused to offer any help whatsoever. As a supervisor and/or employee of Home Depot #506, Defendant Ochoa owed Plaintiff a duty of care to render aid for the injuries sustained by Plaintiff in the store. That duty of care includes but is not limited to calling 911 or calling for emergency medical services and providing first aid and comfort. Defendant Ochoa failed to do any of these things. Instead, Defendant Ochoa refused to contact 911 or call for emergency medical services even though he was begged to do so. Plaintiff and his wife were unable to call because cellular service was not accessible to them inside Home Depot #506. Defendant Ochoa required Plaintiff to move and wait outside for emergency care. As a result of Defendant Ochoa's callous inattention and failure to render aid, precious time was lost. The movement of Plaintiff from the place of injury to outside on

Plaintiff's Original Petition                                                     Page 3 of 8

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0490-25-M**

the curb where he was told to wait in all reasonable probability had the effect of aggravating Plaintiff's injuries. At a very minimum, Defendant Ochoa's refusal to call for emergency medical services, his refusal to provide any first aid or comfort, and his instruction for Plaintiff to move and wait outdoors for first responders caused Plaintiff more pain and suffering and more mental torment than he would have otherwise experienced had Defendant Ochoa not breached his duty of care.

15.    As a direct and proximate result of the impact from the large heavy falling box and the aggravation of injuries and increase in pain, suffering and torment caused by Defendant Ochoa's refusal to render aid, Plaintiff suffered severe and permanent personal injuries and damages.

## VI.
## PREMISES LIABILITY

16.    Defendant Home Depot owed a duty to Plaintiff to exercise reasonable care in the activities Defendant Home Depot was engaged in on Defendant Home Depot's premises. Plaintiff was an invitee, as defined by Texas law. Defendant Home Depot was the possessor of the premises where Plaintiff was injured. Plaintiff was injured due to an unreasonably dangerous condition of the premises. Defendant Home Depot breached its duty of ordinary care to Plaintiff by:

    a) creating a dangerous condition with regard to falling merchandise;
    b) maintaining a dangerous condition with regard to falling merchandise;
    c) failing to adequately warn Plaintiff of the dangerous condition;
    d) failing to make the premises reasonably safe; and
    e) breaching Defendant's duty to use ordinary care to make safe or warn about any concealed, unreasonably dangerous premises condition that Defendants were not aware of, or reasonably should have been aware of, and the Plaintiff was not.

17.    Each of the above-mentioned acts or omissions by Defendant Home Depot were a proximate cause of Plaintiff's injuries and damages.

## VII.
## NEGLIGENCE OF DEFENDANT HOME DEPOT

18.    The impact of the heavy falling box and resulting injuries and damages to Plaintiff were proximately caused by the negligent acts and omissions of Defendant Home

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0490-25-M**

Depot, including but not limited to:

    a)  Failing to properly secure merchandise;

    b)  Failing to provide proper training to Home Depot's employees with regard to securing merchandise;

    c)  Failing to provide proper training on attending to invitees who become injured on the premises;

    d)  Failing to close off areas where work is being performed;

    e)  Failing to provide proper supervision for those restocking merchandise;

    f)  Failing to keep the premises reasonably safe for customers, including Plaintiff;

    g)  Failing to regularly and reasonably inspect the premises for unreasonably dangerous conditions;

    h)  Failing to properly train Home Depot employees to inspect, spot, mitigate and warn of unreasonably dangerous conditions, especially with regard to falling merchandise;

    i)  Failing to establish, maintain and enforce safety policies and procedures to secure merchandise;

    j)  Failing to warn Plaintiff of the unreasonably dangerous conditions of which Defendant Home Depot had actual or constructive knowledge; and

    k)  Permitting a dangerous condition, of which Defendant Home Depot knew or should have reasonably known to exist for an unreasonable period of time.

**VIII.**
**<u>NEGLIGENCE OF DEFENDANT OCHOA</u>**

19.    As an employee of Defendant Home Depot #506, particularly of a supervisory level, Defendant Ochoa owed a duty of care to render aid to Plaintiff who was injured while shopping at the store. Defendant Ochoa breached his duty of care by failing and refusing to call 911 or for emergency medical services, by failing and refusing to provide first aid or comfort to Plaintiff, by requiring Plaintiff to move outside to wait for emergency medical care. Defendant Ochoa's failure and refusal to render aid to Plaintiff and his instruction for

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0490-25-M

Plaintiff to be moved outside to wait for emergency medical services caused harm to Plaintiff, including more pain and suffering and more mental torment than what would have otherwise been experienced had Defendant Ochoa timely rendered aid. Defendant Ochoa's conduct in all reasonable probability aggravated Plaintiff's injuries. Therefore, Defendant Ochoa's acts and omissions were a proximate cause of Plaintiff's injuries and damages for which he is personally liable.

20.     At the time of the incident, Defendant Ochoa was the agent, representative, servant, employee, or statutory employee of Defendant Home Depot, and at all relevant times was acting within the course and scope of his employment. Defendant Home Depot is vicariously liable for the negligent acts and omissions of Defendant Ochoa and for the injuries and damages to Plaintiff.

## IX.
## GROSS NEGLIGENCE OF DEFENDANT HOME DEPOT

21.     Each year, hundreds of people are injured at Home Depots across the country, many of them by falling merchandise. To be sure, the extreme hazard posed by merchandise falling from Home Depot's sky shelving is so well known to Home Depot – and the entire big box retailer industry – that extensive literature, videos, training materials, policies, procedures, even OSHA regulations have been promulgated to address and mitigate this grave risk of injury and death. In light of Home Depot's long and extensive history of claims and adverse jury verdicts arising from injuries due to falling merchandise and the vast safety information and remedies available to mitigate the known risk, Defendant Home Depot's acts and omissions that led to Plaintiff's injury constitute gross negligence. Defendant Home Depot's acts and omissions, when viewed objectively from the standpoint of Defendant at the time of the occurrence, involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others, of which Defendant Home Depot had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, including Plaintiff. As a result, Plaintiff seeks exemplary damages.

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0490-25-M

## X.
## DAMAGES

22.     Plaintiff suffered severe and permanent personal injuries as a proximate result of Defendants' acts and omissions. Plaintiff seeks to recover all actual and special damages recoverable by law, including past and future:

        a)     medical expenses;
        b)     physical pain and suffering;
        c)     mental anguish;
        d)     disfigurement;
        e)     physical impairment;
        g)     loss of consortium;
        h)     loss of wages/income; and
        i)     loss of earning capacity.

23.     Should it be shown that Plaintiff was suffering from any pre-existing injuries, disease or conditions at the time of the collision, Plaintiff would show that the same were aggravated or exacerbated by the trauma caused by Defendants' negligence.

## XI.
## CONDITIONS PRECEDENT/CAPACITIES

24.     All conditions precedent to recovery have been performed or have occurred. Plaintiff brings these claims in all capacities in which he is able to recover and in all capacities against Defendants in which they may be liable.

## XII.
## JURY DEMAND

25.     Plaintiff invokes his constitutional right to trial by jury and demands a jury trial.

## PRAYER

Plaintiff Juan Luis Webber prays that Defendants be cited to appear and answer, and after trial on the merits, Plaintiff recovers judgment against Defendants, jointly and severally, for his actual and special damages. Plaintiff also prays for exemplary damages (against Defendant Home Depot only), pre-judgment and post-judgment interest at the highest legal rate, court costs, and general relief.

Plaintiff's Original Petition                                                                 Page 7 of 8

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0490-25-M**

Respectfully submitted,

By:

Raymond L. Thomas
State Bar No. 19865350
rthomas@raythomaspc.com
Olegario Garcia
State Bar No. 24069759
ogarcia@raythomaspc.com
**RAY THOMAS, PC**
4900-B North 10th Street
McAllen, Texas 78504
(956) 632-5033
(956) 540-5631 (Fax)

and

Ezequiel Reyna, Jr.
State Bar No. 16794798
lsmiguel@zreynalaw.com
dolivarez@zreynalaw.com
alejan23@zreynalaw.com
balaniz3@zreynalaw.com
**LAW OFFICES OF
EZEQUIEL REYNA, JR., P.C.**
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone
(956) 969-0492 (Fax)

**ATTORNEYS FOR PLAINTIFF**

Plaintiff's Original Petition

B-2

*Exhibit "1"*

**C-0490-25-M**
**476TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**
**THE STATE OF TEXAS**

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**HOME DEPOT USA, INC. DBA HOME DEPOT**
**REGISTERED AGENT: CORPORATION SERVICE COMPANY**
**DBA CSC – LAWYERS INCORPORATING SERVICE COMPANY**
**211 W 7TH STREET SUITE 620**
**AUSTIN TX  78701-3218**
**OR WHEREVER IT MAY BE FOUND**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Nereida Lopez-Singleterry, 476th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 30th day of January, 2025 and a copy of same accompanies this citation.  The file number and style of said suit being C-0490-25-M, **JUAN LUIS WEBBER  VS.  HOME DEPOT USA, INC. DBA HOME DEPOT, HERMAN ROQUE OCHOA**

Said Petition was filed in said court by Attorney RAYMOND L. THOMAS, 4900 N 10TH ST SUITE B, MCALLEN TX  78504.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 31st day of January, 2025.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**CECILIA PENA, DEPUTY CLERK**

B-3
B-12
*Exhibit "1"*

C-0490-25-M
## OFFICER'S RETURN

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:    serving ... copy(s) $_____
            miles ...................$_____


_____
**DEPUTY**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
### CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.


