IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | |
| | § | |
| VS. | § | Civil Action No. 7:26-cv-00051 |
| | § | JURY DEMANDED |
| HOME DEPOT U.S.A., INC. dba | § | |
| HOME DEPOT and HERMAN | § | |
| ROQUE OCHOA | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

**Please restate each instruction in bold before furnishing the requested information.**

1.  State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

    **The Parties held the meeting required by Rule 26(f) on February 17, 2026.
    The meeting was attended by:
    Olegario Garcia and Chad Flores, Counsel for Plaintiff.
    Lucia D. Zhan, Counsel for Defendants.**

2.  List the cases related to this one that are pending in any state or federal court with the case number and court.

    **This case was removed from the 476th Judicial District court in Hidalgo County, Texas, Cause No. C-0490-25-M.**

3.  Briefly describe what this case is about.

    **This case arises from an incident that allegedly involved unrestrained merchandise that fell on Plaintiff in Home Depot #506 in Pharr, Hidalgo County, Texas on or about January 9, 2024. Plaintiff alleges personal injuries and seek damages for his alleged injuries.**

4.  Specify the allegation of federal jurisdiction.

    **Defendants assert federal jurisdiction exists over this lawsuit because it involves Parties with diverse citizenship and the amount in controversy exceeds $75,000.00.**

5.   Name the parties who disagree and the reasons.

**Plaintiff disagrees pursuant to his forthcoming Motion to Remand.**

6.   List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**The Parties are not aware of any additional parties based on the facts and discovery to date.**

7.   List anticipated interventions.

**None at this time.**

8.   Describe any class–action issues.

**There are no class allegations or class action issues.**

9.   State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**The Parties will make their initial disclosures within 30 days of the filing of this Joint Case Management Plan. Otherwise, the Parties do not anticipate needing any changes to the form or requirements of disclosures under Rule 26.**

10.   Describe the proposed agreed discovery plan, including:

A. Responses to all the matters raised in Rule 26(f).

- **The parties do not expect this case to involve much, if any, electronic discovery and agree to narrowly tailor any requests for discovery of electronically stored information. If any electronic discovery is needed, the parties anticipate producing documents and emails in system-generated, searchable PDF or TIFF format or other reasonably usable formats at the option of the producing party. The parties will produce media files (such as video or audio) in native format.**

- **The parties agree and consent to service of pleadings, discovery, and other papers by e-mail (including secure e-mail and fileshare services), as permitted by Fed. R. Civ. P. 5(b)(2)(F). For such service to be valid, the electronic transmission must be sent to the designated e-mail address for the lead counsel for the party being served with the pleading or other paper, along with any other e-mail addresses designated by that party to**

be included for electronic service (including, for example, additional attorneys or support staff). The parties are free, at any time, to change the designated e-mail addresses for electronic service and/or to withdraw their consent to e-mail service on a going-forward basis by provided written notice.

B. When and to whom the plaintiff anticipates it may send interrogatories.

Som Interrogatories have been exchanged. In the event that additional Interrogatories need to be sent, Plaintiff anticipates sending interrogatories to Defendants within 30 days after the Court rules on Plaintiff's Motion to Remand. The limit of twenty-five interrogatories in Rule 33(a) is appropriate in this case.

C. When and to whom the defendant anticipates it may send interrogatories.

Some interrogatories have been exchanged. In the event that additional interrogatories need to be sent, Defendant anticipates sending interrogatories to Plaintiff within 30 days after the Court rules on Plaintiff's forthcoming Motion to Remand. The limit of twenty-five interrogatories in Rule 33(a) is appropriate in this case.

D. Of Whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff anticipates deposing: (a) a corporate representative of Defendant, (b) Defendant Herman Roque Ochoa, (c) key medical providers, and (d) any expert witnesses Defendants may designate. Plaintiff may also depose any key fact witnesses that are identified during discovery. Plaintiff anticipates taking the depositions of expert witnesses after expert witnesses are designated and disclosures are made. Plaintiff anticipates taking these depositions by the close of the discovery period.

