IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN LUIS WEBBER,<br>*Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 7:26-cv-00051 |
| HOME DEPOT U.S.A. dba<br>HOME DEPO AND HERMAN<br>ROQUE OCHOA,<br>*Defendants*. | §<br>§<br>§<br>§ | JURY TRIAL DEMADED |

**Plaintiff's Motion to Remand**

## Table of Contents

Summary of the Argument.................................................................................1

Argument ............................................................................................................2

I.    This Removal Is Procedurally Barred as a Repetitive Removal. ......................2

    A.    The first removal and remand...............................................................3

    B.    The second removal repeats the same grounds. ..................................4

    C.    The "new evidence" adds nothing material. .......................................4

    D.    The procedural bar requires immediate remand................................5

II.   Even Evaluated Anew, This Removal Fails........................................................5

    A.    The legal standard forecloses removal. ...............................................6

    B.    The commission-based theory remains colorable. ..............................6

    C.    The omission-based theory remains colorable. ...................................7

    D.    *Smallwood* independently bars removal..............................................7

III.  Plaintiff Is Entitled to Attorney's Fees. ..........................................................8

Conclusion ..........................................................................................................9

Certificate of Conference .................................................................................11

Certificate of Service.........................................................................................11

Plaintiff Juan Luis Webber files this motion to remand, requesting that the Court remand this case for the second time to its original state court, the 476th Judicial District Court of Hidalgo County, Texas.

### Summary of the Argument

This is Home Depot's second bite at the removal apple. The first rightly failed. This one fails as well for two sets of reasons and is objectively unreasonable.

Removal doctrine bars serial removals on materially unchanged grounds. Home Depot removed on March 5, 2025, and this Court remanded on July 16, 2025. Home Depot now removes again on the same improper-joinder theory—repackaged, not new. A defendant cannot relitigate a remand order by adding gloss or evidence it could have offered the first time. This second removal is therefore procedurally barred and must be remanded without reaching the merits.

Evaluated on the merits, this removal fails for the same reason it failed before: Home Depot has not shown that Plaintiff has no possibility of recovery against Defendant Herman Roque Ochoa. The second removal again argues away duty and labels Ochoa "improperly joined," but Plaintiff pleads at least one colorable negligence claim under Texas law. With Ochoa properly joined, complete diversity does not exist and this Court lacks subject-matter jurisdiction.

1

The Court should award Plaintiff attorney's fees under 28 U.S.C. § 1447(c). Home Depot removed twice on the same errant improper-joinder theory and timed the second removal for maximum disruption—days after Plaintiff served his expert designations in the ramp up to a scheduled state-court trial. Because this tactic is objectively unreasonable, the Court should award the attorney's fees and costs Plaintiff incurred unnecessarily litigating in federal court a second time.

**Argument**

**I.    This Removal Is Procedurally Barred as a Repetitive Removal.**

Federal removal law bars successive removals on substantially the same grounds. A defendant who removes, loses, and removes again on the same theory violates that structural design. A second removal is permissible only if the procedural landscape has materially changed—through new pleadings, new parties, or evidence *genuinely unavailable* before. Nothing less qualifies. This rule is well-established both generally, *see, e.g.*, *St. Paul & C.R. Co. v. McLean*, 108 U.S. 212 (1883); 14C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3739 & n.23 (Rev. 4th ed. West 2025), and in the Fifth Circuit, *see, e.g.*, *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *Smith v. Student Non-Violent Coordinating Comm.*, 421 F.2d 522, 524 (5th Cir. 1969). Home Depot's second notice of removal does not satisfy this test. It is a barred successive removal.

### A.    The first removal and remand.

Home Depot filed its first notice of removal on March 5, 2025, asserting diversity jurisdiction on the ground that Ochoa was improperly joined. Doc. 1, No. 7:25-cv-00095 (S.D. Tex.) (attached as Exhibit A). Home Depot's theory was that Texas law imposed no duty on Ochoa because he did not cause Plaintiff's initial injury—the falling box. *Id.* at 3–4, ¶¶ 10–11. Home Depot argued that Ochoa's alleged failure to call 911 and failure to render aid were legally insufficient because a bystander owes no duty to assist someone whose injury he did not cause. *Id.* Home Depot said nothing about Ochoa's affirmative act of ordering Plaintiff outside. *Id.*

