IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § § § | |
| VS. | § § | Civil Action No. 7:25-cv-00095 |
| HOME DEPOT U.S.A., INC. dba HOME DEPO and HERMAN ROQUE OCHOA | § § § | JURY DEMANDED |

## DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, **HOME DEPOT U.S.A., INC.** *Improperly named Home Depot U.S.A., Inc. dba Home Depo* ("Home Depot"), and files this its Notice of Removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et. seq.*, 28 U.S.C. § 1441 *et. seq.*, and 28 U.S.C. § 1446 *et. seq.*, and would respectfully show the Court as follows:

1.	Home Depot is a Defendant in a civil action pending in the 476th Judicial District Court of Hidalgo County, Texas entitled *Juan Luis Webber v. Home Depot U.S.A., Inc. dba Home Depot and Herman Roque Ochoa*; Cause No. C-0490-25-M (hereinafter referred to as the "State Court Action"). An Index of State Documents Filed with the Notice of Removal is attached hereto as **Exhibit A,** and true and correct copies of all process, pleadings, and orders served upon Home Depot in the State Court Action are attached hereto as **Exhibit B,** as required by 28 U.S.C. § 1446(a).

2.	The State Court Action was filed on January 30, 2025. Home Depot was served with the Original Petition on February 5, 2025. In the Original Petition, Plaintiff alleges that on or about January 9, 2024, he and his wife were shopping for fire alarms at Home Depot #506, located at 409 N. Jackson Road, Pharr, Hidalgo County, Texas 78501 when a large heavy box fell on him.

3.      Plaintiff's Original Petition stated that she is seeking monetary relief over $1,000,000.00.  *See* **Exhibit B-2** ¶ 2.  Thus, it is facially apparent from Plaintiff's Original Petition that Plaintiff is seeking damages in excess of $75,000, such that the amount in controversy requirement for diversity jurisdiction is satisfied.

4.      This Notice of Removal is timely filed by Home Depot within thirty (30) days of service upon it of the first pleading or other paper from which it could be determined that the amount in controversy is in excess of $75,000, exclusive of costs.  *See* 28 U.S.C. § 1446(b).

## DIVERSITY OF CITIZENSHIP

5.      Plaintiff Juan Luis Webber is a citizen of the State of Texas.

6.      Home Depot is and was at the time of the alleged incident and the filing of this lawsuit, a corporation incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.  Home Depot is thus a citizen of the States of Delaware and Georgia.

7.      Consequently, Plaintiff and Home Depot are now, and were at the time this action commenced, diverse in citizenship from each other.

## IMPROPER JOINDER

8.      Defendant Herman Roque Ochoa ("Ochoa") is a citizen of Texas.  However, Plaintiff improperly joined Ochoa as a defendant solely to defeat diversity jurisdiction, as there is absolutely no possibility that Plaintiff will be able to establish a cause of action against Ochoa in state court. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

9.      To establish improper joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999).  Home Depot alleges that Ochoa was improperly

---

joined under the second method.  Under that method, the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  In resolving this issue, the court may pierce the pleadings and consider summary judgment-type evidence in those cases in which the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder[.]" *Id.*

10.     Ochoa is not alleged to have been a premises owner or occupier of the Home Depot store at the time the cause of action accrued or at the time of removal, or at any time.  Moreover, Plaintiff does not allege that Ochoa caused the box to fall or that anything Ochoa did caused or contributed to this injury complained about.  Instead, Plaintiff only makes the allegation that Ochcoa failed to render appropriate aid and refused to contact 911.  *See* **Exhibit B-2**, ¶ 14.

11.     These allegations, even if true, provide no basis for the assertion of any cognizable claims against Ochoa. Texas law rarely imposes a duty to aid an injured party except on the individual who caused the injury. *See Abalos v. Oil Dev. Co. of Tex.*, 544 S.W.2d 627, 633 ("[I]f a party negligently creates a dangerous situation it then becomes his duty to do something about it. On the other hand, it may be said generally, as a matter of law, that a mere bystander who did not create the dangerous situation is not required to become the good Samaritan and prevent injury to others.") (internal ellipses and quotation marks omitted) (citing *Buchanan v. Rose*, 159 S.W.2d 109, 110 (Tex. 1942)); *Applebaum v. Nemon*, 678 S.W.2d 533, 535 (Tex. Ct. App. 1984) ("Deeply rooted in the common law is the doctrine that a person owes no duty to render aid to one for whose initial injury he is no liable."), *writ ref'd n.r.e.; Potter v. 24 Hour Fitness USA Inc.*, No. 3:12-CV-

---

453-P, 2014 WL 11633691, at *4 (N.D. Tex. June 6, 2014), *aff'd,* 597 F. App'x 796 (5th Cir. 2015).

12.     The Texas Supreme Court has held that individual liability on the part of an employee "only arises when the officer or agent owes an *independent duty* of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) (emphasis added). Additionally, the Texas Supreme Court has held that, in a premises liability case, individual employees are not liable for negligence when they do not breach any separate duty to the plaintiff. *Tri. v. J.T.T.*, 162 S.W.3d 552 (Tex. 2005). These holdings have also been applied to the removal of premises liability cases to federal district court. *See e.g., Gonzalez v. Wal-Mart Stores*, 2010 WL 1417748 (W.D. Tex. March 31, 2010); *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 131 (Tex. 2018); *Palmer v. Wal-Mart Stores, Inc.,* 65 F. Supp. 2d 564 (S.D. Tex. 1999); and *Koger v. Wal-Mart Stores Texas, LLC*, the plaintiff sued the store manager of Wal-Mart.  No. 1:09-CV-125-C, 2009 WL 10703186 (N.D. Tex. Sept. 22, 2009. In *Gonzalez*, the plaintiff sued a retailer and its manager in state court, alleging a premises liability claim. The retailer removed, arguing that the manager was improperly joined, and the plaintiff filed a motion to remand. The Court held that the manager, as a Wal-Mart employee, did not owe a customer, such as the plaintiff, a duty of reasonable care independent from the duty Wal-Mart owed, and denied the motion to remand. *Id*. at *2.  In *Palmer*, plaintiff asserted claims against the store manager of a Sam's Club, but there were no allegations that the manager owed any ***independent*** duty of reasonable care, apart from that which his employer owed any store patron. *Id*. There were no allegations that the store manager committed any intentional torts or the like against the plaintiff. *Id*. On the contrary, the plaintiff merely claimed that the store manager was negligent in allowing a premises defect to exist in the Sam's Club store. Hence, the Court held that "Plaintiff simply alleges that [the store manager] is liable for some action plainly committed **within the course and scope of his employment** as a Sam's Club manager. In

---

light of the controlling *Leitch* precedent, the joinder of Mr. Ainsworth for purposes of defeating diversity jurisdiction borders on being sanctionable." *Id*. at 567 (emphasis added).

