IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN LUIS WEBBER, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:25-cv-00095 |
| | § | |
| HOME DEPOT U.S.A. dba | § | JURY TRIAL DEMADED |
| HOME DEPO AND HERMAN | § | |
| ROQUE OCHOA, | § | |
| *Defendants*. | § | |

**Plaintiff's Amended Motion to Remand**

## Table of Contents

Summary of the Argument.................................................................... 1

Argument ..........................................................................................2

I.    The case should be remanded for lack of subject-matter jurisdiction................2

    A.    The claim against Ochoa is already colorable. .............................. 4

        1.    Ochoa is liable for tortious *commissions*. ................................... 6

        2.    The argument about tortious *omissions* fails. .......................... 8

        3.    The broad no-duty argument violates *Smallwood*. ...............................11

II.    Alternatively, discovery should occur. ......................................... 12

Conclusion ...................................................................................... 14

Plaintiff Juan Luis Webber files this amended motion to remand, requesting that the Court reject the Defendants' removal and remand this case to its original Texas state court, the 476th Judicial District Court of Hidalgo County, Texas.

## Summary of the Argument

Defendant Home Depot U.S.A., Inc.'s removal under 28 U.S.C. § 1332(a) is jurisdictionally defective for want of complete diversity.  Home Depot asserts that Defendant Herman Ochoa was improperly joined to defeat federal jurisdiction.  But Plaintiff's negligence claim against Ochoa is demonstrably viable under Texas law, negating any contention of fraudulent joinder.

Plaintiff's claim against Ochoa rests on two distinct, legally cognizable bases. First, Ochoa's affirmative directive to compel Plaintiff, already injured, to relocate outside—exacerbating his injuries—imposes a duty of reasonable care under established Texas precedent.  Home Depot fails to address that.  Second, Ochoa's failure to render aid, in his capacity as a supervisory employee, finds support in *Valdes v. Wal-Mart Stores, Inc.*, 158 F.3d 584 (5th Cir. 1998), with any ambiguity in Texas law resolved in Plaintiff's favor.  Home Depot's no-duty argument also fails because it is a merits challenge applicable across the board—rather than a specific attack on Ochoa's joinder.  And should any uncertainty persist, limited jurisdictional discovery permitted by *Smallwood* is warranted to clarify Ochoa's role.

1

## Argument

**I.    The case should be remanded for lack of subject-matter jurisdiction.**

Plaintiff Juan Luis Webber moves under 28 U.S.C. § 1447 to remand this case to the 476th Judicial District Court of Hidalgo County, Texas. Well-established rules govern this inquiry. *See, e.g.*, 13F Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3641.1 (3d ed. West 2024) (hereinafter "Wright & Miller").

Section 1447 requires remand if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Home Depot bore the burden of establishing jurisdiction both in its notice of removal and now, in the face of a motion to remand. *See, e.g.*, Wright & Miller § 3641.1; *Travis v. Irby*, 326 F.3d 644, 649-50 (5th Cir. 2003). Since Home Depot did not then and cannot now establish subject-matter jurisdiction, Section 1447 requires remand.

Diversity jurisdiction is Home Depot's only asserted ground for subject-matter jurisdiction. Doc. 1 at 2, ¶¶ 5-7. According to Home Depot, the complete diversity required by 28 U.S.C. § 1447 exists because the nondiverse party that would otherwise defeat diversity jurisdiction—Defendant Herman Ochoa, who is a Texan just like Plaintiff—should be disregarded due to fraudulent joinder. Doc. 1 at 2-5, ¶¶ 8-15. But the "burden of persuasion on those who claim fraudulent joinder is a heavy one," *Travis*, 326 F.3d at 649, and Home Depot has not met it.

"Fraudulent joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis*, 326 F.3d at 649. Home Depot asserts only (2). Doc. 1 at 2-5, ¶¶ 8-15.

The applicable test asks whether "the defendant has demonstrated that there is *no possibility of recovery* by the plaintiff against an in-state defendant, which stated differently means that there is *no reasonable basis* for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Ordinarily and here, the test entails a "Rule 12(b)(6)-type analysis" that looks just "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* at 573.

To meet this test, Home Depot looks at pleadings alone in attempting to show that "there is absolutely no possibility that Plaintiff will be able to establish a cause of action against Ochoa in state court." Doc. 1 at 2, ¶ 8. The Court should reject this and hold that, because the pleadings entail at least some "possibility of recovery" against Ochoa—the case against him is reasonably colorable—joinder was not fraudulent and remand is required.