_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

*Exhibit "1"*

**C-0490-25-M**
**476TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**
**THE STATE OF TEXAS**

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**HERMAN ROQUE OCHOA**
**2331 N 36TH LANE**
**MCALLEN TX  78501**
**OR WHEREVER HE MAY BE FOUND**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Nereida Lopez-Singleterry, 476th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 30th day of January, 2025 and a copy of same accompanies this citation.  The file number and style of said suit being C-0490-25-M, **JUAN LUIS WEBBER VS.  HOME DEPOT USA, INC. DBA HOME DEPOT, HERMAN ROQUE OCHOA**

Said Petition was filed in said court by Attorney RAYMOND L. THOMAS, 4900 N 10TH ST SUITE B MCALLEN TX  78504.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 31st day of January, 2025.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**CINDY LAPENA, DEPUTY CLERK**

*Exhibit "1"*

**C-0490-25-M**
**OFFICER'S  RETURN**

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
          miles ...................$_____

_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

*Exhibit "1"*

Electronically Filed
1/31/2025 8:32 AM
Hidalgo County District Clerks
Reviewed By: Cecilia Pena



# LAURA HINOJOSA
## HIDALGO COUNTY DISTRICT CLERK

reetings:

Attached you will find the service requested.

May this serve to inform you that service has been issued.  Please proceed in attaching any file stamped documents and attachments that need to be served on your issued service.

Please note, the link you are about to open is a "live link  notification.  Please ensure you are printing the service, which includes our clerk's signature and the State Seal.  If you are opening a document without the official certification (signature and seal), please close the window until the document is processed accordingly. This may take a few minutes.

  hen serving protective orders, please DO NOT serve the TCIC form to the respondent.

  e appreciate the opportunity to assist you. Please contact our office if you have any questions or require additional information.


Sincerely,

*Laura Hinojosa*
Hidalgo County District Clerk

Post Office Box 87  Edinburg, Texas 78540  Telephone 956-318-2200  Facsimile 956-318-2251  districtclerk@co.hidalgo.tx.us

Nilda Palacios          Ricardo Contreras          Adriana "Audry" Garcia          Sabrina S. Guerra          Stephanie Palacios          Priscilla Rivas
CHIEF DEPUTY          CHIEF OF ADMINISTRATION          ASSISTANT CHIEF  DEPUTY          SENIOR ACCOUNTANT          BUDGET AND PROCUREMENT OFFICER          DIVISION MANAGER
                      & PUBLIC INFORMATION

B-5
B-12
*Exhibit "1"*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 96825582
Filing Code Description: Service Issued
Filing Description:
Status as of 1/31/2025 8:34 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 1/31/2025 8:32:39 AM | SENT |

*Exhibit "1"*

Electronically Filed
2/4/2025 9:11 AM
Hidalgo County District Clerks
Reviewed By: Cristina Garza

## CAUSE NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | 476Th JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT USA, INC. DBA HOME DEPO AND | § | |
| HERMAN ROQUE OCHOA | | |
| Defendant. | § | HIDALGO COUNTY, TEXAS |

### AFFIDAVIT OF SERVICE

"The following came to hand on **Jan 31, 2025, 11:13 am**,

**CITATION AND PLAINTIFF'S ORIGINAL PETITION,**

and was executed at **2331 N. 36th Lane McAllen, Texas 78501**  within the county of **Hidago** at **4:44 pm**  on **February 03, 2025**, by delivering a true copy to the within named

**HERMAN ROQUE OCHOA**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **Norma Orozco**, my date of birth is **06/01/1973**, and my address is **15914 E Mile 19 Rd, Edinburg, TX 78542**, and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Hidalgo** County, State of **TX**, on **February 03, 2025**.

_____

**Norma Orozco**
**Certification Number: PCS-16209**
**Certification Expiration: 01-31-2027**

B-12

*Exhibit "1"*

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 96943963
Filing Code Description: Notice
Filing Description: Return of Service of Herman Roque Ochoa
Status as of 2/4/2025 11:19 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 2/4/2025 9:11:14 AM | SENT |

Electronically Filed
2/12/2025 12:02 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

C-0490-25-M
### 476TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION
### THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**HOME DEPOT USA, INC. DBA HOME DEPOT**
**REGISTERED AGENT: CORPORATION SERVICE COMPANY**
**DBA CSC – LAWYERS INCORPORATING SERVICE COMPANY**
**211 W 7TH STREET SUITE 620**
**AUSTIN TX  78701-3218**
**OR WHEREVER IT MAY BE FOUND**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Nereida Lopez-Singleterry, 476th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 30th day of January, 2025 and a copy of same accompanies this citation. The file number and style of said suit being C-0490-25-M, **JUAN LUIS WFBBER VS. HOME DEPOT USA, INC. DBA HOME DEPOT, HERMAN ROQUE OCHOA**

Said Petition was filed in said court by Attorney RAYMOND L. THOMAS, 4900 N 10TH ST SUITE B, MCALLEN TX  78504.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 31st day of January, 2025.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

CTH: 2/4/25
at 4:15 PM

**CECILIA PENA, DEPUTY CLERK**

**Exhibit "1"**

Electronically Filed
2/12/2025 12:02 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

IN THE 476TH JUDICIAL DISTRICT
**HIDALGO COUNTY, TEXAS**

CAUSE NO: C-0490-25-M

JUAN LUIS WEBBER
VS
HOME DEPOT USA INC., ET AL

# RETURN

Came to my hand:   __2/4/2025__  , at   __04:15__   o'clock  __P.M.__  , the following
specified documents:

- Citation
- Plaintiff's Original Petition
- Jury Demand

and executed by me on:   __2/ 5 / 2025__  , at   __3:22__  o'clock   __PM__  , at

__211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701, within the county of TRAVIS__, by
delivering to __HOME DEPOT USA, INC., dba HOME DEPOT,__ by delivering to its
registered agent, __CORPORATION SERVICE COMPANY dba CSC-LAWYERS__
__INCORPORATING SERVICE COMPANY,__ by delivering to __KANEISHA GROSS__  ,
employee/managing agent, in person, a true copy of the above specified documents
having first endorsed on such copy the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I
declare under penalty of perjury that the foregoing is true and correct.

Authorized Person: KELLY MURSKI; PSC# 5912
Expiration Date: 10/31/2026

STATE OF TEXAS     }

VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known
to me to be the person whose name is subscribed to the foregoing document and, being by me first duly
sworn, declared that the statements and facts therein contained are within his/her personal knowledge
and experience to be true and correct.  Given under my hand and seal of office on this the ___5th___ day of
___Feb___ , __2025__ .

DANA L. McMICHAEL
ID #4799578
My Commission Expires
April 23, 2026

Notary Public

B-7

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 97289276
Filing Code Description: Citation Returned Served
Filing Description:
Status as of 2/18/2025 11:56 AM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Olegario Garcia | | ogarcia@raythomaspc.com | 2/12/2025 12:02:26 PM | SENT |
| Raymond L.Thomas | | rthomas@raythomaspc.com | 2/12/2025 12:02:26 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 2/12/2025 12:02:26 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 2/12/2025 12:02:26 PM | SENT |

*Exhibit "1"*

Electronically Filed
3/3/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

**NO. C-0490-25-M**

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| HOME DEPOT U.S.A., INC. dba HOME | § | |
| DEPO and HERMAN ROQUE OCHOA | § | 476TH JUDICIAL DISTRICT |

### THE SPECIAL EXCEPTIONS AND ORIGINAL ANSWER OF DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **HOME DEPOT U.S.A., INC.** *Improperly named Home Depot U.S.A., Inc. dba Home Depo* and **HERMAN ROQUE OCHOA**, ("Defendants"), Defendants in the above-entitled and numbered cause, and for their Special Exceptions and Original Answer to Plaintiff's Original Petition would respectfully show unto the Court as follows:

### SPECIAL EXCEPTIONS

1.　**Fair Notice**.　Defendants specially except the Petition for failing to provide a statement in plain and concise language of the Plaintiff's causes of action, and, pursuant to TEX. R. CIV. P. 45, request that Plaintiff be required to replead sufficiently to enable Defendants to prepare a defense.

2.　**Damages.**　Defendants specially except to the "damages" paragraphs of the Petition wherein Plaintiff seeks recovery for unspecified past and future medical expenses and lost earnings and loss of earning capacity, and, pursuant to TEX. R. CIV. P. 56, request that Plaintiff be required to itemize all special damages for which Plaintiff seeks recovery.　Of which special exception, Defendants pray judgment of the Court.

3.　**Relief**.　Defendants further specially except to the prayer for relief of the Petition wherein it is alleged that Plaintiff seeks recovery for all other and further relief to which Plaintiff

1.

*Exhibit "1"*

Electronically Filed
3/3/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

may be entitled. Defendants are entitled to know the specific types of relief to which the Plaintiff may be entitled at law or in equity; accordingly, this global claim for relief should be stricken or, in the alternative, Plaintiff should be required to re-plead to specifically identify each type of damage for which Plaintiff seeks recovery. Of which special exception, Defendants pray judgment of the Court.

## ORIGINAL ANSWER

Defendants in the above-entitled and numbered cause, file this Answer to the Plaintiff's pleadings on file herein, and would respectfully show unto the Court as follows:

1. **General Denial**. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants deny each and every, all and singular, the material allegations contained in Plaintiff's pleadings filed herein, and demand strict proof thereof, as required by the laws of this State of persons or entities who bring suit as the Plaintiff does in the instant case.

2. **Medical/Health Care Expense Limitations**. Defendants further allege, by way of affirmative defense, and without waiver of the foregoing that under the Tex. Civ. Prac. & Rem. Code §41.0105, in addition to any other limitation under law, Plaintiff is limited to recovery of medical or health care expense, if any, to the amount actually paid or incurred by or on behalf of Plaintiff.