E. Of Whom and by when the defendant anticipates taking oral depositions.

Defendant anticipates taking the oral deposition of any Plaintiff, any fact witnesses, some of Plaintiff's non-retained experts and may take the deposition of Defendant's retained experts. The Parties believe these depositions can occur in the next 12 months. The Parties believe Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B),

and when the opposing party will be able to designate responsive experts and provide their reports.

(i)    **Plaintiff anticipates being able to designate experts and provide reports consistent with under Rule 26(a)(2)(B) on or before August 20, 2026.**

(ii)   **Defendant anticipates being able to designate experts and provide reports consistent with Rule 26(a)(2)(B) on or before September 21, 2026.**

G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Plaintiff anticipates deposing retained experts designated by Defendants by the close of discovery. Plaintiff may also depose select medical providers. Plaintiff may further depose his own expert witnesses, if that becomes necessary to preserve the expert's testimony for trial.**

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule26(a)(2)(B) (export report).

**Defendant anticipates deposing any expert witness designated by Plaintiffs. Defendant believes these depositions can be completed sixty days after the date listed in 10(f)(i).**

11.  If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**The Parties have agreed to the discovery plan.**

12.  Specify the discovery beyond initial disclosures that has been undertaken to date.

**None.**

13.  State the date the planned discovery can reasonably be completed.

**The Parties believe that discovery can reasonably be complete by: October 16, 2026.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**At this point, neither side has sufficient information to meaningfully formulate a settlement position. Therefore, counsel agree to discuss settlement options after the parties have exchanged initial disclosures and conducted some discovery. Counsel believe mediation will be useful in this case at a later stage, after they have had a chance to conduct discovery. Plaintiff expects to be able to serve Defendants with a settlement demand near the close of discovery.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**Prior to filing suit, the Parties exchanged a limited amount of information about the facts of the case, alleged injuries and damages.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**While the Parties will keep an open line of communication with respect to the resolution of this case, the Parties have agreed to schedule and attend mediation approximately 5-6 months from the filing of this plan.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**The parties have not jointly agreed to a trial before a magistrate judge.**

18. State whether a jury demand has been made and if it was made on time.

**The Defendant made a timely jury demand on March 3, 2025.**

19. Specify the number of hours it will take to present the evidence in this case.

**The parties anticipate it will take approximately 16-20 hours (or 3-4 days) to present the evidence in this case.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**Plaintiff's Opposed Motion to Remand.**

21. List other motions pending.

   **None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   **At this time, there are no other matters that deserve the attention of the Court at the initial pretrial conference.**

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

Raymond L. Thomas
State Bar No. 19865350
rthomas@raythomaspc.com
**Olegario Garcia**
State Bar No. 24069759
ogarcia@raythomaspc.com
**RAY THOMAS, PC**
4900-B North 10th Street
McAllen, Texas 78504
(956) 632-5033
(956) 540-5631 (Fax)

And

Marco Cepeda
S.D. Tex. No. 58290
mcepeda@zreynalaw.com
**LAW OFFICES OF
EZEQUIEL REYNA, JR., P.C.**
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone
(956) 969-0492 (Fax)

And

Chad Flores
**Flores Law PLLC**

Karen M. Alvarado
Attorney in Charge
State Bar No. 11067050
Federal ID No. 10880
**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**
10333 Richmond, Suite 900
Houston, Texas 77042
(713) 337-0750 Telephone
(713) 337-0760 Facsimile
service-alvarado@brothers-law.com
kalvarado@brothers-law.com

*Attorney for Defendants, Home Depot U.S.A., Inc. and Herman Roque Ochoa*

Texas Bar No. 24059759
Fed. Id. No. 1060324
917 Franklin Street, Suite 600
Houston, Texas 77002
Telephone: (713) 364-6640
Facsimile: (832) 645-2496
chad@chadflores.law

*Attorneys for Plaintiff, Juan Luis Webber*


Olegario Garcia
Counsel for Plaintiff, Juan Luis Webber

Karen M. Alvarado
Counsel for Defendants, Home Depot
U.S.A., Inc. and Herman Roque Ochoa