Plaintiff moved to remand, identifying three independent theories that each defeated improper joinder: (1) Ochoa's tortious commission of ordering a critically injured man to relocate outside, triggering a negligent-undertaking duty under *Torrington* and *Colonial Savings*; (2) Ochoa's tortious omissions, supported by *Valdes v. Wal-Mart Stores, Inc.*, 158 F.3d 584 (5th Cir. 1998), which upheld a store manager's independent duty to business invitees; and (3) the *Smallwood* bar, because Home Depot's no-duty argument applied equally to both defendants and was therefore a merits attack, not a joinder argument. Doc. 11 at 3–14, No. 7:25-cv-00095 (S.D. Tex.) (attached as Exhibit B). Home Depot responded, Doc. 12, No. 7:25-cv-00095 (S.D.

3

Tex.) (attached as Exhibit C), and Plaintiff replied, Doc. 18, No. 7:25-cv-00095 (S.D. Tex.) (attached as Exhibit D).

After full briefing, the Court granted Plaintiff's motion and remanded. Doc. 21, No. 7:25-cv-00095 (S.D. Tex.) (attached as Exhibit E). The ruling rejected Home Depot's improper-joinder theory in its entirety. *Id.*

### B.    The second removal repeats the same grounds.

Home Depot's new notice of removal is substantively identical to the first. Doc. 1. The structure, legal theory, and arguments remain unchanged. *Id.* Home Depot again claims Ochoa was improperly joined because Texas law imposes no duty on him. *Id.* at 2-7. Home Depot again argues the commission-based theory fails because no undertaking occurred. *Id.* Home Depot raised this identical defense during the first removal. Ex. C. The Court considered it and remanded anyway.

### C.    The "new evidence" adds nothing material.

Home Depot's sole justification for successive removal is Ochoa's affidavit. Doc. 1 at 2 & Ex. B. This fails the standard for successive removal on three fronts.

First, the affidavit was available before the first remand. Ochoa is a Home Depot employee. *Id.* Home Depot could have obtained this affidavit at any time during the first removal proceedings. A defendant cannot withhold evidence, lose a remand motion, and then re-remove based on testimony it possessed all along.

Second, the affidavit adds nothing the Court did not already consider. *See id.* Ochoa attests to his employment status and denies placing the box that fell on Plaintiff. *Id.* Those facts were already established in Plaintiff's pleading and the prior briefing. The affidavit merely recites the known facts that failed before.

Third, the affidavit is irrelevant to the liability theories the Court found colorable. Plaintiff's *commission*-based theory rests on Ochoa's affirmative act of ordering Plaintiff to move outside while critically injured. Ochoa's affidavit does not deny ordering Plaintiff outside. It ignores the commission-based theory entirely.

### D.    The procedural bar requires immediate remand.

This is the textbook case for the procedural bar. Home Depot removed on an improper-joinder theory, briefed it fully, and lost. The rule against repetitive removal prevents such serial removals used to delay and relitigate jurisdiction. Because nothing material has changed since the prior remand, this removal is procedurally barred, and the Court should remand without reaching the merits.

## II.    Even Evaluated Anew, This Removal Fails.

If the Court reaches the merits, it must remand for the same reasons it did in July 2025. Home Depot's improper-joinder theory fails under the governing legal standard.

## A.    The legal standard forecloses removal.

Home Depot bears a heavy burden of proving that the joinder of the in-state party was improper. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). The test is whether there is "no possibility of recovery by the plaintiff against an in-state defendant." *Id.* at 573. Any ambiguities in state law must be resolved in favor of remand. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

## B.    The commission-based theory remains colorable.

Plaintiff alleges that Ochoa, after seeing Plaintiff lying injured inside the store, "required Plaintiff to move and wait outside for emergency care." Doc. 1-2 at 6-7, ¶ 14. The movement to the curb "had the effect of aggravating Plaintiff's injuries." *Id.* This is not a failure-to-rescue claim. It is a tortious *commission* claim: Ochoa made things worse by ordering a head-injury victim to move unsafely.

Texas law recognizes a duty when someone undertakes to provide services to another and that undertaking increases the risk of harm. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837–38 (Tex. 2000); *Colonial Sav. Ass'n v. Taylor*, 544 S.W.2d 116, 119 (Tex. 1976). Ochoa undertook to direct Plaintiff's post-injury movement. Because that direction was negligent and increased Plaintiff's harm, Ochoa owes a

6

duty. Ordering someone to move outside is an undertaking. The pleadings resolve this factual question in Plaintiff's favor.