13. Similarly, in *Koger v. Wal-Mart Stores Texas, LLC*, the plaintiff sued the store manager of Wal-Mart. No. 1:09-CV-125-C, 2009 WL 10703186 (N.D. Tex. Sept. 22, 2009). The question was whether the store manager might reasonably have owed plaintiff a duty of care independent from Wal-Mart's. *Id*. In holding that the store manager was improperly joined, the Court stated that "if Shoemate were not the store manager, he would not have owed Koger any duty of care to warn of or correct hazards on Wal-Mart's premises. Accordingly, the duty was solely Wal-Mart's, and any breaches by its employees only constitute breaches by Wal-Mart acting through its agents." *Id*. at *1. S*ee also McKinney v. Home Depot U.S.A., Inc.*, 2006 WL 2947324 (N.D. Tex. Oct. 13, 2006).

14. Plaintiff has explicitly alleged that Ochoa was working in the course and scope of his employment in committing the acts/omissions upon which the negligence claims against him are based, and Home Depot does not dispute that Ochoa was working in the course and scope of his employment at any relevant time. Ochoa cannot be individually liable to Plaintiff based upon a negligence theory, and there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Ochoa. In sum, Ochoa is an improperly joined party to this case.

15. Because removal is premised on improper joinder, the individual defendant need not consent to removal, and his citizenship is disregarded when determining diversity jurisdiction.

16. Under 28 U.S.C. § 1446(a), venue of the removed action is proper in this Court as it is the district and division embracing the place where the State Court Action is pending.

17. Pursuant to 28 U.S.C. § 1446(d), Home Depot will promptly give written notice of the filing of this notice of removal to Plaintiff and will further file a copy of this Notice of Removal

---

with the District Clerk of Hidalgo County, Texas, where the action was previously pending.

18. **<u>Jury Demand</u>** – Home Depot hereby requests trial by jury on all issues and claims in this action.

WHEREFORE, **HOME DEPOT U.S.A., INC.** *Improperly named Home Depot U.S.A., Inc. dba Home Depo* hereby removes the case pending in the 476th Judicial District Court of Hidalgo County, Texas entitled Cause No. C-0490-25-M; *Juan Luis Webber v. Home Depot U.S.A., Inc. dba Home Depot and Herman Roque Ochoa*, and respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court including, but not limited to, issuing any orders necessary to stay proceedings in the State Court Action.

Respectfully submitted,

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By: ___*/s/ Karen M. Alvarado*___
   Karen M. Alvarado
   Attorney-in-Charge
   State Bar No. 11067050
   Federal ID No. 10880
   10333 Richmond, Suite 900
   Houston, Texas 77042
   (713) 337-0750 - Telephone
   (713) 337-0760 – Facsimile
   service-alvarado@brothers-law.com *
   *All service pursuant to TRCP 21 on Ms. Alvarado must be to this email or it will be considered invalid*

   ***Attorneys for Defendants***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document was served upon the following counsel of record in compliance with Rule 5 of the Federal Rules of Civil Procedure on this the 5th day of March, 2025, as follows:

Raymond L. Thomas                     Ezequiel Reyna, Jr.
Olegario Garcia                       **LAW OFFICES OF**
**RAY THOMAS, PC**                    **EZEQUIEL REYNA, JR., P.C.**
4900-B North 10th Street              702 W. Expressway 83, Suite 100
McAllen, Texas 78504                  Weslaco, Texas 78596

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:    */s/ Karen M. Alvarado*
        Karen M. Alvarado

---

Civil Action No. 7:25-cv-00095

# Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

JUAN LUIS WEBBER §
§
§
VS. § Civil Action No. 7:25-cv-00095
§
HOME DEPOT U.S.A., INC. dba HOME §
DEPO and HERMAN ROQUE OCHOA § JURY DEMANDED

## INDEX OF DOCUMENTS

**EXHIBIT A:** Index of Documents (filed with Notice of Removal)

**EXHIBIT B:** State Court Action Documents (filed with Notice of Removal) –

| Tab No. | State Court Document | Date Filed |
|---|---|---|
| B-1 | State Court Civil Case Summary | N/A |
| B-2 | Plaintiff's Original Petition | 1/30/2025 |
| B-3 | Citation Issued_Home Depot | 1/30/2025 |
| B-4 | Citation Issued_Herman Ochoa | 1/30/2025 |
| B-5 | Service Issued Notice | 1/31/2025 |
| B-6 | Affidavit of Service – Herman Ochoa | 2/4/2025 |
| B-7 | Affidavit of Service – Home Depot | 2/12/2025 |
| B-8 | The Special Exceptions and Original Answer of Defendants | 3/3/2025 |
| B-9 | Motion for Telephonic Docket Control Conference | 3/3/2025 |
| B-10 | Proposed Order for Telephonic Docket Control Conference | 3/3/2025 |
| B-11 | Order Setting Telephonic Docket Control Conference | 3/3/2025 |

**EXHIBIT C:** List of Parties & Counsel and Civil Cover Sheet (filed with Notice of Removal)

Civil Action No. 7:25-cv-00095

# Exhibit "B"

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back Location : All Courts  Images

# REGISTER OF ACTIONS
## CASE NO. C-0490-25-M

| | | |
|---|---|---|
| Juan Luis Webber VS. Home Depot USA, Inc. dba Home Depot, Herman Roque Ochoa | § § § § § | Case Type: **Injury or Damage - Other (OCA)**<br>Date Filed: **01/30/2025**<br>Location: **476th District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Home Depot USA, Inc. dba Home Depot** | |
| **Defendant** | **Ochoa, Herman Roque** | |
| **Plaintiff** | **Webber, Juan Luis** | **RAYMOND L. THOMAS**<br>*Retained*<br>956-632-5033(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 01/30/2025 | **Original Petition (OCA)** |
| 01/31/2025 | **Citation** |

| | | |
|---|---|---|
| Home Depot USA, Inc. dba Home Depot | Served | 02/05/2025 |
| | Returned | 02/12/2025 |
| Ochoa, Herman Roque | Served | 02/03/2025 |
| | Returned | 02/04/2025 |

| | |
|---|---|
| 01/31/2025 | **Citation Issued** |
| 03/03/2025 | **Defendant's Original Answer**<br>*THE SPECIAL EXCEPTIONS* |
| 03/03/2025 | **Motion for Docket Control Conference, Filed** |
| 03/03/2025 | **Proposed Order**<br>*ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE* |
| 03/04/2025 | **Sent to Workflow Queue**<br>*ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE* |
| 03/04/2025 | **Order Setting DCC, Signed**<br>*TELEPHONIC* |
| 03/04/2025 | **Notice Sent**<br>*ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE* |
| 05/14/2025 | **Docket Control Conference Hearing/Telephonic**  (2:00 PM) (Judicial Officer Lopez-Singleterry, Nereida) |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Defendant** Home Depot USA, Inc. dba Home Depot | | |
| | Total Financial Assessment | | 10.00 |
| | Total Payments and Credits | | 10.00 |
| | **Balance Due as of 03/04/2025** | | **0.00** |
| 03/04/2025 | Transaction Assessment | | 10.00 |
| 03/04/2025 | EFile Payments from TexFile | Receipt # DC-2025-003520      Home Depot USA, Inc. dba Home Depot | (10.00) |

| | | | |
|---|---|---|---|
| | **Plaintiff** Webber, Juan Luis | | |
| | Total Financial Assessment | | 376.00 |
| | Total Payments and Credits | | 376.00 |
| | **Balance Due as of 03/04/2025** | | **0.00** |
| 01/30/2025 | Transaction Assessment | | 376.00 |
| 01/30/2025 | EFile Payments from TexFile | Receipt # DC-2025-001611      Webber, Juan Luis | (239.00) |
| 01/30/2025 | State Credit | | (137.00) |