3

## A.    The claim against Ochoa is already colorable.

Plaintiff's case against both Home Depot and Ochoa is set forth by the state-court pleading below, "Plaintiff's Original Petition." Doc. 1-2. Especially when construed "in the light most favorable to the plaintiff," *Travis*, 326 F.3d at 649," that pleading shows that Plaintiff's case against both Home Depot and Ochoa is not just well-pleaded and colorable, but compelling across the board.

The liability story against both Defendants is simple. Plaintiff was very seriously injured by the actionable wrongdoing of Home Depot and the supervisor on duty at the time, Herman Ochoa. Doc. 1-2 at 5-9. "Suddenly, unexpectedly, and without any warning whatsoever, a large heavy box fell on Plaintiff from an unsecured upper-level shelf, striking Plaintiff's head, neck and shoulder causing him to fall and hit the hard floor, causing him serious injury." *Id*.

Defendant Home Depot's liability stems from a factual scenario that is clearly actionable. "Defendant Home Depot was aware or should have been aware of the unreasonably dangerous condition that caused injury to Plaintiff, yet made no efforts to reduce or eliminate the unreasonably dangerous condition." Doc. 1-2 at 5, ¶ 13. "Nor did Defendant Home Depot warn Plaintiff about the dangerous condition." *Id*. Plaintiff therefore sues Home Depot for premises liability, Doc. 1-2 at 6, ¶ 16-17, and gross negligence, Doc. 1-2 at 6-9, ¶¶ 18, 21.

4

Defendant Herman Ochoa's liability stems from facts meeting other well-established liability standards. Doc. 1-2 at 5-6, ¶¶ 14-15. "Defendant Ochoa, believed to be a supervisory level employee at Home Depot #506, was on scene and saw Plaintiff lying on the ground and in agony." *Id.* "Plaintiff and his wife pleaded for help, but Defendant Ochoa failed and refused to offer any help whatsoever." *Id.* "Instead, Defendant Ochoa refused to contact 911 or call for emergency medical services even though he was begged to do so." *Id.*

Critically, Defendant Ochoa then went beyond that key tortious *omission* to engage in a tortious *commission*. Doc. 1-2 at 5-6, ¶¶ 14-15. With Plaintiff lying inside of the store, critically injured, Ochoa "*required Plaintiff to move and wait outside for emergency care*." *Id.* (emphasis added). "As a result of Defendant Ochoa's callous inattention and failure to render aid, precious time was lost." *Id.* "The movement of Plaintiff from the place of injury to outside on the curb where he was told to wait in all reasonable probability had the effect of aggravating Plaintiff's injuries." *Id.* "Defendant Ochoa's refusal to call for emergency medical services, his refusal to provide any first aid or comfort, and his instruction for Plaintiff to move and wait outdoors for first responders caused Plaintiff more pain and suffering and more mental torment than he would have otherwise experienced had Defendant Ochoa not breached his duty of care." *Id.*

On these facts, Plaintiff pleads that Defendant Ochoa is liable for negligence. Doc. 1-2 at 7, ¶ 19. The key allegations articulate both the *omission* and *commission* negligence theories, fleshing out all of the overlapping duties that applied:

**VIII.**
**NEGLIGENCE OF DEFENDANT OCHOA**

19.     As an employee of Defendant Home Depot #506, particularly of a supervisory level, Defendant Ochoa owed a duty of care to render aid to Plaintiff who was injured while shopping at the store. Defendant Ochoa breached his duty of care by failing and refusing to call 911 or for emergency medical services, by failing and refusing to provide first aid or comfort to Plaintiff, by requiring Plaintiff to move outside to wait for emergency medical care. Defendant Ochoa's failure and refusal to render aid to Plaintiff and his instruction for

Plaintiff to be moved outside to wait for emergency medical services caused harm to Plaintiff, including more pain and suffering and more mental torment than what would have otherwise been experienced had Defendant Ochoa timely rendered aid. Defendant Ochoa's conduct in all reasonable probability aggravated Plaintiff's injuries. Therefore, Defendant Ochoa's acts and omissions were a proximate cause of Plaintiff's injuries and damages for which he is personally liable.

*Id.* Because these pleadings entail at least some "possibility of recovery" against Ochoa, joinder was not fraudulent and remand is required. Home Depot's contrary position fails for three reasons.