3. **Certain Health Care Service Claims Barred**. Defendants further allege by way of affirmative defense, and without waiver of the foregoing, and to the extent that Plaintiff was insured and entitled to health insurance benefits at any time relevant to this suit but chose, instead, to seek care outside of Plaintiff's approved provider network and/or possibly personally incur health care expenses by not timely submitting bills to Plaintiff's health insurer, Plaintiff

Electronically Filed
3/5/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

failed to mitigate Plaintiff's damages, pursuant to Tex. Civ. Prac. & Rem. Code §146.003.

Furthermore, to the extent that Plaintiff's health care service provider(s) failed and/or refused to

timely and directly bill Plaintiff's insurer and/or health benefit plan for health care services

provided to the Plaintiff and/or for health care expenses incurred by the Plaintiff, when required

or authorized to do so, then claims by such health care service provider(s) are barred, in whole or

in part, and do not constitute medical expenses actually paid or incurred by or on behalf of the

Plaintiff. Tex. Civ. Prac. & Rem. Code §146.001, et seq.

4.     **Net Loss After Tax**.  Defendants further allege, by way of affirmative defense,

and without waiver of the foregoing that under the Tex. Civ. Prac. & Rem. Code §18.091, in

addition to any other limitation under law, Plaintiff's recovery for loss of earnings, loss of

earning capacity, loss of contributions of a pecuniary value, or loss of inheritance, if any, is

limited to the recovery of the net loss after reduction for income tax payments or unpaid tax

liability pursuant to any federal income tax law.

5.     **Settlement Credits/Contribution Rights**.  Defendants deny that Plaintiff is

entitled to any recovery.  However, to the extent any recovery is had by Plaintiff, such recoveries

must be offset by any amounts received from joint tortfeasors or other Defendants.  In the

unlikely event that Defendants are found liable for any portion of Plaintiff's injuries, if any,

Defendants are entitled to indemnity and/or contribution from each of the other Defendants and a

percentage or pro-rata reduction of its liability to Plaintiff pursuant to Chapters 32 and 33 of the

Texas Civil Practice & Remedies Code, the doctrine of comparative fault and/or any other

applicable law.  Further, Defendants pray for all credit and/or offset rights at law by virtue of any

settlement entered into by Plaintiff with any party or non-party in connection with or relating to

3.

Electronically Filed
3/3/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

any matter pertaining to the claims made herein by Plaintiff.

6.    **Tex. Civ. Prac. & Rem. Code**.  Defendants further allege, plead and reserve, without waiver of the foregoing, each and every right entitled it pursuant to the Texas Civil Practice and Remedies Code, Chapters 32 and 33.

7.    **Exemplary Damages**.  Defendants further allege, without waiver of the foregoing, that any recovery of exemplary damages herein is subject to CPRC §41.008, Limitation on Amount of Recovery.  Defendants further allege, without waiver of the foregoing, that any award of exemplary damages violates the due process clause of the Fifth Amendment and Fourteenth Amendment to the United States Constitution, in addition to Article 1, Section 19 of the Texas Constitution, in that:

    A.  Such punitive damages are intended to punish and deter Defendants and thus this proceeding becomes essentially criminal in nature;

    B.  The Defendants are being compelled to be a witness against itself in a proceeding that is essentially and effectively criminal in nature, in violation of the Defendants' right to due process, and in violation of the Constitutions of the United States and of the State of Texas;

    C.  Plaintiff's burden of proof to establish punitive damages in this proceeding, which is effectively criminal in nature, is less than the burden of proof required in all other criminal proceedings, and thus violates Defendants' right to due process as guaranteed by the Fourteenth Amendment of the United States Constitution and the rights of Defendants under Article 1, Section 19 of the Texas Constitution; and

    D.  Inasmuch as this proceeding is essentially and effectively criminal in nature, Defendants are being denied the requirements of adequate notice of the elements of the offense, and that such statutory and common law theories purportedly authorizing punitive damages are sufficiently vague and ambiguous, and Plaintiffs Petition purporting to invoke such statutory and/ or common law theory is so vague and ambiguous as to be in violation of the due process clause of the Fourteenth Amendment to the United States Constitution and in violation of Article 1, Section 19 of the Texas Constitution.

<div align="center">4.</div>

<div align="center">*Exhibit "1"*</div>

Electronically Filed
3/5/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

8.      **Notice of Intent to Use Documents**.  Pursuant to Rules 176.6(c) and 193.7 of the Texas Rules of Civil Procedure, Defendants give notice to all parties that the production of any document in response to written discovery by any party and non-party authenticates said document for use against that party and any other party in any pretrial proceeding or at trial.

9.      **Reservation to Amend**.  Defendants respectfully reserve the right at this time to amend this Original Answer to the Plaintiff's allegations after said Defendants have had the opportunity to more closely investigate these claims as it is the right and privilege of said Defendants under the Rules of Civil Procedure and the laws of the State of Texas.

10.     Jury Demand.  Defendants respectfully request trial by jury.

WHEREFORE, PREMISES CONSIDERED, the above-named Defendants, **HOME DEPOT U.S.A., INC.** *Improperly named Home Depot U.S.A., Inc. dba Home Depo* **and HERMAN ROQUE OCHOA**, having fully answered herein, pray that they go  hence without day for costs, and for such other and further relief, both special and general, at law and in equity, to which said Defendants may be justly entitled.

5.

Electronically Filed
3/3/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

Respectfully submitted,

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:*/s/ Karen M. Alvarado*
    Karen M. Alvarado
    State Bar No. 11067050
    kalvarado@brothers-law.com
    10333 Richmond, Suite 900
    Houston, Texas 77042
    Tel: (713) 337-0750
    Fax: (713) 337-0760
    service-alvarado@brothers-law.com *
    *All service pursuant to TRCP 21 on Ms. Alvarado must be to this email or it will be considered invalid*

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served upon the following counsel of record in compliance with Rule 21a of the Texas Rules of Civil Procedure on this the 3rd day of March, 2025.

**VIA E-SERVICE**
Raymond L. Thomas
Olegario Garcia
**RAY THOMAS, PC**
4900-B North 10th Street
McAllen, Texas 78504

**VIA E-SERVICE**
Ezequiel Reyna, Jr.
**LAW OFFICES OF
EZEQUIEL REYNA, JR., P.C.**
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:*/s/ Karen M. Alvarado*
    Karen M. Alvarado

6.

*Exhibit "1"*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gretchen Heyn on behalf of Karen Alvarado
Bar No. 11067050
gheyn@brothers-law.com
Envelope ID: 97995449
Filing Code Description: Answer
Filing Description: THE SPECIAL EXCEPTIONS AND ORIGINAL ANSWER OF DEFENDANTS
Status as of 3/4/2025 10:15 AM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Olegario Garcia | | ogarcia@raythomaspc.com | 3/3/2025 2:35:20 PM | SENT |
| Raymond L.Thomas | | rthomas@raythomaspc.com | 3/3/2025 2:35:20 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 3/3/2025 2:35:20 PM | SENT |

Associated Case Party: Home Depot USA, Inc. dba Home Depot

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gretchen Heyn | | gheyn@brothers-law.com | 3/3/2025 2:35:20 PM | SENT |
| Karen MAlvarado | | service-alvarado@brothers-law.com | 3/3/2025 2:35:20 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 3/3/2025 2:35:20 PM | SENT |

*Exhibit "1"*

Electronically Filed
3/3/2025 5:07 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

CAUSE NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | 476TH JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT USA, INC. dba HOME | § | |
| DEPOT and HERMAN ROQUE OCHOA | § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

## MOTION FOR TELEPHONIC DOCKET CONTROL CONFERENCE

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Juan Luis Webber files this Motion for Telephonic Docket Control Conference.

Plaintiff respectfully requests that this matter be set for a Telephonic Docket Control Conference for the purpose of setting this cause for trial.

WHEREFORE, Juan Luis Webber respectfully requests that this matter be set for a Telephonic Docket Control Conference.

Respectfully submitted,

By: _____

Raymond L. Thomas
State Bar No. 19865350
rthomas@raythomaspc.com
Olegario Garcia
State Bar No. 24069759
ogarcia@raythomaspc.com
**RAY THOMAS, PC**
4900-B North 10th Street
McAllen, Texas 78504
(956) 632-5033
(956) 540-5631 (Fax)

and

Ezequiel Reyna, Jr.
State Bar No. 16794798
lsmiguel@zreynalaw.com

Electronically Filed
3/3/2025 5:07 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

dolivarez@zreynalaw.com
alejan23@zreynalaw.com
balaniz3@zreynalaw.com
**LAW OFFICES OF**
**EZEQUIEL REYNA, JR., P.C.**
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone
(956) 969-0492 (Fax)

### ATTORNEY FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court and served on all counsel on this 3RD day of March, 2025.

_____
Raymond L. Thomas

**Page 2 of 2**
**Plaintiff's Motion for Telephonic**
**Docket Control Conference**

**Exhibit "1"**

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 98010623
Filing Code Description: Motion for Docket Control Conference
Filing Description:
Status as of 3/4/2025 10:51 AM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Olegario Garcia | | ogarcia@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Raymond L.Thomas | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |

Associated Case Party: Home Depot USA, Inc. dba Home Depot

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gretchen Heyn | | gheyn@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |
| Karen MAlvarado | | service-alvarado@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |

*Exhibit "1"*

Electronically Filed
3/3/2025 5:07 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

CAUSE NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | 476TH JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT USA, INC. dba HOME | § | |
| DEPOT and HERMAN ROQUE OCHOA | § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

## ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE

It is ORDERED, that a Telephonic Docket Control Conference is hereby set on _____ day of _____, 2025, at _____o'clock _____.m. in the 476TH Judicial District Court, Hidalgo County, Texas.