### C.    The omission-based theory remains colorable.

Plaintiff also alleges that Ochoa failed to call 911, failed to provide first aid, and failed to render aid while Plaintiff lay in agony. Doc. 1-2 at 8-9, ¶ 19. On these facts, the Fifth Circuit's decision regarding Texas law in *Valdes v. Wal-Mart Stores, Inc.*, 158 F.3d 584 (5th Cir. 1998), establishes a store manager's duty. At minimum, Texas law is ambiguous on this point, requiring remand under *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) ("any ambiguities of state law must be resolved in favor of remand").

### D.    *Smallwood* independently bars removal.

*Smallwood v. Illinois Central Railway Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc), holds that "when the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants... the requisite showing has not been made." *Id.* at 574.

The *Smallwood* bar applies here because Home Depot's "no duty" argument applies equally to Home Depot itself. If Texas law imposes no duty to render aid except on the individual who caused the initial injury, then neither Ochoa nor Home

Depot owes such a duty. Home Depot's argument is an attack on the merits *of the entire case*. *Smallwood* strictly forbids using removal to litigate global merits defenses. Since Home Depot's effort if successful would be "equally dispositive of all defendants rather than to the in-state defendants alone," Smallwood, 385 F.3d at 574, "there is no improper joinder." *Id.*

### III.    Plaintiff Is Entitled to Attorney's Fees.

Section 1447(c) authorizes fees when the removing party lacked an "objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Fifth Circuit has long upheld fee awards on this basis. *See, e.g.*, *Muirhead v. Bonar*, 556 F.2d 735, 736 (5th Cir. 1977); *Smith v. Student Non-Violent Coordinating Comm.*, 421 F.2d 522, 524 (5th Cir. 1969).

Home Depot's second removal meets that standard. Home Depot removed once on the theory that Ochoa owed no duty, briefed it fully, and lost. It then returned to federal court six months later on the same theory. A defendant that removes, loses, and removes again on identical grounds has no objectively reasonable basis for the second attempt.

The timing confirms the tactical nature of this removal. After the first remand, the state court set trial for May 18, 2026. Doc. 01-02 at 101. Discovery proceeded. *Id.* at 101. On January 16, 2026, Plaintiff filed his expert designations. *Id.* at 118. Two

weeks later, Home Depot filed this notice of removal—stripping the state court of jurisdiction on the eve of trial deadlines, armed with nothing but a recycled legal theory and an affidavit from its own employee that ignores the commission-based theory entirely.

That is not a good-faith jurisdictional argument. It is disruption. Section 1447(c) exists to deter exactly this. *See, e.g.*, *Muirhead*, 556 F.2d at 736; *Smith*, 421 F.2d at 524. The Court should therefore award Plaintiff all of the attorney's fees and costs he incurred in the instant federal proceeding, in an amount to be determined after the remand order is issued by a short additional briefing allotment on a schedule ordered by the Court.

## Conclusion

The Court should grant Plaintiff's motion to remand and award Plaintiff his attorney's fees and costs.

9

Respectfully submitted,

/s/ Raymond L. Thomas
Raymond L. Thomas**
S.D. Tex. No. 10715
rthomas@raythomaspc.com
Olegario Garcia
S.D. Tex. No.: 2202345
ogarcia@raythomaspc.com
**Ray Thomas, PC**
4900-B North 10th Street
McAllen, Texas 78504
(956) 632-5033
(956) 540-5631 (Fax)

Marco Cepeda
S.D. Tex. No. 58290
mcepeda@zreynalaw.com
**Law Offices of Ezequiel Reyna, Jr., P.C.**
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone
(956) 969-0492 (Fax)

Chad Flores
**Flores Law PLLC**
Texas Bar No. 24059759
Fed. Id. No. 1060324
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640
chad@chadflores.law

**COUNSEL FOR PLAINTIFF
JUAN LUIS WEBBER**

*** Attorney in Charge for Plaintiff*

10

## Certificate of Conference

Defendants oppose this motion. On February 16, 2026, the movant conferred with the respondent and determined that counsel cannot agree about the disposition of the motion.

_Chad Flores_
Chad Flores

## Certificate of Service

In accordance with the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing document has been served on all parties via CM/ECF on February 28, 2026.

_Chad Flores_
Chad Flores

11