B-1

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0490-25-M**

CAUSE NO. _____

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT USA, INC. dba HOME | § | |
| DEPO and HERMAN ROQUE OCHOA | § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff JUAN LUIS WEBBER files this Original Petition complaining of Defendants HOME DEPOT USA, INC. dba HOME DEPOT and HERMAN ROQUE OCHOA and would show the Court the following:

### I.
### DISCOVERY LEVEL

1.      Plaintiff intends that discovery be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

### II.
### STATEMENT OF MONETARY RELIEF

2.      In accordance with Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary damages over $1,000,000.00.

### III.
### PARTIES

3.      Plaintiff Juan Luis Webber is an individual residing in San Juan, Hidalgo County, Texas.

4.      Defendant Home Depot USA, Inc. dba Home Depot ("Home Depot") is a corporation having its principal office in Atlanta, Georgia. This Defendant may be served with process by serving its registered agent, Corporation Service Company dba CSC-Lawyers Incorporating Service Company, at its registered address, 211 W. 7th Street, Suite 620, Austin, Texas 78701-3218, or wherever it may be found.

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0490-25-M

5. Defendant Herman Roque Ochoa ("Ochoa") is an individual residing in McAllen, Hidalgo County, Texas. This Defendant may be served with process by serving him at his residence at 2331 N. 36th Lane, McAllen, Texas 78501, or wherever he may be found.

## IV.
## JURISDICTION AND VENUE

6. Venue is proper in Hidalgo County, Texas because all or a substantial part of the events, acts or omissions giving rise to Plaintiff's claims occurred in Hidalgo County, Texas and because at least one defendant – Defendant Ochoa – resides in Hidalgo, County, Texas.

7. This Court has jurisdiction over the parties and the subject matter of this lawsuit based on the facts alleged herein, and because the damages exceed the minimum jurisdictional limits of the Court.

## V.
## FACTUAL BACKGROUND

8. On or about January 9, 2024, at approximately 12:02 p.m., Plaintiff and his spouse were invitees on the premises owned, operated, and/or maintained by Defendant Home Depot. The store visited by Plaintiff and his wife is located at 409 N. Jackson Road, Pharr, Hidalgo County, Texas 78501 ("Home Depot #506).

9. On the day of the incident, Plaintiff and his wife were shopping for fire alarms at Home Depot #506. Plaintiff asked an employee of Home Depot #506 where to find the fire alarms and then proceeded to the aisle and area where the employee said the fire alarms could be found.

10. Plaintiff was standing next to his wife as she was browsing through the shelves of fire alarms. Suddenly, unexpectedly, and without any warning whatsoever, a large heavy box fell on Plaintiff from an unsecured upper-level shelf, striking Plaintiff's head, neck and shoulder causing him to fall and hit the hard floor, causing him serious injury.

11. Home Depot #506 is laid out similar to a warehouse with sky shelving (extra tall shelving) used by some box stores to maximize storage and make the sales floor look full. However, use of sky shelving increases the risk of harm from falling merchandise. Defendants are well aware of the danger posed by falling merchandise. Retail industry

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0490-25-M**

standards and Home Depot policies require merchandise to be secured, particularly on higher shelves. Defendant Home Depot owed Plaintiff a duty of care to provide invitees like Plaintiff with a safe environment and to secure merchandise from falling. Here, Defendant breached its duty of care to Plaintiff.

12.     At a minimum, Defendant failed to restrain merchandise with safety devices such as retainer bars, rails, banding, shrink-wrap, fencing, wire or similar restraints; failed to limit the height of stacked merchandise; failed to provide adequate safety training to its employees; and failed to enforce its own safety policies. In addition, some force is likely to have caused the large box to fall from the shelf onto Plaintiff's head, neck and body. The likely source of the force is another employee re-stocking in an unsafe manner or use of heavy equipment, such as a forklift to move merchandise on the other side of the aisle.

13.     Defendant Home Depot is acutely aware of the extreme risk of harm. Every year, hundreds of people are injured from falling merchandise in their stores. Defendant Home Depot was aware or should have been aware of the unreasonably dangerous condition that caused injury to Plaintiff, yet made no efforts to reduce or eliminate the unreasonably dangerous condition. Nor did Defendant Home Depot warn Plaintiff about the dangerous condition.

14.     The heavy falling box struck Plaintiff, causing him to fall to the ground. Defendant Ochoa, believed to be a supervisory level employee at Home Depot #506, was on scene and saw Plaintiff lying on the ground and in agony. Plaintiff and his wife pleaded for help, but Defendant Ochoa failed and refused to offer any help whatsoever. As a supervisor and/or employee of Home Depot #506, Defendant Ochoa owed Plaintiff a duty of care to render aid for the injuries sustained by Plaintiff in the store. That duty of care includes but is not limited to calling 911 or calling for emergency medical services and providing first aid and comfort. Defendant Ochoa failed to do any of these things. Instead, Defendant Ochoa refused to contact 911 or call for emergency medical services even though he was begged to do so. Plaintiff and his wife were unable to call because cellular service was not accessible to them inside Home Depot #506. Defendant Ochoa required Plaintiff to move and wait outside for emergency care. As a result of Defendant Ochoa's callous inattention and failure to render aid, precious time was lost. The movement of Plaintiff from the place of injury to outside on

Plaintiff's Original Petition                                                                                      Page 3 of 8

Case 7:25-cv-00095   Document 1-2   Filed 03/05/25 in TXSD   Page 15 of 49

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0490-25-M

the curb where he was told to wait in all reasonable probability had the effect of aggravating Plaintiff's injuries. At a very minimum, Defendant Ochoa's refusal to call for emergency medical services, his refusal to provide any first aid or comfort, and his instruction for Plaintiff to move and wait outdoors for first responders caused Plaintiff more pain and suffering and more mental torment than he would have otherwise experienced had Defendant Ochoa not breached his duty of care.

15.     As a direct and proximate result of the impact from the large heavy falling box and the aggravation of injuries and increase in pain, suffering and torment caused by Defendant Ochoa's refusal to render aid, Plaintiff suffered severe and permanent personal injuries and damages.