> ### 1.     Ochoa is liable for tortious *commissions*.

First, the Court should reject Home Depot's fraudulent-joinder assertion because Plaintiff asserts a valid negligence theory regarding Ochoa's tortious *commissions*. Whether or not the separate negligence theories regarding Ochoa's

6

tortious *omissions* survive, the *commission*-based negligence theory is enough to sustain the claim as a whole, defeat fraudulent joinder, and require remand.

Home Depot's fraudulent-joinder argument says nothing about Plaintiff's *commission*-based negligence theory. Even though the pleading sets forth all of the *commission*-based negligence theory's critical facts in full detail—namely that Ochoa affirmatively "required" the already-injured Plaintiff "to move and wait outside for emergency care" and thereby "caused Plaintiff more pain and suffering and more mental torment than he would have otherwise experienced," Doc. 1-2 at 5-6, ¶¶ 14-15—Home Depot totally ignores it. The brief says that "Plaintiff does *not* allege that Ochoa caused the box to fall *or that anything Ochoa did caused or contributed to this injury complained about.*" Doc. 1-2 at 3, ¶ 10. But that is exactly what the pleading does indeed allege—that a tortious *commission* occurred when "Defendant Ochoa required Plaintiff to move and wait outside for emergency care." Doc. 1-2 at 5, ¶ 14.

Texas law fully supports a negligence claim based on this kind of theory, imposing a duty of care whenever an individual's affirmative act creates or increases a risk of harm (even absent a premises ownership role). *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010) ("A duty may arise … when a person undertakes to provide services and the failure to exercise reasonable care increases the risk of harm."); *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000)

(duty arises from "an affirmative course of action"). Under these standards, Ochoa's distinct affirmative act of ordering an injured invitee to relocate plausibly constitutes an affirmative undertaking that worsened Plaintiff's condition. The negligence claim against Ochoa is therefore valid on this basis alone.

### 2.    The argument about tortious *omissions* fails.

Second, the Court should reject Home Depot's fraudulent-joinder assertion regarding Ochoa's tortious *omissions*. Whether or not the separate theory regarding Ochoa's tortious *commissions* survives, the *omission*-based theories are enough to sustain the claim as a whole, defeat fraudulent joinder, and require remand.

In this respect, Home Depot's no-duty argument is wrong as a matter of law. Contrary to Home Depot's position, Texas law does indeed impose on both stores *and store managers like Ochoa* a duty to maintain the premises in a condition that would not pose an unreasonable risk of harm to business invitees such as Plaintiff here. This issue was correctly analyzed by *Valdes v. Wal-Mart Stores, Inc.*, 158 F.3d 584 (5th Cir. 1998), which upheld the existence of such a duty on parallel facts:

> Whether Valdes has pleaded a fraudulent claim against Williams turns largely on whether there is no reasonable possibility under Texas law that Williams, by virtue of his position as store manager, owed Valdes a duty of care which, if breached, could give rise to personal liability. In arguing that Williams did owe her such a duty, Valdes relies principally on a single forty-five-year-old case, *S.H. Kress & Co. v. Selph*, 250 S.W.2d 883 (Tex.Civ.App.-Beaumont 1952, writ ref'd n.r.e.), which held that a general store manager owed an independent duty of care

8

toward business invitees based on his right, as manager of the store, to exercise control over the premises. Wal-Mart replies that recent cases indicate the Texas Supreme Court would not hold *Selph* to be good law and that *Selph* is essentially limited to its facts and has "little or no" applicability to the case at bar.

. . .

We are aided in assessing the continuing validity of *Selph*, and guided in our assessment of whether there is a reasonable possibility that Texas courts would view the law as Valdes contends it is, by the decision of a Texas court of appeals in a premises liability case presenting issues similar to those in the case sub judice. In *Wal-Mart Stores, Inc. v. Deggs*, 971 S.W.2d 72 (Tex.App.-Beaumont 1996), *rev'd on other grounds*, 968 S.W.2d 354 (Tex.1998), the court of appeals cited Selph as good law, stating that as "general manager, we know of no reason why [defendant] should not be considered as the operator of the premises in question." 971 S.W.2d at 75. The court went on to hold that the Sam's Wholesale Club store manager, "as the operator of the premises in question, had the duty to maintain the premises in a condition that would not pose an unreasonable risk of harm." Id. (citations omitted). As *Selph* has never been explicitly overruled, and considering that a Texas court of appeals has recently cited it as precedent for the proposition in question, we cannot agree with Wal-Mart's assertion that there is no reasonable possibility that *Selph* would be considered valid law by Texas courts. ***Thus, we hold that Valdes' allegation that Williams, by virtue of his position as store manager, had a duty to maintain the premises in a condition that would not pose an unreasonable risk of harm to business invitees is sufficient to demonstrate a reasonable possibility that a Texas court would recognize this duty.***

*Id*. at *4-6 (emphasis added).