SIGNED on this the _____ day of _____, 2025.

_____
PRESIDING JUDGE

cc: Raymond L. Thomas:     rthomas@raythomaspc.com
    Olegario Garcia:      ogarcia@raythomaspc.com
    Linda San Miguel:     lsmiguel@zreynalaw.com
    Desi Olivarez:        dolivarez@zreynalaw.com
    Karen M. Alvarado     kalvarado@brothers-law.com
                          service-alvarado@brothers-law.com

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 98010623
Filing Code Description: Motion for Docket Control Conference
Filing Description:
Status as of 3/4/2025 10:51 AM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Raymond L.Thomas | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Olegario Garcia | | ogarcia@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |

Associated Case Party: Home Depot USA, Inc. dba Home Depot

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gretchen Heyn | | gheyn@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |
| Karen MAlvarado | | service-alvarado@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |

*Exhibit "1"*

Electronically Filed
3/9/2025 5:07 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

CAUSE NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | 476TH JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT USA, INC. dba HOME | § | |
| DEPOT and HERMAN ROQUE OCHOA | § | HIDALGO COUNTY, TEXAS |
| DEFENDANTS | § | |

## ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE

It is ORDERED, that a Telephonic Docket Control Conference is hereby set on _____ day of _____ MAY 14 _____, 2025, at ____ 2 ____ o'clock ____ p ____.m. in the 476TH Judicial District Court, Hidalgo County, Texas.

SIGNED on this the _____ day of ____ 03/04/2025 ____.

_____
PRESIDING JUDGE

cc: Raymond L. Thomas:     rthomas@raythomaspc.com
    Olegario Garcia:         ogarcia@raythomaspc.com
    Linda San Miguel:        lsmiguel@zreynalaw.com
    Desi Olivarez:           dolivarez@zreynalaw.com
    Karen M. Alvarado        kalvarado@brothers-law.com
                             service-alvarado@brothers-law.com

Page 1 of 1
Order on Plaintiff's Motion for Telephonic
Docket Control Conference

B-11

B-12

*Exhibit "1"*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 98010623
Filing Code Description: Motion for Docket Control Conference
Filing Description:
Status as of 3/4/2025 10:51 AM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Raymond L.Thomas | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Olegario Garcia | | ogarcia@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |

Associated Case Party: Home Depot USA, Inc. dba Home Depot

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gretchen Heyn | | gheyn@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |
| Karen MAlvarado | | service-alvarado@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |

*Exhibit "1"*

Civil Action No. 7:25-cv-00095

# Exhibit "C"

1.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | |
| | § | |
| | § | |
| VS. | § | Civil Action No. 7:25-cv-00095 |
| | § | |
| HOME DEPOT U.S.A., INC. dba HOME | § | |
| DEPO and HERMAN ROQUE OCHOA | § | JURY DEMANDED |

### LIST OF ALL PARTIES AND COUNSEL

**Plaintiff – Juan Luis Webber**
*Represented by:*
Raymond L. Thomas
State Bar No. 19865350
rthomas@raythomaspc.com
Olegario Garcia
State Bar No. 24069759
ogarcia@raythomaspc.com
RAY THOMAS, PC
4900-B North 10th Street
McAllen, Texas 78504
(956) 632-5033
(956) 540-5631 (Fax)
and
Ezequiel Reyna, Jr.
State Bar No. 16794798
lsmiguel@zreynalaw.com
dolivarez@zreynalaw.com
alejan23@zreynalaw.com
balaniz3@zreynalaw.com
LAW OFFICES OF EZEQUIEL REYNA, JR., P.C.
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone
(956) 969-0492 (Fax)


**Defendants – Home Depot USA, Inc. and Herman Roque Ochoa**
*Represented by:*
Karen M. Alvarado
State Bar No. 11067050
Federal ID: 10880
kalvarado@brothers-law.com

2.

*Exhibit "1"*

BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.
10333 Richmond Ave, Suite 900
Houston, Texas 77042
(713) 337-0750 – Telephone
(713) 337-0760 – Facsimile
E-service: service-alvarado@brothers-law.com

State Court Action (state court from which case is being removed; the cause number; and complete style of case) –

Judge Nereida Lopez-Singleterry
476th Judicial District Court, Hidalgo County
222 N. 12th Avenue
Edinburg, Texas 78539
T: 956-292-7044

Cause No. C-0490-25-M; Juan Luis Webber *v. Home Depot U.S.A., Inc. dba Home Depot and Herman Roque Ochoa*; 476th Judicial District Court of Hidalgo County, Texas.

Page 12
*Exhibit "1"*

Civil Action No. 7:25-cv-00095

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Juan Luis Webber

**DEFENDANTS**

Home Depot, U.S.A. Inc. dba Home Depo and Herman Roque Ochoa

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Raymond L. Thomas, SBN 19865350, RAY THOMAS, PC, 4900-B North 10th Street, McAllen, TX 78504, T; 956-632-5033. F: 956-540-5631. E:

Attorneys *(If Known)*
Karen M. Alvarado, Brothers, Alvarado, Piazza & Cozort, PC, 10333 Richmond Ave., Ste 900, Houston, TX 77042; T: 713-337-0750; F: 713-337-0760: service-

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☒ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage | Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332

Brief description of cause:
Personal injury at Home Depot store

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ over $1million

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*   JUDGE _____   DOCKET NUMBER _____

DATE
3/5/2025

SIGNATURE OF ATTORNEY OF RECORD
Karen M. Alvarado

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

*Exhibit "1"*

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)    **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)    **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)    **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

III.    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.    **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V.    **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.    **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

Electronically Filed
7/21/2025 12:00 PM
Hidalgo County District Clerks
Reviewed By: Valerie Moreno

CAUSE NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | 476TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| HOME DEPOT USA, INC. dba HOME | § | |
| DEPOT and HERMAN ROQUE OCHOA | § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

**MOTION FOR TELEPHONIC DOCKET CONTROL CONFERENCE**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Juan Luis Webber files this Motion for Telephonic Docket Control Conference.

Plaintiff respectfully requests that this matter be set for a Telephonic Docket Control Conference for the purpose of setting this cause for trial.

WHEREFORE, Juan Luis Webber respectfully requests that this matter be set for a Telephonic Docket Control Conference.

Respectfully submitted,

By: _____
Raymond L. Thomas
State Bar No. 19865350
rthomas@raythomaspc.com
Olegario Garcia
State Bar No. 24069759
ogarcia@raythomaspc.com
**RAY THOMAS, PC**
4900-B North 10th Street
McAllen, Texas 78504
(956) 632-5033

And

Ezequiel Reyna, Jr.
State Bar No. 16794798
lsmiguel@zreynalaw.com

**Page 1 of 2**
**Plaintiff's Motion for Telephonic**
**Docket Control Conference**



Electronically Filed
7/21/2025 12:00 PM
Hidalgo County District Clerks
Reviewed By: Valerie Moreno

dolivarez@zreynalaw.com
alejan23@zreynalaw.com
balaniz3@zreynalaw.com
**LAW OFFICES OF
EZEQUIEL REYNA, JR., P.C.**
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone
(956) 969-0492 (Fax)

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court and served on all counsel on this 21ST day of July, 2025.

_____
Raymond L. Thomas

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 103374305
Filing Code Description: Motion for Docket Control Conference
Filing Description: TELEPHONIC
Status as of 7/21/2025 12:16 PM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Olegario Garcia | | ogarcia@raythomaspc.com | 7/21/2025 12:00:46 PM | SENT |
| Raymond L.Thomas | | rthomas@raythomaspc.com | 7/21/2025 12:00:46 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 7/21/2025 12:00:46 PM | SENT |

Associated Case Party: Home Depot USA, Inc. dba Home Depot

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gretchen Heyn | | gheyn@brothers-law.com | 7/21/2025 12:00:46 PM | SENT |
| Karen MAlvarado | | service-alvarado@brothers-law.com | 7/21/2025 12:00:46 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 7/21/2025 12:00:46 PM | SENT |
| LINDA SANMIGUEL | | lsmiguel@zreynalaw.com | 7/21/2025 12:00:46 PM | SENT |
| DESI OLIVAREZ | | DOLIVAREZ@ZREYNALAW.COM | 7/21/2025 12:00:46 PM | SENT |
| KAREN MALVARADO | | kalvarado@brothers-law.com | 7/21/2025 12:00:46 PM | SENT |

Electronically Filed
7/21/2025 12:00 PM
Hidalgo County District Clerks
Reviewed By: Valerie Moreno

CAUSE NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | 476TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| HOME DEPOT USA, INC. dba HOME | § | |
| DEPOT and HERMAN ROQUE OCHOA | § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

**ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE**

It is ORDERED, that a Telephonic Docket Control Conference is hereby set on

_____ day of _____, 2025, at _____o'clock _____.m. in the

476TH Judicial District Court, Hidalgo County, Texas.

SIGNED on this the _____ day of _____, 2025.