## VI.
## PREMISES LIABILITY

16.     Defendant Home Depot owed a duty to Plaintiff to exercise reasonable care in the activities Defendant Home Depot was engaged in on Defendant Home Depot's premises. Plaintiff was an invitee, as defined by Texas law. Defendant Home Depot was the possessor of the premises where Plaintiff was injured. Plaintiff was injured due to an unreasonably dangerous condition of the premises. Defendant Home Depot breached its duty of ordinary care to Plaintiff by:

   a) creating a dangerous condition with regard to falling merchandise;
   b) maintaining a dangerous condition with regard to falling merchandise;
   c) failing to adequately warn Plaintiff of the dangerous condition;
   d) failing to make the premises reasonably safe; and
   e) breaching Defendant's duty to use ordinary care to make safe or warn about any concealed, unreasonably dangerous premises condition that Defendants were not aware of, or reasonably should have been aware of, and the Plaintiff was not.

17.     Each of the above-mentioned acts or omissions by Defendant Home Depot were a proximate cause of Plaintiff's injuries and damages.

## VII.
## NEGLIGENCE OF DEFENDANT HOME DEPOT

18.     The impact of the heavy falling box and resulting injuries and damages to Plaintiff were proximately caused by the negligent acts and omissions of Defendant Home

Plaintiff's Original Petition                                                    Page 4 of 8

C-0490-25-M

Depot, including but not limited to:

a) Failing to properly secure merchandise;

b) Failing to provide proper training to Home Depot's employees with regard to securing merchandise;

c) Failing to provide proper training on attending to invitees who become injured on the premises;

d) Failing to close off areas where work is being performed;

e) Failing to provide proper supervision for those restocking merchandise;

f) Failing to keep the premises reasonably safe for customers, including Plaintiff;

g) Failing to regularly and reasonably inspect the premises for unreasonably dangerous conditions;

h) Failing to properly train Home Depot employees to inspect, spot, mitigate and warn of unreasonably dangerous conditions, especially with regard to falling merchandise;

i) Failing to establish, maintain and enforce safety policies and procedures to secure merchandise;

j) Failing to warn Plaintiff of the unreasonably dangerous conditions of which Defendant Home Depot had actual or constructive knowledge; and

k) Permitting a dangerous condition, of which Defendant Home Depot knew or should have reasonably known to exist for an unreasonable period of time.

## VIII.
## NEGLIGENCE OF DEFENDANT OCHOA

19.     As an employee of Defendant Home Depot #506, particularly of a supervisory level, Defendant Ochoa owed a duty of care to render aid to Plaintiff who was injured while shopping at the store. Defendant Ochoa breached his duty of care by failing and refusing to call 911 or for emergency medical services, by failing and refusing to provide first aid or comfort to Plaintiff, by requiring Plaintiff to move outside to wait for emergency medical care. Defendant Ochoa's failure and refusal to render aid to Plaintiff and his instruction for

Plaintiff's Original Petition                                              Page 5 of 8

B-2

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0490-25-M**

Plaintiff to be moved outside to wait for emergency medical services caused harm to Plaintiff, including more pain and suffering and more mental torment than what would have otherwise been experienced had Defendant Ochoa timely rendered aid. Defendant Ochoa's conduct in all reasonable probability aggravated Plaintiff's injuries. Therefore, Defendant Ochoa's acts and omissions were a proximate cause of Plaintiff's injuries and damages for which he is personally liable.

20.     At the time of the incident, Defendant Ochoa was the agent, representative, servant, employee, or statutory employee of Defendant Home Depot, and at all relevant times was acting within the course and scope of his employment. Defendant Home Depot is vicariously liable for the negligent acts and omissions of Defendant Ochoa and for the injuries and damages to Plaintiff.

## IX.
## GROSS NEGLIGENCE OF DEFENDANT HOME DEPOT

21.     Each year, hundreds of people are injured at Home Depots across the country, many of them by falling merchandise. To be sure, the extreme hazard posed by merchandise falling from Home Depot's sky shelving is so well known to Home Depot – and the entire big box retailer industry – that extensive literature, videos, training materials, policies, procedures, even OSHA regulations have been promulgated to address and mitigate this grave risk of injury and death. In light of Home Depot's long and extensive history of claims and adverse jury verdicts arising from injuries due to falling merchandise and the vast safety information and remedies available to mitigate the known risk, Defendant Home Depot's acts and omissions that led to Plaintiff's injury constitute gross negligence. Defendant Home Depot's acts and omissions, when viewed objectively from the standpoint of Defendant at the time of the occurrence, involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others, of which Defendant Home Depot had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, including Plaintiff. As a result, Plaintiff seeks exemplary damages.

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0490-25-M

## X.
## DAMAGES

22.     Plaintiff suffered severe and permanent personal injuries as a proximate result of Defendants' acts and omissions. Plaintiff seeks to recover all actual and special damages recoverable by law, including past and future:

a)     medical expenses;
b)     physical pain and suffering;
c)     mental anguish;
d)     disfigurement;
e)     physical impairment;
g)     loss of consortium;
h)     loss of wages/income; and
i)     loss of earning capacity.

23.     Should it be shown that Plaintiff was suffering from any pre-existing injuries, disease or conditions at the time of the collision, Plaintiff would show that the same were aggravated or exacerbated by the trauma caused by Defendants' negligence.

## XI.
## CONDITIONS PRECEDENT/CAPACITIES

24.     All conditions precedent to recovery have been performed or have occurred. Plaintiff brings these claims in all capacities in which he is able to recover and in all capacities against Defendants in which they may be liable.

## XII.
## JURY DEMAND

25.     Plaintiff invokes his constitutional right to trial by jury and demands a jury trial.

## PRAYER

Plaintiff Juan Luis Webber prays that Defendants be cited to appear and answer, and after trial on the merits, Plaintiff recovers judgment against Defendants, jointly and severally, for his actual and special damages. Plaintiff also prays for exemplary damages (against Defendant Home Depot only), pre-judgment and post-judgment interest at the highest legal rate, court costs, and general relief.