Home Depot will likely say that subsequent state court rulings have displaced

*Valdez*'s Erie guess. *See* Doc. 1 at 4, ¶12. But the Supreme Court of Texas has not

rendered any contrary holding since *Valdez*. (*Tri v. J.T.T. & M.T.*, 162 S.W.3d 552

(Tex. 2005), gives no holding either way on the question of duty's existence. *Id.* at 563 ("We cannot determine whether Chon Tri breached a duty that he owed to J.T.T. and M.T. separate from the duty his employer, the Theravada Buddhist Corp., owed to them.")). And under the Fifth Circuit's *Erie* doctrine, *Valdez* could be disrupted only by "'unanimous or near-unanimous holdings from several—preferably a majority—of [the state's] intermediate appellate courts.'" *PHI Group, Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 843 (5th Cir. 2023). But no such sea change has occurred.

Unless and until the Fifth Circuit itself expressly overrules *Valdez*, its holding about the extent of Texas tort duties remains good law here. The Court should therefore hold that the "allegation that [Ochoa], by virtue of his position as store manager, had a duty to maintain the premises in a condition that would not pose an unreasonable risk of harm to business invitees is sufficient to demonstrate a reasonable possibility that a Texas court would recognize this duty." *Valdez*, 58 F.4th at 843.

If current Texas tort law on this duty question does not clearly favor Plaintiff, it is at worst ambiguous. And under *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005), "any ambiguities of state law must be resolved in favor of remand." On this basis as well, remand should be granted.

### 3.   The broad no-duty argument violates *Smallwood*.

Last but not least, remand should occur because Home Depot commits the procedural error that the Fifth Circuit deemed decisive in *Smallwood v. Illinois Central Railway Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc):

> A claim of improper joinder by definition is directed toward the joinder of the in-state party, a simple but easily obscured concept.  The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper.  *Nevertheless, when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit.*  In such cases, it makes little sense to single out the in-state defendants as 'sham' defendants and call their joinder improper.  In such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such—an allegation that, as phrased by the Supreme Court in *Chesapeake & O.R. Co. v. Cockrell*, 'the plaintiff's case [is] ill founded as to all the defendants.'  In reaching this conclusion, we are applying our traditional improper joinder analysis.
> . . .
> The Supreme Court thus made clear that the burden on the removing party is to prove that the joinder of the in-state parties was improper—that is, to show that sham defendants were added to defeat jurisdiction.  A showing that the plaintiff's case is barred as to all defendants is not sufficient. *When the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made.*

*Id.* (footnotes omitted) (emphasis added).  This holding applies to Home Depot's fraudulent-joinder arguments because their central ground for denying liability as to

Ochoa—"Texas law rarely imposes a duty to aid an injured party except on the individual who caused the injury," Doc. 1 at 3, ¶11—is "equally dispositive of all defendants rather than to the in-state defendants alone." *Smallwood*, 385 F.3d at 574. That being the case, "there is no improper joinder." *Id.*

## II.    Alternatively, discovery should occur.

Alternatively, if the Court cannot conclude based on present pleadings alone that the claim against Defendant Ochoa is colorable, the Court should use the procedure permitted by *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004), to let limited discovery clarify the operative facts. Whether to allow such discovery is a decision that falls squarely within "the discretion of the trial court." *Id.* It need not "entail substantial hearings" and can be "sharply tailored to the question at hand." *Id.* It is warranted here.