_____
PRESIDING JUDGE

cc: Raymond L. Thomas:    rthomas@raythomaspc.com
    Olegario Garcia:    ogarcia@raythomaspc.com
    Linda San Miguel:    lsmiguel@zreynalaw.com
    Desi Olivarez:    dolivarez@zreynalaw.com
    Karen M. Alvarado    kalvarado@brothers-law.com
                        service-alvarado@brothers-law.com

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 103374305
Filing Code Description: Motion for Docket Control Conference
Filing Description: TELEPHONIC
Status as of 7/21/2025 12:16 PM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Raymond L.Thomas | | rthomas@raythomaspc.com | 7/21/2025 12:00:46 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 7/21/2025 12:00:46 PM | SENT |
| Olegario Garcia | | ogarcia@raythomaspc.com | 7/21/2025 12:00:46 PM | SENT |

Associated Case Party: Home Depot USA, Inc. dba Home Depot

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gretchen Heyn | | gheyn@brothers-law.com | 7/21/2025 12:00:46 PM | SENT |
| Karen MAlvarado | | service-alvarado@brothers-law.com | 7/21/2025 12:00:46 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 7/21/2025 12:00:46 PM | SENT |
| LINDA SANMIGUEL | | lsmiguel@zreynalaw.com | 7/21/2025 12:00:46 PM | SENT |
| DESI OLIVAREZ | | DOLIVAREZ@ZREYNALAW.COM | 7/21/2025 12:00:46 PM | SENT |
| KAREN MALVARADO | | kalvarado@brothers-law.com | 7/21/2025 12:00:46 PM | SENT |

Electronically Filed
7/21/2025 12:00 PM
Hidalgo County District Clerks
Reviewed By: Valerie Moreno

CAUSE NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | 476TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| HOME DEPOT USA, INC. dba HOME | § | |
| DEPOT and HERMAN ROQUE OCHOA | § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

## ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE

It is ORDERED, that a Telephonic Docket Control Conference is hereby set on _____ day of _____, 2025, at _____o'clock _____.m. in the 476TH Judicial District Court, Hidalgo County, Texas.

AUGUST 26,2025 @ 2 PM

SIGNED on this the _____ day of _____ 7/22/2025.

_____
PRESIDING JUDGE

cc: Raymond L. Thomas:    rthomas@raythomaspc.com
    Olegario Garcia:      ogarcia@raythomaspc.com
    Linda San Miguel:     lsmiguel@zreynalaw.com
    Desi Olivarez:        dolivarez@zreynalaw.com
    Karen M. Alvarado:    kalvarado@brothers-law.com
                          service-alvarado@brothers-law.com

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 103374305
Filing Code Description: Motion for Docket Control Conference
Filing Description: TELEPHONIC
Status as of 7/21/2025 12:16 PM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Raymond L.Thomas | | rthomas@raythomaspc.com | 7/21/2025 12:00:46 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 7/21/2025 12:00:46 PM | SENT |
| Olegario Garcia | | ogarcia@raythomaspc.com | 7/21/2025 12:00:46 PM | SENT |

Associated Case Party: Home Depot USA, Inc. dba Home Depot

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gretchen Heyn | | gheyn@brothers-law.com | 7/21/2025 12:00:46 PM | SENT |
| Karen MAlvarado | | service-alvarado@brothers-law.com | 7/21/2025 12:00:46 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 7/21/2025 12:00:46 PM | SENT |
| LINDA SANMIGUEL | | lsmiguel@zreynalaw.com | 7/21/2025 12:00:46 PM | SENT |
| DESI OLIVAREZ | | DOLIVAREZ@ZREYNALAW.COM | 7/21/2025 12:00:46 PM | SENT |
| KAREN MALVARADO | | kalvarado@brothers-law.com | 7/21/2025 12:00:46 PM | SENT |

Electronically Filed
7/23/2025 10:39 AM
Hidalgo County District Clerks
Reviewed By: Rubie Cantu



# LAURA HINOJOSA

## HIDALGO COUNTY DISTRICT CLERK

Greetings:

Attached please find a copy of an order or judgment notifying you that an order has been signed in a case you are a party to or have been carbon copied on.

We appreciate the opportunity to assist you. Please contact our office if you have any questions or require additional information.

Sincerely,

*Laura Hinojosa*
Hidalgo County District Clerk

Post Office Box 87  Edinburg, Texas 78540  Telephone 956-318-2200  Facsimile 956-318-2251  districtclerk@co.hidalgo.tx.us

| Nilda Palacios | Ricardo Contreras | Adriana "Audry" Garcia | Sabrina S. Guerra | Stephanie Palacios | Priscilla Rivas |
| --- | --- | --- | --- | --- | --- |
| CHIEF DEPUTY | CHIEF OF ADMINISTRATION & PUBLIC INFORMATION | ASSISTANT CHIEF DEPUTY | SENIOR ACCOUNTANT | BUDGET AND PROCUREMENT OFFICER | DIVISION MANAGER |

B-15

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 103477254
Filing Code Description: Notice Sent
Filing Description: ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE
Status as of 7/23/2025 11:33 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Karen MAlvarado | | service-alvarado@brothers-law.com | 7/23/2025 10:39:47 AM | SENT |
| Olegario Garcia | | ogarcia@raythomaspc.com | 7/23/2025 10:39:47 AM | SENT |
| Raymond L.Thomas | | rthomas@raythomaspc.com | 7/23/2025 10:39:47 AM | SENT |
| LINDA SANMIGUEL | | lsmiguel@zreynalaw.com | 7/23/2025 10:39:47 AM | SENT |
| DESI OLIVAREZ | | DOLIVAREZ@ZREYNALAW.COM | 7/23/2025 10:39:47 AM | SENT |
| KAREN MALVARADO | | kalvarado@brothers-law.com | 7/23/2025 10:39:47 AM | SENT |

Electronically Filed
8/25/2025 4:43 PM
Hidalgo County District Clerks
Reviewed By: Marcos Lopez

NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| HOME DEPOT U.S.A., INC. dba HOME | § | |
| DEPO and HERMAN ROQUE OCHOA | § | 476TH JUDICIAL DISTRICT |

## ORDER RESETTING TELEPHONIC DOCKET CONTROL CONFERENCE

It is ORDERED, that the Telephonic Docket Control Conference is hereby reset to

**Tuesday, September 2, 2025 at 2:00 p.m**. in the 476th Judicial District Court, Hidalgo County,

Texas.

SIGNED on this the _____ day of ___8/27/2025_____, 2025.

_____
PRESIDING JUDGE

cc:  Raymond L. Thomas    rthomas@raythomaspc.com
     Olegario Garcia       ogarcia@raythomaspc.com
     Linda San Miguel      lsmiguel@zreynalaw.com
     Desi Olivarez         dolivarez.@zreynalaw.com
     Karen M. Alvarado     service-alvarado@brothers-law.com

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gretchen Heyn on behalf of Karen Alvarado
Bar No. 11067050
gheyn@brothers-law.com
Envelope ID: 104821837
Filing Code Description: Proposed Order
Filing Description: ORDER RESETTING TELEPHONIC DOCKET CONTROL CONFERENCE
Status as of 8/26/2025 10:22 AM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Olegario Garcia | | ogarcia@raythomaspc.com | 8/25/2025 4:43:31 PM | SENT |
| Raymond L.Thomas | | rthomas@raythomaspc.com | 8/25/2025 4:43:31 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 8/25/2025 4:43:31 PM | SENT |

Associated Case Party: Home Depot USA, Inc. dba Home Depot

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Gretchen Heyn | | gheyn@brothers-law.com | 8/25/2025 4:43:31 PM | SENT |
| Karen MAlvarado | | service-alvarado@brothers-law.com | 8/25/2025 4:43:31 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 8/25/2025 4:43:31 PM | SENT |
| LINDA SANMIGUEL | | lsmiguel@zreynalaw.com | 8/25/2025 4:43:31 PM | SENT |
| DESI OLIVAREZ | | DOLIVAREZ@ZREYNALAW.COM | 8/25/2025 4:43:31 PM | SENT |
| KAREN MALVARADO | | kalvarado@brothers-law.com | 8/25/2025 4:43:31 PM | SENT |



# LAURA HINOJOSA
## HIDALGO COUNTY DISTRICT CLERK

Greetings:

Attached please find a copy of an order or judgment notifying you that an order has been signed in a case you are a party to or have been carbon copied on.

We appreciate the opportunity to assist you. Please contact our office if you have any questions or require additional information.

Sincerely,

*Laura Hinojosa*
Hidalgo County District Clerk

Post Office Box 87  Edinburg, Texas 78540  Telephone 956-318-2200  Facsimile 956-318-2251  districtclerk@co.hidalgo.tx.us

| Nilda Palacios | Ricardo Contreras | Adriana "Audry" Garcia | Sabrina S. Guerra | Stephanie Palacios | Priscilla Rivas |
|---|---|---|---|---|---|
| CHIEF DEPUTY | CHIEF OF ADMINISTRATION & PUBLIC INFORMATION | ASSISTANT CHIEF DEPUTY | SENIOR ACCOUNTANT | BUDGET AND PROCUREMENT OFFICER | DIVISION MANAGER |

Electronically Filed
11/12/2025 10:08 AM
Hidalgo County District Clerks
Reviewed By: Marcos Lopez

CAUSE NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | 476TH JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT USA, INC. dba HOME | § | |
| DEPOT and HERMAN ROQUE OCHOA | § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

## AGREED DOCKET CONTROL ORDER

The following scheduling order shall apply to this case unless modified by written Order of the Court, with the exception of pretrial deadlines, which can be modified by Rule 11 Agreement.

1. **EXPERT WITNESS DESIGNATION:** Expert witness designations are required and must be served by the following dates.
   a. **January 16, 2026:** Parties seeking affirmative relief.
   b. **February 17, 2026:** Parties defending claims for affirmative relief.

2. **April 17, 2026: DISCOVERY PERIOD ENDS.** All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period.

3. **AMENDED PLEADINGS:**
   a. **April 27, 2026:** Parties seeking affirmative relief.
   b. **May 4, 2026:** Parties defending claims for affirmative relief.