Electronically Filed
1/30/2025 12:22 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0490-25-M**

Respectfully submitted,

By: _____

Raymond L. Thomas
State Bar No. 19865350
rthomas@raythomaspc.com
Olegario Garcia
State Bar No. 24069759
ogarcia@raythomaspc.com
**RAY THOMAS, PC**
4900-B North 10th Street
McAllen, Texas 78504
(956) 632-5033
(956) 540-5631 (Fax)

and

Ezequiel Reyna, Jr.
State Bar No. 16794798
lsmiguel@zreynalaw.com
dolivarez@zreynalaw.com
alejan23@zreynalaw.com
balaniz3@zreynalaw.com
**LAW OFFICES OF
EZEQUIEL REYNA, JR., P.C.**
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone
(956) 969-0492 (Fax)

**ATTORNEYS FOR PLAINTIFF**

Plaintiff's Original Petition                                                                    Page 8 of 8

B-2

**C-0490-25-M**
**476TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**
**THE STATE OF TEXAS**

     **NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**HOME DEPOT USA, INC. DBA HOME DEPOT**
**REGISTERED AGENT: CORPORATION SERVICE COMPANY**
**DBA CSC – LAWYERS INCORPORATING SERVICE COMPANY**
**211 W 7TH STREET SUITE 620**
**AUSTIN TX  78701-3218**
**OR WHEREVER IT MAY BE FOUND**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Nereida Lopez-Singleterry, 476th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 30th day of January, 2025 and a copy of same accompanies this citation.  The file number and style of said suit being C-0490-25-M, **JUAN LUIS WEBBER  VS.  HOME DEPOT USA, INC. DBA HOME DEPOT, HERMAN ROQUE OCHOA**

Said Petition was filed in said court by Attorney RAYMOND L. THOMAS, 4900 N 10TH ST SUITE B, MCALLEN TX  78504.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 31st day of January, 2025.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**CECIL A PENA, DEPUTY CLERK**

B-3

**C-0490-25-M**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:　serving ... copy(s) $_____
　　　　miles ...................$_____

_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

B-3

**C-0490-25-M**
**476TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**
**THE STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**HERMAN ROQUE OCHOA**
**2331 N 36TH LANE**
**MCALLEN TX  78501**
**OR WHEREVER HE MAY BE FOUND**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Nereida Lopez-Singleterry, 476th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 30th day of January, 2025 and a copy of same accompanies this citation. The file number and style of said suit being C-0490-25-M, **JUAN LUIS WEBBER VS.  HOME DEPOT USA, INC. DBA HOME DEPOT, HERMAN ROQUE OCHOA**

Said Petition was filed in said court by Attorney RAYMOND L. THOMAS, 4900 N 10TH ST SUITE B MCALLEN TX  78504.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 31st day of January, 2025.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**CECILIA PENA, DEPUTY CLERK**

B-4

**C-0490-25-M**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
         miles ...................$_____

_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

B-4

Electronically Filed
1/31/2025 8:32 AM
Hidalgo County District Clerks
Reviewed By: Cecilia Pena



# LAURA HINOJOSA
## HIDALGO COUNTY DISTRICT CLERK

Greetings:

Attached you will find the service requested.

May this serve to inform you that service has been issued.  Please proceed in attaching any file stamped documents and attachments that need to be served on your issued service.

Please note, the link you are about to open is a "live link" notification.  Please ensure you are printing the service, which includes our clerk's signature and the State Seal.  If you are opening a document without the official certification (signature and seal), please close the window until the document is processed accordingly. This may take a few minutes.

*When serving protective orders, please DO NOT serve the TCIC form to the respondent.

We appreciate the opportunity to assist you. Please contact our office if you have any questions or require additional information.


Sincerely,

*Laura Hinojosa*
Hidalgo County District Clerk

Post Office Box 87 Edinburg, Texas 78540 Telephone 956-318-2200 Facsimile 956-318-2251 districtclerk@co.hidalgo.tx.us

| Nilda Palacios | Ricardo Contreras | Adriana "Audry" Garcia | Sabrina S. Guerra | Stephanie Palacios | Priscilla Rivas |
|---|---|---|---|---|---|
| CHIEF DEPUTY | CHIEF OF ADMINISTRATION & PUBLIC INFORMATION | ASSISTANT CHIEF DEPUTY | SENIOR ACCOUNTANT | BUDGET AND PROCUREMENT OFFICER | DIVISION MANAGER |

B-5

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 96825582
Filing Code Description: Service Issued
Filing Description:
Status as of 1/31/2025 8:34 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 1/31/2025 8:32:39 AM | SENT |

Electronically Filed
2/4/2025 9:11 AM
Hidalgo County District Clerks
Reviewed By: Cristina Garza

## CAUSE NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | 476Th JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT USA, INC. DBA HOME DEPO AND | § | |
| HERMAN ROQUE OCHOA | | |
| Defendant. | § | HIDALGO COUNTY, TEXAS |

## AFFIDAVIT OF SERVICE

"The following came to hand on **Jan 31, 2025, 11:13 am**,

**CITATION AND PLAINTIFF'S ORIGINAL PETITION,**

and was executed at **2331 N. 36th Lane McAllen, Texas 78501**   within the county of **Hidago** at **4:44 pm**  on **February 03, 2025**, by delivering a true copy to the within named

**HERMAN ROQUE OCHOA**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **Norma Orozco**, my date of birth is **06/01/1973**, and my address is **15914 E Mile 19 Rd, Edinburg, TX 78542**, and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **Hidalgo** County, State of **TX**, on **February 03, 2025**.

**Norma Orozco**
**Certification Number: PCS-16209**
**Certification Expiration: 01-31-2027**

B-6

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 96943963
Filing Code Description: Notice
Filing Description: Return of Service of Herman Roque Ochoa
Status as of 2/4/2025 11:19 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 2/4/2025 9:11:14 AM | SENT |

Electronically Filed
2/12/2025 12:02 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

## C-0490-25-M
### 476TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION
### THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**HOME DEPOT USA, INC. DBA HOME DEPOT**
**REGISTERED AGENT: CORPORATION SERVICE COMPANY**
**DBA CSC – LAWYERS INCORPORATING SERVICE COMPANY**
**211 W 7TH STREET SUITE 620**
**AUSTIN TX 78701-3218**
**OR WHEREVER IT MAY BE FOUND**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Nereida Lopez-Singleterry, 476th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 30th day of January, 2025 and a copy of same accompanies this citation. The file number and style of said suit being C-0490-25-M, **JUAN LUIS WEBBER  VS.  HOME DEPOT USA, INC. DBA HOME DEPOT, HERMAN ROQUE OCHOA**

Said Petition was filed in said court by Attorney RAYMOND L. THOMAS, 4900 N 10TH ST SUITE B, MCALLEN TX 78504.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 31st day of January, 2025.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

CTH: 2/4/25
at 4:15 PM

_____
CECILA PENA, DEPUTY CLERK

B-7

Electronically Filed
2/12/2025 12:02 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

IN THE 476TH JUDICIAL DISTRICT
**HIDALGO COUNTY, TEXAS**

CAUSE NO: C-0490-25-M

JUAN LUIS WEBBER
VS
HOME DEPOT USA INC., ET AL

# RETURN

Came to my hand:   **2/4/2025**   , at   **04:15**   o'clock   **P.M.**   , the following specified documents:

- Citation
- Plaintiff's Original Petition
- Jury Demand

and executed by me on:   **2/ 5 / 2025**   , at   **3:22**   o'clock   **PM**   , at

211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701, within the county of TRAVIS, by delivering to HOME DEPOT USA, INC., dba HOME DEPOT, by delivering to its registered agent, CORPORATION SERVICE COMPANY dba CSC-LAWYERS INCORPORATING SERVICE COMPANY, by delivering to KANEISHA GROSS , employee/managing agent, in person, a true copy of the above specified documents having first endorsed on such copy the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I declare under penalty of perjury that the foregoing is true and correct.