Specifically, the Court should allow for limited jurisdictional discovery about what Ochoa did on the day in question—including both before *and* after the primary injury event. Indeed, the pleadings already plausible suggest that Ochoa himself pushed the box onto Plaintiff in the first instance. That is, the pleading plausibly alleges both that *some* Home Depot employee likely caused the box to fall, *see* Doc. 1-2 at 5, ¶ 12 ("[S]ome force is likely to have caused the large box to fall from the shelf onto Plaintiff's head, neck and body. The likely source of the force is another

12

employee re-stocking in an unsafe manner or use of heavy equipment, such as a forklift to move merchandise on the other side of the aisle."), and that Ochoa was known to be nearby at the time of the incident, *id.* ("Defendant Ochoa, believed to be a supervisory level employee at Home Depot #506, was on scene and saw Plaintiff lying on the ground and in agony."). And all sides agree that, if Ochoa caused the box to fall in the first instance, he can be both sued for that negligence and the failure to render proper aid afterward. *See, e.g.*, *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) ("Because the agent owes a duty of reasonable care to the general public regardless of whether the auto accident occurs while driving for the employer, individual liability may attach."). Therefore, there is good cause to allow for discovery showing that Ochoa himself was responsible for pushing the box onto Plaintiff in the first instance. *See Smallwood*, 385 F.3d at 574; *Ameen v. Merck & Co., Inc.*, 226 F. App'x. 363, 369 (5th Cir. 2007) ("[*Smallwood*] and its progeny have explicitly allowed limited discovery in determining improper joinder, particularly when, as here, the discovery forms the basis for the removal"). Once that discovery occurs, the Court should order rebriefing and decide the question with the benefit of clarified operative facts.

13

## Conclusion

The amended[1] motion to remand should be granted on the basis of current pleadings alone.  Alternatively, the motion to remand should be decided after an allotment of targeted jurisdictional discovery and further briefing and then granted.

---

[1] This amended motion to remand is just as timely as the original motion to remand, Doc. 7, because the amendment merely corrects an unintentional, non-jurisdictional, and non-substantive mistake regarding compliance with a Local Rule's certificate requirement that caused no prejudice.  In such circumstances, the well-established nationwide rule that parallels Rule 15(c)(1)'s rule for pleadings is that the amended motion relates back to the original motion's filing date.  *See, e.g.*, Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3739.2 & n.6; *Maguire v. Genesee Cnty. Sheriff*, 601 F. Supp. 2d 882, 885 (E.D. Mich. 2009) ("The plaintiffs filed their motion to remand thirty days after the removal notice was filed. The Court struck the motion because of technical defects, but an amended motion was filed shortly thereafter. The Court deems the motion timely under 28 U.S.C. § 1447(c). Cf. Fed.R.Civ.P. 15(c)(1) (relation back of amendments)").

Respectfully submitted,

/s/ Raymond L. Thomas
Raymond L. Thomas**
S.D. Tex. No. 10715
rthomas@raythomaspc.com
Olegario Garcia
S.D. Tex. No.: 2202345
ogarcia@raythomaspc.com
**Ray Thomas, PC**
4900-B North 10th Street
McAllen, Texas 78504
(956) 632-5033
(956) 540-5631 (Fax)

Marco Cepeda
S.D. Tex. No. 58290
mcepeda@zreynalaw.com
**Law Offices of Ezequiel Reyna, Jr., P.C.**
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone
(956) 969-0492 (Fax)

Chad Flores
**Flores Law PLLC**
Texas Bar No. 24059759
Fed. Id. No. 1060324
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640
cf@chadflores.law

**COUNSEL FOR PLAINTIFF
JUAN LUIS WEBBER**

*** Attorney in Charge for Plaintiff*

15

## Certificate of Conference

Defendants oppose this motion.  On April 8 and 14, 2025, the movan conferred with the respondent and determined that counsel cannot agree about the disposition of the motion.

_____
Chad Flores

## Certificate of Service

In accordance with the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing document has been served on all parties via CM/ECF on April 14, 2025.

_____
Chad Flores

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN LUIS WEBBER,<br>    *Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 7:25-cv-00095 |
| HOME DEPOT U.S.A. dba<br>HOME DEPO AND HERMAN<br>ROQUE OCHOA,<br>    *Defendants*. | §<br>§<br>§<br>§<br>§ | JURY TRIAL DEMADED |

### Order Granting Plaintiff's Motion to Remand

On this date, the Court considered Plaintiff's Motion to Remand in the above matter. The Court, having considered plaintiff's motion, defendants' response, plaintiff's reply, and the arguments of counsel, it is the opinion of the Court that this motion be **GRANTED**.

**IT THERE THEREFORE ORDERED** that Plaintiff's Motion to Remand is hereby **GRANTED** and the case is remanded to the 476th District Court of Hildago County, Texas.

**SIGNED this _____ day of _____, 2025.**

_____
HON. JUDGE RICARDO H HINOJOSA
PRESIDING JUDGE