4. **April 22, 2026: TRCP 194.4 PRETRIAL DISCLOSURES.**

5. Mediation must be completed by **April 17, 2026.**

6. The Pretrial Conference (Via Zoom) is set for **April 30, 2026** at **9:30 a.m.**

7. Jury Selection is set for **May 15, 2026** at **9:00 a.m.**

8. This case is set for a **Jury Trial** on **May 18, 2026** at **9:00 a.m.**

Electronically Filed
11/12/2025 10:08 AM
Hidalgo County District Clerks
Reviewed By: Marcos Lopez

All other deadlines by the Texas Rules of Civil Procedure. A Joint Pretrial Order is not required. However, at least seven days before trial, the parties shall exchange witness lists, exhibit lists and exhibits, motions in limine, proposed jury charge, and page and line designations for each deposition the parties expect to offer during their case-in-chief.

SIGNED this the ___20th___ day of ___November___, 2025.

_____
JUDGE PRESIDING

AGREED TO:

_____
Raymond L. Thomas
State Bar No. 19865350
rthomas@raythomaspc.com
Olegario Garcia
State Bar No. 24069759
ogarcia@raythomaspc.com
**RAY THOMAS, PC**


_____
Karen M. Alvarado
State Bar No. 11067050
kalvarado@brothers-law.com
service-alvarado@brothers-law.com
**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**
**ATTORNEY FOR DEFENDANTS**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 107942531
Filing Code Description: Proposed Order
Filing Description: AGREED DOCKET CONTROL ORDER
Status as of 11/13/2025 3:25 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gretchen Heyn | | gheyn@brothers-law.com | 11/12/2025 10:08:57 AM | SENT |
| Karen MAlvarado | | service-alvarado@brothers-law.com | 11/12/2025 10:08:57 AM | SENT |
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 11/12/2025 10:08:57 AM | SENT |
| Olegario Garcia | | ogarcia@raythomaspc.com | 11/12/2025 10:08:57 AM | SENT |
| Raymond L.Thomas | | rthomas@raythomaspc.com | 11/12/2025 10:08:57 AM | SENT |
| LINDA SANMIGUEL | | lsmiguel@zreynalaw.com | 11/12/2025 10:08:57 AM | SENT |
| DESI OLIVAREZ | | DOLIVAREZ@ZREYNALAW.COM | 11/12/2025 10:08:57 AM | SENT |
| KAREN MALVARADO | | kalvarado@brothers-law.com | 11/12/2025 10:08:57 AM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 11/12/2025 10:08:57 AM | SENT |



# LAURA HINOJOSA
## HIDALGO COUNTY DISTRICT CLERK

Greetings:

Attached please find a copy of an order or judgment notifying you that an order has been signed in a case you are a party to or have been carbon copies on.

We appreciate the opportunity to assist you. Please contact our office if you have any questions or require additional information.

Sincerely,

*Laura Hinojosa*
Hidalgo County District Clerk

Post Office Box 87  Edinburg, Texas 78540  Telephone 956-318-2200  Facsimile 956-318-2251  districtclerk@co.hidalgo.tx.us

Nilda Palacios           Ricardo Contreras         Adriana "Audry" Garcia      Sabrina S. Guerra        Stephanie Palacios              Priscilla Rivas
CHIEF DEPUTY          CHIEF OF ADMINISTRATION    ASSISTANT CHIEF DEPUTY     SENIOR ACCOUNTANT    BUDGET AND PROCUREMENT OFFICER    DIVISION MANAGER
                        & PUBLIC INFORMATION

B-19

Electronically Filed
Hidalgo County District Clerks
Reviewed By: Jarod Gomez
11/13/2025 3:49 PM

CAUSE NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | 476TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| HOME DEPOT U.S.A., INC. d/b/a HOME | § | |
| DEPO and HERMAN ROQUE OCHOA | § | HIDALGO COUNTY, TEXAS |

### CONFIDENTIALITY AND PROTECTIVE ORDER

Before the court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

**1.    Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

**2.    Qualified Persons**

"Qualified Persons" means:

a.    For Counsel or Attorneys Only information:

    i.    retained counsel for the parties in this litigation and their respective staff;

    ii.    actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective

[ 1 ]

Copy from re:SearchTX

Electronically Filed
11/13/2025 3:49 PM
Hidalgo County District Clerks
Reviewed By: Jarod Gomez

Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

    iii.    this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

b.    For Confidential information:

    i.    the persons identified in subparagraph 2(a);

    ii.    the party, if a natural person;

    iii.    if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

    iv.    litigation vendors, court reporters, and other litigation support personnel;

    v.    any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

c.    Such other person as this court may designate after notice and an opportunity to be heard.

### 3.    Designation Criteria

a.    *Nonclassified Information.* Classified Information shall not include information that either:

    i.    is in the public domain at the time of disclosure, as evidenced by a written document;

    ii.    becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

    iii.    the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

    iv.    lawfully comes into the recipient's possession subsequent to the time

[ 2 ]

Copy from re:SearchTX

Electronically Filed
11/13/2025 3:49 PM
Hidalgo County District Clerks
Reviewed By: Jarod Gomez

of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

b.   *Classified Information.*   A party shall designate as Classified Information only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified.

Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational  data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential  legal liability to third parties.

Correspondence  and  other  communications  between  the  parties  or  with nonparties may be designated as Classified Information if the communication was made with the understanding  or reasonable expectation that the information would not become generally available to the  public.

c.   *For Counsel or Attorneys Only.*   The designation "For Counsel Only" or "Attorneys Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party.   For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

d.   *Ultrasensitive Information.*   At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be

[ 3 ]

Copy from re:SearchTX

Electronically Filed
11/13/2025 3:49 PM
Hidalgo County District Clerks
Reviewed By: Jarod Gomez

produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

### 4.    Use of Classified Information

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

### 5.    Marking of Documents

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential", "For Counsel Only", or "Attorneys Eyes Only". In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

### 6.    Disclosure at Depositions

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession,

[ 4 ]

Copy from re:SearchTX

Electronically Filed
11/13/2025 3:49 PM
Hidalgo County District Clerks
Reviewed By: Jarod Gomez

custody, or control. All deposition transcripts shall be treated as For Counsel Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

### 7. Disclosure to Qualified Persons

a.     *To Whom.* Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however,*** that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as For Counsel Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b.     *Retention of Copies During this Litigation.*   Copies of For Counsel Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of

[ 5 ]

Copy from re:SearchTX

Electronically Filed
11/13/2025 3:49 PM
Hidalgo County District Clerks
Reviewed By: Jarod Gomez

classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

      c.    Each party's outside counsel shall maintain a log of all copies of For Counsel Only documents that are delivered to Qualified Persons.

**8.    Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information or For Counsel Only information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**9.    Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by the producing party.

**10.    Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified

[ 6 ]

Copy from re:SearchTX

Electronically Filed
11/13/2025 3:49 PM
Hidalgo County District Clerks
Reviewed By: Jarod Gomez

Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

**11.    Challenging the Designation**

a.    *Classified Information.*    A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information

as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

b.    *Qualified Persons.*    In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would

[ 7 ]

Copy from re:SearchTX

Electronically Filed
11/13/2025 3:49 PM
Hidalgo County District Clerks
Reviewed By: Jarod Gomez

expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

### 12.    Manner of Use in Proceedings

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

### 13.    Filing Under Seal

The clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the court.

### 14.    Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim

[ 8 ]

Copy from re:SearchTX

Electronically Filed
11/13/2025 3:49 PM
Hidalgo County District Clerks
Reviewed By: Jarod Gomez

substantial portions of the text of any Classified Information.

### 15.    Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

### 16.    Advice to Clients

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation  in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

### 17.    Duty to Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

B-20

Copy from re:SearchTX

Electronically Filed
11/13/2025 3:49 PM
Hidalgo County District Clerks
Reviewed By: Jarod Gomez

18. **Waiver**

Neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

19. **Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

It is SO ORDERED this ___8th.___ day of ___December___, 20_25_.


_____
PRESIDING JUDGE


**AGREED:**

By: _____     DATED: 11/13/25
Olegario "Ole" Garcia
Ray Thomas PC
4900-B N. 10th Street
McAllen, Texas 78504
ogarcia@raythomaspc.com
*Attorney for Plaintiff*


**AGREED:**

By: _____     DATED: 11/13/25
Karen M. Alvarado
Brothers, Alvarado, Piazza & Cozort, P.C.
10333 Richmond Avenue, Suite 900
Houston, Texas 77042
kalvarado@brothers-law.com
*Attorney for Defendants*


[ 10

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 108028782
Filing Code Description: Proposed Order
Filing Description: CONFIDENTIALITY AND PROTECTIVE ORDER
Status as of 11/14/2025 9:04 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Gretchen Heyn | | gheyn@brothers-law.com | 11/13/2025 3:49:43 PM | SENT |
| Karen MAlvarado | | service-alvarado@brothers-law.com | 11/13/2025 3:49:43 PM | SENT |
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 11/13/2025 3:49:43 PM | SENT |
| Olegario Garcia | | ogarcia@raythomaspc.com | 11/13/2025 3:49:43 PM | SENT |
| Raymond L.Thomas | | rthomas@raythomaspc.com | 11/13/2025 3:49:43 PM | SENT |
| LINDA SANMIGUEL | | lsmiguel@zreynalaw.com | 11/13/2025 3:49:43 PM | SENT |
| DESI OLIVAREZ | | DOLIVAREZ@ZREYNALAW.COM | 11/13/2025 3:49:43 PM | SENT |
| KAREN MALVARADO | | kalvarado@brothers-law.com | 11/13/2025 3:49:43 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 11/13/2025 3:49:43 PM | SENT |

Copy from re:SearchTX

Electronically Filed
12/8/2025 11:00 AM
Hidalgo County District Clerks
Reviewed By: Jarod Gomez



# LAURA HINOJOSA
## HIDALGO COUNTY DISTRICT CLERK

Greetings:

Attached please find a copy of an order or judgment notifying you that an order has been signed in a case you are a party to or have been carbon copies on.