Authorized Person: KELLY MURSKI; PSC# 5912
Expiration Date: 10/31/2026

STATE OF TEXAS   }

## VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are within his/her personal knowledge and experience to be true and correct. Given under my hand and seal of office on this the **5th** day of _____ **Feb** _____, **2025** .

Notary Public

DANA L. McMICHAEL
ID #4739578
Commission Expires
April 23, 2028

B-7

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 97289276
Filing Code Description: Citation Returned Served
Filing Description:
Status as of 2/18/2025 11:56 AM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Olegario Garcia | | ogarcia@raythomaspc.com | 2/12/2025 12:02:26 PM | SENT |
| Raymond L.Thomas | | rthomas@raythomaspc.com | 2/12/2025 12:02:26 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 2/12/2025 12:02:26 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 2/12/2025 12:02:26 PM | SENT |

Electronically Filed
3/3/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| HOME DEPOT U.S.A., INC. dba HOME | § | |
| DEPO and HERMAN ROQUE OCHOA | § | 476TH JUDICIAL DISTRICT |

## THE SPECIAL EXCEPTIONS AND ORIGINAL ANSWER OF DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **HOME DEPOT U.S.A., INC.** *Improperly named Home Depot U.S.A., Inc. dba Home Depo* **and HERMAN ROQUE OCHOA**, ("Defendants"), Defendants in the above-entitled and numbered cause, and for their Special Exceptions and Original Answer to Plaintiff's Original Petition would respectfully show unto the Court as follows:

## SPECIAL EXCEPTIONS

1. **Fair Notice**. Defendants specially except the Petition for failing to provide a statement in plain and concise language of the Plaintiff's causes of action, and, pursuant to TEX. R. CIV. P. 45, request that Plaintiff be required to replead sufficiently to enable Defendants to prepare a defense.

2. **Damages.** Defendants specially except to the "damages" paragraphs of the Petition wherein Plaintiff seeks recovery for unspecified past and future medical expenses and lost earnings and loss of earning capacity, and, pursuant to TEX. R. CIV. P. 56, request that Plaintiff be required to itemize all special damages for which Plaintiff seeks recovery. Of which special exception, Defendants pray judgment of the Court.

3. **Relief**. Defendants further specially except to the prayer for relief of the Petition wherein it is alleged that Plaintiff seeks recovery for all other and further relief to which Plaintiff

1.

B-8

Electronically Filed
3/3/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

may be entitled. Defendants are entitled to know the specific types of relief to which the Plaintiff may be entitled at law or in equity; accordingly, this global claim for relief should be stricken or, in the alternative, Plaintiff should be required to re-plead to specifically identify each type of damage for which Plaintiff seeks recovery. Of which special exception, Defendants pray judgment of the Court.

## ORIGINAL ANSWER

Defendants in the above-entitled and numbered cause, file this Answer to the Plaintiff's pleadings on file herein, and would respectfully show unto the Court as follows:

1. **General Denial**. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants deny each and every, all and singular, the material allegations contained in Plaintiff's pleadings filed herein, and demand strict proof thereof, as required by the laws of this State of persons or entities who bring suit as the Plaintiff does in the instant case.

2. **Medical/Health Care Expense Limitations**. Defendants further allege, by way of affirmative defense, and without waiver of the foregoing that under the Tex. Civ. Prac. & Rem. Code §41.0105, in addition to any other limitation under law, Plaintiff is limited to recovery of medical or health care expense, if any, to the amount actually paid or incurred by or on behalf of Plaintiff.

3. **Certain Health Care Service Claims Barred**. Defendants further allege by way of affirmative defense, and without waiver of the foregoing, and to the extent that Plaintiff was insured and entitled to health insurance benefits at any time relevant to this suit but chose, instead, to seek care outside of Plaintiff's approved provider network and/or possibly personally incur health care expenses by not timely submitting bills to Plaintiff's health insurer, Plaintiff

2.

Electronically Filed
3/3/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

failed to mitigate Plaintiff's damages, pursuant to Tex. Civ. Prac. & Rem. Code §146.003. Furthermore, to the extent that Plaintiff's health care service provider(s) failed and/or refused to timely and directly bill Plaintiff's insurer and/or health benefit plan for health care services provided to the Plaintiff and/or for health care expenses incurred by the Plaintiff, when required or authorized to do so, then claims by such health care service provider(s) are barred, in whole or in part, and do not constitute medical expenses actually paid or incurred by or on behalf of the Plaintiff. Tex. Civ. Prac. & Rem. Code §146.001, et seq.

4. **Net Loss After Tax**. Defendants further allege, by way of affirmative defense, and without waiver of the foregoing that under the Tex. Civ. Prac. & Rem. Code §18.091, in addition to any other limitation under law, Plaintiff's recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or loss of inheritance, if any, is limited to the recovery of the net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

5. **Settlement Credits/Contribution Rights**. Defendants deny that Plaintiff is entitled to any recovery. However, to the extent any recovery is had by Plaintiff, such recoveries must be offset by any amounts received from joint tortfeasors or other Defendants. In the unlikely event that Defendants are found liable for any portion of Plaintiff's injuries, if any, Defendants are entitled to indemnity and/or contribution from each of the other Defendants and a percentage or pro-rata reduction of its liability to Plaintiff pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code, the doctrine of comparative fault and/or any other applicable law. Further, Defendants pray for all credit and/or offset rights at law by virtue of any settlement entered into by Plaintiff with any party or non-party in connection with or relating to

3.

Electronically Filed
3/3/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

any matter pertaining to the claims made herein by Plaintiff.

6.    **Tex. Civ. Prac. & Rem. Code**.  Defendants further allege, plead and reserve, without waiver of the foregoing, each and every right entitled it pursuant to the Texas Civil Practice and Remedies Code, Chapters 32 and 33.