We appreciate the opportunity to assist you. Please contact our office if you have any questions or require additional information.

Sincerely,

*Laura Hinojosa*

Hidalgo County District Clerk

Post Office Box 87  Edinburg, Texas 78540  Telephone 956-318-2200  Facsimile 956-318-2251  districtclerk@co.hidalgo.tx.us

| Nilda Palacios | Ricardo Contreras | Adriana "Audry" Garcia | Sabrina S. Guerra | Stephanie Palacios | Priscilla Rivas |
|---|---|---|---|---|---|
| CHIEF DEPUTY | CHIEF OF ADMINISTRATION & PUBLIC INFORMATION | ASSISTANT CHIEF DEPUTY | SENIOR ACCOUNTANT | BUDGET AND PROCUREMENT OFFICER | DIVISION MANAGER |

B-21

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 108825607
Filing Code Description: Notice Sent
Filing Description: CONFIDENTIALITY AND PROTECTIVE ORDER
Status as of 12/8/2025 11:01 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Olegario Garcia | | ogarcia@raythomaspc.com | 12/8/2025 11:00:23 AM | SENT |
| KAREN MALVARADO | | kalvarado@brothers-law.com | 12/8/2025 11:00:23 AM | SENT |

CAUSE NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | 476TH JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT USA, INC. dba HOME | § | |
| DEPOT and HERMAN ROQUE OCHOA | § | |
| DEFENDANTS | § | |
| | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S EXPERT DESIGNATIONS AND
## SUPPLEMENTATION OF RULE 194.2(F) DISCLOSURES

Plaintiff, JUAN LUIS WEBBER, files this Expert Designation and Supplementation of Rule 194.2(f) Disclosures pursuant to the TEXAS RULES OF CIVIL PROCEDURE and this Court's Docket Control Order, and shows the Court as follows:

### I.
### NON-RETAINED EXPERTS

Plaintiff believes the following non-retained individuals may provide expert testimony/opinions in their relevant fields of expertise, skills, experience, and/or work as it relates to their involvement in this lawsuit, and Plaintiff hereby gives notice that he might illicit such expert testimony/opinions if and when they are deposed, including any and all Custodian of Records, agents, servants, representatives and employees.

1. **City of Pharr EMS**
   **Capt. Chris Cisneros**
   **Chief Danny Ramirez**
   Including other physicians, nurses, representatives, agents and support staff
   3000 N. Cage Blvd.
   Pharr, Texas 78577
   P: 956.402.2100
   *Medical Provider*

The following health care providers may testify regarding the care and treatment of Plaintiff including causation and the reasonableness and necessity of the medical care

rendered and charges paid and incurred. They may testify as to Plaintiff's condition, diagnosis and prognosis and that all treatments prescribed and performed were necessary and related to the incident in question and that the charges for such treatments were usual and customary for the same or similar treatments at the place and time performed. Plaintiff's healthcare providers may also testify about his prognosis and rise of future symptomology related to and caused by the incident and the usual and customary costs for treatments made necessary by such symptoms. These individuals have not been retained or hired as expert witnesses by Plaintiff. Their names have come from the medical records pertaining to Plaintiff, and their opinions may be contained in such records, and/or in their oral and/or written deposition testimony. In addition to the following health care providers, the following Custodians of Records may have certain opinions which are more readily set forth in their respective Deposition by Written Questions, which may have been obtained in connection with this case. Plaintiff also refers you to any and all medical records produced for the identities of health care providers (who have not already been specifically named herein), services rendered and other relevant information contained in such records:

### MEDICAL PROVIDERS

2. **Xpress MRI**
   **Rafath Quraishi, M.D.**
   **Daniela Zuniga Custodian of Billing and Medical Records**
   Including other physicians, nurses, representatives and support staff
   5219 N. McColl Road
   McAllen, Texas 78504
   P: 956.800.4961
   *Medical Provider*

3. **Rad Imaging Partners, LLC**
   **Rafath Quraishi, M.D.**
   **Alyssa Salazar Custodian of Billing and Medical Records**
   Including other physicians, nurses, representatives and support staff
   P.O. Box 538
   Weslaco, Texas 78599

Page **2** of **8**
**Plaintiff's Expert Designations and Supplementation**
**Of Rule 194.2(F) Disclosures**

P: 956.375.8463
*Medial Provider*

4. **Texas Neuropsychology Group**
   **Gabriel Jasso, PsyD, ABBHP, ABDA, ABMPP**
   **Rosario Garza Custodian of Billing and Medical Records**
   Including other physicians, nurses, representatives and support staff
   5209 N. McColl Road
   McAllen, Texas 78504
   P: 972-789-9600
   *Medical Provider*

5. **ASP Cares Pharmacy**
   **Lauriya Dixson Custodian of Medical and Billing records**
   And other pharmacists, employees, representatives, agents, and support staff
   1400 N. Westgate Drive, Suite 200
   Weslaco, Texas 78599
   P: 956.687.2500
   *Medical Provider*

6. **Doctors Hospital at Renaissance**
   **Javier Elias Cortinas, M.D.**
   **Vangala Reddy, M.D.**
   **Arturo Avelino, NP**
   **Merrie Segovia, RN**
   **Gabriela Garcia, RN**
   **Kassandra Closner, Pharm D**
   **Sheng Liang, Pharm D**
   **Francis Makiolke Custodian of medical billing records**
   **Elizabeth Ann Gonzales Custodian of medical records**
   Including other physicians, nurses, representatives, agents and support staff
   5501 S. McColl Road
   Edinburg, Texas 78539
   P: 956.362.8677
   *Medical Provider*

7. **Elite Therapy**
   **Arturo Grimaldo, D.C.**
   **Alyssa Herrera, CA**
   **Margie Gutierrez Custodian of medical and medical billing records**
   Including other physicians, nurses, representatives, agents and support staff
   1002 E. Expressway

Page **3** of **8**
**Plaintiff's Expert Designations and Supplementation**
**Of Rule 194.2(F) Disclosures**

Weslaco, Texas 78596
P: 956.230.2516
*Medical Provider*

8. **City of Pharr EMS**
   **Carolina Flores**
   **Amalia Hernandez**
   **Tameka L. Alcantar**
   **Daniel Ramirez Custodian of Billing and Medical Records**
   Including other physicians, nurses, representatives, agents and support staff
   3000 N. Cage Blvd.
   Pharr, Texas 78577
   P: 956.402.2100
   *Medical Provider*

9. **Lonestar Neuro Diagnostics and Rehab**
   **Alejandro T. Martinez, DC, DNP**
   **Patricia Garza Custodian of Billing and Medical Records**
   Including other physicians, nurses, representatives, agents and support staff
   4900 N. 10th Street, D2
   McAllen, Texas 78504
   P: 956.630.2220
   *Medical Provider*

10. **Jorge Saenz, M.D., PA**
    **Annalisa L. Hernandez-Romero Custodian of Billing and Medical Records**
    Including other physicians, nurses, representatives, agents and support staff
    1416 E. Expressway 83
    Weslaco, Texas 78596
    P: 956.854.4324
    *Medical Provider*

11. **Renaissance Emergency Physicians, P.A.**
    **Arturo Avelino, M.D.**
    **Maribel Cavazos Custodian of Billing Records**
    Including other physicians, nurses, representatives, agents and support staff
    4745 S. Jackson Road
    Edinburg, Texas 78539
    P: 956.843.0275
    *Medical Provider*

Page **4** of **8**
**Plaintiff's Expert Designations and Supplementation**
**Of Rule 194.2(F) Disclosures**

12. **Renaissance Radiology & Associates**
    **Amy Glatz Custodian of Billing Records**
    Including other physicians, nurses, representatives, agents and support staff
    P.O. Box 1307
    Indianapolis, IN 46206
    P: 956.688.9718
    *Medical Provider*

13. **South Texas Radiologist, LLC**
    **Jorge Saenz, M.D.**
    **Angeleena Mendoza-Torres Custodian of Billing and Medical Records**
    Including other physicians, nurses, representatives, agents and support staff
    1002 E. Expressway 83, Suite B1
    Weslaco, Texas 78596
    P: 956.405.3780
    *Medical Provider*

14. **Henry Small, M.D.**
    **Wanda McClelland Custodian of Billing and Medical Records**
    Including other physicians, nurses, representatives, agents and support staff
    7501 Fannin Street, Suite 710
    Houston, Texas 77054
    P: 346.320.2420
    *Medical Provider*

15. **Donna Eye Clinic**
    **Christopher Guillen, O.D.**
    **Christopher Guillen Custodian of Billing and Medical Records**
    Including other physicians, nurses, representatives, agents, and support staff
    301 N. Salinas Blvd
    Donna, Texas 78537
    P: 956.464.8160
    *Medical Provider*

16. **911 Pain Management**
    **Eric Mehlberg, M.D.**
    **Kenneth Williams, M.D.**
    **Alexander Timchenko, M.D.**
    **Ronald Parris, M.D.**
    **Crystal Perez, PA-C**
    **Magdalena Ramirez**
    **Joel Garza**

**Vanessa Salmon Custodian of Billing and Medical Records**
Including other physicians, nurses, representatives, agents, and support staff
6900 North 10th Street, Suite 4
McAllen, Texas 78504
P: 956.627.5137
*Medical Provider*