7.    **Exemplary Damages**.  Defendants further allege, without waiver of the foregoing, that any recovery of exemplary damages herein is subject to CPRC §41.008, Limitation on Amount of Recovery.  Defendants further allege, without waiver of the foregoing, that any award of exemplary damages violates the due process clause of the Fifth Amendment and Fourteenth Amendment to the United States Constitution, in addition to Article 1, Section 19 of the Texas Constitution, in that:

A.  Such punitive damages are intended to punish and deter Defendants and thus this proceeding becomes essentially criminal in nature;

B.  The Defendants are being compelled to be a witness against itself in a proceeding that is essentially and effectively criminal in nature, in violation of the Defendants' right to due process, and in violation of the Constitutions of the United States and of the State of Texas;

C.  Plaintiff's burden of proof to establish punitive damages in this proceeding, which is effectively criminal in nature, is less than the burden of proof required in all other criminal proceedings, and thus violates Defendants' right to due process as guaranteed by the Fourteenth Amendment of the United States Constitution and the rights of Defendants under Article 1, Section 19 of the Texas Constitution; and

D.  Inasmuch as this proceeding is essentially and effectively criminal in nature, Defendants are being denied the requirements of adequate notice of the elements of the offense, and that such statutory and common law theories purportedly authorizing punitive damages are sufficiently vague and ambiguous, and Plaintiffs Petition purporting to invoke such statutory and/ or common law theory is so vague and ambiguous as to be in violation of the due process clause of the Fourteenth Amendment to the United States Constitution and in violation of Article 1, Section 19 of the Texas Constitution.

4.

Electronically Filed
3/3/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

8. **Notice of Intent to Use Documents**. Pursuant to Rules 176.6(c) and 193.7 of the Texas Rules of Civil Procedure, Defendants give notice to all parties that the production of any document in response to written discovery by any party and non-party authenticates said document for use against that party and any other party in any pretrial proceeding or at trial.

9. **Reservation to Amend**. Defendants respectfully reserve the right at this time to amend this Original Answer to the Plaintiff's allegations after said Defendants have had the opportunity to more closely investigate these claims as it is the right and privilege of said Defendants under the Rules of Civil Procedure and the laws of the State of Texas.

10. Jury Demand. Defendants respectfully request trial by jury.

WHEREFORE, PREMISES CONSIDERED, the above-named Defendants, **HOME DEPOT U.S.A., INC.** *Improperly named Home Depot U.S.A., Inc. dba Home Depo* **and HERMAN ROQUE OCHOA**, having fully answered herein, pray that they go hence without day for costs, and for such other and further relief, both special and general, at law and in equity, to which said Defendants may be justly entitled.

5.

B-8

Electronically Filed
3/3/2025 2:35 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

Respectfully submitted,

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By: */s/ Karen M. Alvarado*
    Karen M. Alvarado
    State Bar No. 11067050
    kalvarado@brothers-law.com
    10333 Richmond, Suite 900
    Houston, Texas 77042
    Tel: (713) 337-0750
    Fax: (713) 337-0760
    service-alvarado@brothers-law.com *
*All service pursuant to TRCP 21 on Ms. Alvarado
must be to this email or it will be considered invalid*

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing instrument was served upon the following counsel of record in compliance with Rule 21a of the Texas Rules of Civil Procedure on this the 3rd day of March, 2025.

| | |
|---|---|
| **VIA E-SERVICE** | **VIA E-SERVICE** |
| Raymond L. Thomas | Ezequiel Reyna, Jr. |
| Olegario Garcia | **LAW OFFICES OF** |
| **RAY THOMAS, PC** | **EZEQUIEL REYNA, JR., P.C.** |
| 4900-B North 10th Street | 702 W. Expressway 83, Suite 100 |
| McAllen, Texas 78504 | Weslaco, Texas 78596 |

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By: */s/ Karen M. Alvarado*
    Karen M. Alvarado

6.

B-8

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gretchen Heyn on behalf of Karen Alvarado
Bar No. 11067050
gheyn@brothers-law.com
Envelope ID: 97995449
Filing Code Description: Answer
Filing Description: THE SPECIAL EXCEPTIONS AND ORIGINAL ANSWER OF DEFENDANTS
Status as of 3/4/2025 10:15 AM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Olegario Garcia | | ogarcia@raythomaspc.com | 3/3/2025 2:35:20 PM | SENT |
| Raymond L.Thomas | | rthomas@raythomaspc.com | 3/3/2025 2:35:20 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 3/3/2025 2:35:20 PM | SENT |

Associated Case Party: Home Depot USA, Inc. dba Home Depot

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Gretchen Heyn | | gheyn@brothers-law.com | 3/3/2025 2:35:20 PM | SENT |
| Karen MAlvarado | | service-alvarado@brothers-law.com | 3/3/2025 2:35:20 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 3/3/2025 2:35:20 PM | SENT |

B-8

Electronically Filed
3/3/2025 5:07 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

CAUSE NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER<br>PLAINTIFF | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§<br>§ | 476TH JUDICIAL DISTRICT |
| HOME DEPOT USA, INC. dba HOME<br>DEPOT and HERMAN ROQUE OCHOA<br>DEFENDANTS | §<br>§<br>§<br>§<br>§ | HIDALGO COUNTY, TEXAS |

## MOTION FOR TELEPHONIC DOCKET CONTROL CONFERENCE

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Juan Luis Webber files this Motion for Telephonic Docket Control Conference.

Plaintiff respectfully requests that this matter be set for a Telephonic Docket Control Conference for the purpose of setting this cause for trial.

WHEREFORE, Juan Luis Webber respectfully requests that this matter be set for a Telephonic Docket Control Conference.

Respectfully submitted,

By: _____

Raymond L. Thomas
State Bar No. 19865350
rthomas@raythomaspc.com
Olegario Garcia
State Bar No. 24069759
ogarcia@raythomaspc.com
**RAY THOMAS, PC**
4900-B North 10th Street
McAllen, Texas 78504
(956) 632-5033
(956) 540-5631 (Fax)

and

Ezequiel Reyna, Jr.
State Bar No. 16794798
lsmiguel@zreynalaw.com

**Page 1 of 2**
**Plaintiff's Motion for Telephonic**
**Docket Control Conference**

Electronically Filed
3/3/2025 5:07 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

dolivarez@zreynalaw.com
alejan23@zreynalaw.com
balaniz3@zreynalaw.com
**LAW OFFICES OF**
**EZEQUIEL REYNA, JR., P.C.**
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone
(956) 969-0492 (Fax)

## ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court and served on all counsel on this 3RD day of March, 2025.

_____
Raymond L. Thomas

**Page 2 of 2**
**Plaintiff's Motion for Telephonic**
**Docket Control Conference**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 98010623
Filing Code Description: Motion for Docket Control Conference
Filing Description:
Status as of 3/4/2025 10:51 AM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Olegario Garcia | | ogarcia@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Raymond L.Thomas | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |

Associated Case Party: Home Depot USA, Inc. dba Home Depot

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Gretchen Heyn | | gheyn@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |
| Karen MAlvarado | | service-alvarado@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |

Electronically Filed
3/3/2025 5:07 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

CAUSE NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER<br>PLAINTIFF | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§<br>§ | 476TH JUDICIAL DISTRICT |
| HOME DEPOT USA, INC. dba HOME<br>DEPOT and HERMAN ROQUE OCHOA<br>DEFENDANTS | §<br>§<br>§<br>§ | HIDALGO COUNTY, TEXAS |

## ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE

It is ORDERED, that a Telephonic Docket Control Conference is hereby set on _____ day of _____, 2025, at _____o'clock _____.m. in the 476TH Judicial District Court, Hidalgo County, Texas.