17. **Urgent Care of South Texas**
    **Jorge Saenz, M.D.**
    **Yadira Perez, FNP**
    **Alexis Saenz Custodian of Billing and Medical Records**
    Including other physicians, nurses, representatives, agents and support staff
    1002 E. Expressway 83, Suite B1
    Weslaco, Texas 78596
    P: 956.405.3780
    *Medical Provider*

18. **TBI Diagnostics McAllen**
    **Paul Harris, M.D.**
    **David Boynton, DC**
    **Celina Suarez Custodian of Billing and Medical Records**
    Including other physicians, nurses, representatives, agents and support staff
    8801 N. 10th Street, Suite 150
    McAllen, Texas 78504
    P: 956.668.8188
    *Medical Provider*

19. **Northgate Open MRI**
    **Kevin Legendre, M.D.**
    **Celina Suarez Custodian of Billing and Medical Records**
    Including other physicians, nurses, representatives, agents and support staff
    8801 N. 10th Street, Suite 150
    McAllen, Texas 78504
    P: 956.213.0270
    *Medical Provider*

## II.
## DEFENDANTS' EXPERTS

Plaintiff may call or cross-examine the persons listed as Defendants' experts or potential experts. In addition, Plaintiff may call or cross-examine any or all of the fact

and/or the expert witnesses, corporate representatives and/or trial representatives designated by the Defendants or any other parties or who may appear in documents produced in this cause and, for that limited purpose, Plaintiff adopts by reference those listed by other parties. The fact that Plaintiff may call or cross examine any alleged expert designated by other parties is not an admission that such designated person is an "expert" or that their opinions are admissible, and Plaintiff reserves his right to object to any or all such experts and/or some or all of their opinions.

Plaintiff reserves the right to call undesignated expert rebuttal witnesses whose testimony cannot reasonably be foreseen until the presentation of the evidence against Plaintiff. Plaintiff further reserves the right to withdraw the designation of any expert and to aver that any such previously designated expert will not be called to testify as a witness at trial and to re-designate such expert as a consulting expert, who cannot be called to testify by opposing counsel.

Respectfully submitted,

By:

Raymond L. Thomas
State Bar No. 19865350
rthomas@raythomaspc.com
Olegario Garcia
State Bar No. 24069759
ogarcia@raythomaspc.com
**RAY THOMAS, PC**
4900-B North 10th Street
McAllen, Texas 78504
(956) 632-5033

And

Ezequiel Reyna, Jr.
State Bar No. 16794798
lsmiguel@zreynalaw.com
dolivarez@zreynalaw.com
mayramtz@zreynalaw.com
**LAW OFFICES OF**

**EZEQUIEL REYNA, JR., P.C.**
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone
(956) 969-0492 (Fax)

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court and served on all counsel on this 16th day of January, 2026.

_____
Raymond L. Thomas

CAUSE NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | 476TH JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT USA, INC. dba HOME | § | |
| DEPOT and HERMAN ROQUE OCHOA | § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

**PLAINTIFF JUAN LUIS WEBBER'S NOTICE OF FILING MEDICAL RECORD AND MEDICAL BILLING AFFIDAVITS**

TO:    Defendants, HOME DEPOT USA, INC dba HOME DEPOT AND HERMAN ROQUE OCHOA; by and through their attorneys of record, Karen M. Alvarado, BROTHERS, ALVARADO, PIAZZA, & COZORT, P.C., 10333 Richmond, Suite 900, Houston, Texas 77042.

You are hereby notified that Plaintiff JUAN LUIS WEBBER, pursuant to TEX. R. CIV. EVID., has filed with the Clerk of the Court the original Affidavits of the following entities:

1. **Affidavit of Medical Billing Records for PHARR EMS WEBBER0001** (*previously produced under WEBBER0001 – WEBBER0004);*
2. **Affidavit of Medical Records for PHARR EMS WEBBER0005** (*previously produced under WEBBER0005 – WEBBER0027);*
3. **Affidavit of Medical Billing Records for DHR HEALTH WEBBER0028** (*previously produced under WEBBER0028 – WEBBER0030);*
4. **Affidavit of Medical Records for DHR HEALTH WEBBER0031** (*previously produced under WEBBER0031 – WEBBER0088);*
5. **Affidavit of Medical Billing Records for ELITE THERAPY WEBBER0089** (*previously produced under WEBBER0089 – WEBBER0094);*
6. **Affidavit of Medical Records for ELITE THERAPY WEBBER0095** (*previously produced under WEBBER0095 – WEBBER0187);*
7. **Affidavit of Medical Billing Records for JORGE SAENZ MD WEBBER0188** (*previously produced under WEBBER0188 – WEBBER0189);*
8. **Affidavit of Medical Records for JORGE SAENZ MD WEBBER0190** (*previously produced under WEBBER0190 – WEBBER0196);*

9. **Affidavit of Medical Billing Records for NORTHGATE OPEN MRI WEBBER0197** *(previously produced under WEBBER0197 – WEBBER0198);*

10. **Affidavit of Medical Records for NORTHGATE OPEN MRI WEBBER0199** *(previously produced under WEBBER0199 – WEBBER0206);*

11. **Affidavit of Medical Billing Records for RENAISSANCE EMERGENCY PHYSICIANS WEBBER0207** *(previously produced under WEBBER0207 – WEBBER0208);*

12. **Affidavit of Medical Billing Records for SOUTH TEXAS RADIOLOGIST WEBBER0209** *(previously produced under WEBBER0209 – WEBBER0210);*

13. **Affidavit of Medical Records for SOUTH TEXAS RADIOLOGIST WEBBER0211** *(previously produced under WEBBER0211 – WEBBER0215);*

14. **Affidavit of Medical Billing Records for URGENT CARE OF SOUTH TEXAS WEBBER0216** *(previously produced under WEBBER0216 – WEBBER0217);*

15. **Affidavit of Medical Records for URGENT CARE OF SOUTH TEXAS WEBBER0218** *(previously produced under WEBBER0218 – WEBBER0226);*

16. **Affidavit of Medical Billing Records for 911 PAIN MANAGEMENT WEBBER0265** *(previously produced under WEBBER0265 – WEBBER0270);*

17. **Affidavit of Medical Records for 911 PAIN MANAGEMENT WEBBER0271** *(previously produced under WEBBER0271 – WEBBER0470);*

18. **Affidavit of Medical Billing Records for ASP CARES PHARMACY WEBBER0471** *(previously produced under WEBBER0471 – WEBBER0473);*

19. **Affidavit of Medical Billing Records for DONNA EYE CLINIC & OPTICAL WEBBER0474** *(previously produced under WEBBER0474 – WEBBER0475);*

20. **Affidavit of Medical Records for DONNA EYE CLINIC & OPTICAL WEBBER0476** *(previously produced under WEBBER0476 – WEBBER0490);*

21. **Affidavit of Medical Billing Records for HENRY SMALL, M.D. WEBBER0491 – WEBBER0492** *(previously produced under WEBBER0491 – WEBBER0496);*

22. **Affidavit of Medical Records for HENRY SMALL, M.D. WEBBER0497 – WEBBER0498** *(previously produced under WEBBER0497 – WEBBER0536);*

23. **Affidavit of Medical Billing Records for JORGE SAENZ, M.D, P.A. WEBBER0537** *(previously produced under WEBBER0537 – WEBBER0539);*

24. **Affidavit of Medical Records for JORGE SAENZ, M.D, P.A. WEBBER0540** *(previously produced under WEBBER0540 – WEBBER0744);*

25. **Affidavit of Medical Billing Records for LONE STAR NEURO DIAGNOSTICS AND REHAB WEBBER0745** *(previously produced under WEBBER0745 – WEBBER0747);*

26. **Affidavit of Medical Billing Records for RAD IMAGING PARTNERS, LLC WEBBER0748** *(previously produced under WEBBER0748 – WEBBER0749);*

27. **Affidavit of Medical Billing Records for TBI DIAGNOSTICS MCALLEN WEBBER0750** *(previously produced under WEBBER0750 – WEBBER0751);*

28. **Affidavit of Medical Records for TBI DIAGNOSTICS MCALLEN WEBBER0752** *(previously produced under WEBBER0752 – WEBBER0782);*

29. **Affidavit of Medical Billing Records for TEXAS NEUROPSYCHOLOGY GROUP WEBBER0783** *(previously produced under WEBBER0783 – WEBBER0784);*

30. **Affidavit of Medical Records for TEXAS NEUROPSYCHOLOGY GROUP WEBBER0785** *(previously produced under WEBBER0785 – WEBBER0853);*

31. **Affidavit of Medical Billing Records for XPRESS MRI WEBBER0854** *(previously produced under WEBBER0854 – WEBBER0855);*

32. **Affidavit of Medical Records for XPRESS MRI WEBBER0856** *(previously produced under WEBBER0856 – WEBBER0857);*

33. **Affidavit of Medical Billing Records for RENAISSANCE RADIOLOGY ASSOCIATES WEBBER0858** *(previously produced under WEBBER0858 – WEBBER0859).*

Respectfully submitted,

By: _____

Raymond L. Thomas
State Bar No. 19865350
rthomas@raythomaspc.com
**RAY THOMAS, PC**
4900-B North 10th Street
McAllen, Texas 78504
(956) 632-5033

And

Ezequiel Reyna, Jr.
State Bar No. 16794798
lsmiguel@zreynalaw.com
dolivarez@zreynalaw.com
mayramtz@zreynalaw.com
**LAW OFFICES OF**
**EZEQUIEL REYNA, JR., P.C.**
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone
(956) 969-0492 (Fax)

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court and served on all counsel on this 15th day of January, 2026.

_____
Raymond L. Thomas