SIGNED on this the _____ day of _____, 2025.

_____
PRESIDING JUDGE

cc: Raymond L. Thomas:    rthomas@raythomaspc.com
   Olegario Garcia:    ogarcia@raythomaspc.com
   Linda San Miguel:    lsmiguel@zreynalaw.com
   Desi Olivarez:    dolivarez@zreynalaw.com
   Karen M. Alvarado    kalvarado@brothers-law.com
               service-alvarado@brothers-law.com

**Page 1 of 1**
**Order on Plaintiff's Motion for Telephonic**
**Docket Control Conference**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 98010623
Filing Code Description: Motion for Docket Control Conference
Filing Description:
Status as of 3/4/2025 10:51 AM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Raymond L.Thomas | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Olegario Garcia | | ogarcia@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |

Associated Case Party: Home Depot USA, Inc. dba Home Depot

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gretchen Heyn | | gheyn@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |
| Karen MAlvarado | | service-alvarado@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |

B-10

Electronically Filed
3/3/2025 5:07 PM
Hidalgo County District Clerks
Reviewed By: Clarissa Alvarez

CAUSE NO. C-0490-25-M

| | | |
|---|---|---|
| JUAN LUIS WEBBER<br>Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | 476TH JUDICIAL DISTRICT |
| | §<br>§ | |
| HOME DEPOT USA, INC. dba HOME<br>DEPOT and HERMAN ROQUE OCHOA<br>Defendants | §<br>§<br>§ | HIDALGO COUNTY, TEXAS |

## ORDER FOR TELEPHONIC DOCKET CONTROL CONFERENCE

It is ORDERED, that a Telephonic Docket Control Conference is hereby set on _____ day of _____MAY 14_____, 2025, at _____2_____ o'clock _____p_____.m. in the 476TH Judicial District Court, Hidalgo County, Texas.

SIGNED on this the _____ day of _____03/04/2025.

_____
PRESIDING JUDGE

cc: Raymond L. Thomas:    rthomas@raythomaspc.com
    Olegario Garcia:        ogarcia@raythomaspc.com
    Linda San Miguel:       lsmiguel@zreynalaw.com
    Desi Olivarez:          dolivarez@zreynalaw.com
    Karen M. Alvarado       kalvarado@brothers-law.com
                            service-alvarado@brothers-law.com

**Page 1 of 1**
**Order on Plaintiff's Motion for Telephonic**
**Docket Control Conference**

B-11

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Leo Garza on behalf of Raymond Thomas
Bar No. 19865350
lgarza@raythomaspc.com
Envelope ID: 98010623
Filing Code Description: Motion for Docket Control Conference
Filing Description:
Status as of 3/4/2025 10:51 AM CST

Associated Case Party: JuanLuisWebber

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Raymond L.Thomas | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Leonel Garza | | lgarza@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |
| Olegario Garcia | | ogarcia@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |

Associated Case Party: Home Depot USA, Inc. dba Home Depot

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Gretchen Heyn | | gheyn@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |
| Karen MAlvarado | | service-alvarado@brothers-law.com | 3/3/2025 5:07:14 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| RAYMOND LTHOMAS | | rthomas@raythomaspc.com | 3/3/2025 5:07:14 PM | SENT |

B-11

Civil Action No. 7:25-cv-00095

# Exhibit "C"

1.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN LUIS WEBBER | § | |
| | § | |
| | § | |
| VS. | § | Civil Action No. 7:25-cv-00095 |
| | § | |
| HOME DEPOT U.S.A., INC. dba HOME | § | |
| DEPO and HERMAN ROQUE OCHOA | § | JURY DEMANDED |

## LIST OF ALL PARTIES AND COUNSEL

**Plaintiff – Juan Luis Webber**
*Represented by:*
Raymond L. Thomas
State Bar No. 19865350
rthomas@raythomaspc.com
Olegario Garcia
State Bar No. 24069759
ogarcia@raythomaspc.com
RAY THOMAS, PC
4900-B North 10th Street
McAllen, Texas 78504
(956) 632-5033
(956) 540-5631 (Fax)
and
Ezequiel Reyna, Jr.
State Bar No. 16794798
lsmiguel@zreynalaw.com
dolivarez@zreynalaw.com
alejan23@zreynalaw.com
balaniz3@zreynalaw.com
LAW OFFICES OF EZEQUIEL REYNA, JR., P.C.
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone
(956) 969-0492 (Fax)


**Defendants – Home Depot USA, Inc. and Herman Roque Ochoa**
*Represented by:*
Karen M. Alvarado
State Bar No. 11067050
Federal ID: 10880
kalvarado@brothers-law.com

2.

BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.
10333 Richmond Ave, Suite 900
Houston, Texas 77042
(713) 337-0750 – Telephone
(713) 337-0760 – Facsimile
E-service: service-alvarado@brothers-law.com

State Court Action (state court from which case is being removed; the cause number; and complete style of case) –

Judge Nereida Lopez-Singleterry
476th Judicial District Court, Hidalgo County
222 N. 12th Avenue
Edinburg, Texas 78539
T: 956-292-7044

Cause No. C-0490-25-M; Juan Luis Webber *v. Home Depot U.S.A., Inc. dba Home Depot and Herman Roque Ochoa*; 476th Judicial District Court of Hidalgo County, Texas.

3.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Juan Luis Webber

### DEFENDANTS

Home Depot, U.S.A. Inc. dba Home Depo and Herman Roque Ochoa

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Raymond L. Thomas, SBN 19865350, RAY THOMAS, PC, 4900-B North 10th Street, McAllen, TX 78504, T; 956-632-5033. F: 956-540-5631. E:

Attorneys *(If Known)*
Karen M. Alvarado, Brothers, Alvarado, Piazza & Cozort, PC, 10333 Richmond Ave., Ste 900, Houston, TX 77042; T: 713-337-0750; F: 713-337-0760; service-

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [X] 360 Other Personal Injury | | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |

(continued table)

| CONTRACT (PERSONAL INJURY col) | PERSONAL PROPERTY | LABOR | SOCIAL SECURITY |
|---|---|---|---|
| **PERSONAL INJURY** | | | |
| [ ] 365 Personal Injury - Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) |
| [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 863 DIWC/DIWW (405(g)) |
| [ ] 368 Asbestos Personal Injury Product Liability | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI |
| | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 865 RSI (405(g)) |
| | | [ ] 790 Other Labor Litigation | |
| | | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | FEDERAL TAX SUITS | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 890 Other Statutory Actions |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 891 Agricultural Acts |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 893 Environmental Matters |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 896 Arbitration |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | |
| | | [ ] 555 Prison Condition | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332

Brief description of cause:
Personal injury at Home Depot store

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ over $1million

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 3/5/2025

SIGNATURE OF ATTORNEY OF RECORD
Karen M. Alvarado

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.