**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **JUAN LUIS WEBBER** | § | |
| | § | |
| **VS.** | § | **Civil Action No. 7:25-cv-00095** |
| | § | |
| **HOME DEPOT U.S.A., INC. dba** | § | |
| **HOME DEPO and HERMAN ROQUE** | § | |
| **OCHOA** | § | **JURY DEMANDED** |

## <u>Defendant Home Depot U.S.A., Inc.'s
Response to Plaintiff's Motion to Remand</u>

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, DEFENDANT, **Home Depot U.S.A., Inc.** (hereafter "Home Depot") in the above styled and numbered cause and files this Defendant's Response to Plaintiff's Motion to Remand, requests that the Court reject Plaintiff's Motion to Remand filed by Plaintiff **Juan Luis Webber** (hereafter "Plaintiff") and remove this case to the United States Southern District of Texas, as this is the proper venue under 28 U.S.C § 1332 *et seq.*, 28 U.S.C. § 1441 *et. seq.*, and 28 U.S.C. § 1446 *et. seq*.

### I.  SUMMARY

Home Depot filed its Notice of Removal to this Court on March 5th, 2025, under 28 U.S.C § 1332 *et seq.*, 28 U.S.C. § 1441 *et. seq.*, and 28 U.S.C. § 1446 *et. seq.* based upon a defect in diversity jurisdiction by joining Herman Roque Ochoa (hereafter "Ochoa"). [Doc. 1]. In response, Plaintiff filed its Motion to Remand on April 4th, 2025, arguing Ochoa was a properly named defendant. [Doc. 11]. This joinder is improper, as Plaintiff joined Ochoa solely to defeat diversity jurisdiction.

Plaintiff asserts in their Motion to Remand that Ochoa for two reasons: (1) Ochoa had a duty of reasonable care that was breached upon instructing Plaintiff to relocate outside which

1

allegedly exacerbated his injuries; and (2) Ochoa failed to render aid, in his capacity as a supervisory employee. *Id*. Both of these articulations are without merit and are merely Plaintiff's attempts to defeat diversity jurisdiction making joinder improper.

## II.     IMPROPER JOINDER

"[Improper] joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)). Home Depot asserts only the latter.

A court may resolve the issue of predicting whether a plaintiff has a reasonable basis of recovery under state law in one of two ways. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004 (en banc). The court may conduct a rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants. *Id*. Where a complaint states a claim that satisfies 12(b)(6) but has misstated or omitted discrete facts that would determine the propriety of joinder, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220-21 (5th Cir. 2018) (quoting *Smallwood*, 385 F.3d 568, 573). Home Depot asserts that Plaintiff's pleadings do not support remand, but attaches evidence should the Court believe it necessary to pierce the pleadings.

## III.     PLAINTIFF'S NEGLIGENCE CLAIMS MUST FAIL AGAINST NON-DIVERSE DEFENDANT

### a. Negligence in General

To succeed on a negligence claim in Texas, a plaintiff must prove 1) the defendant owed a legal duty to the plaintiff; 2) the defendant breached the duty; and 3) the breach proximately caused the plaintiff's injury. Without a legal duty, a defendant cannot be held liable in tort.

*Kroger v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). Whether a defendant owes a plaintiff a duty "is a question of law for the court to decide from the facts surrounding the occurrence in question." *HNMC, Inc. v. Chan¸*683 S.W.3d 373, 380 (Tex. 2024) (quoting *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)).

### b. Plaintiff's Negligence by Omission Claims Assert a Non-existent Duty

Texas courts have continuously held that there is no duty to render aid or protect others, unless there is a special relationship. *Howell v. City Towing Associates, Inc.*, 717 S.W.2d 729, 733 (Tex. App.-San Antonio, 1986). Further, "[d]eeply rooted in the common law is the doctrine that a person owes no duty to render aid to one for whose injury he is not liable." *Applebaum v. Nemon*, 678 S.W.2d 533, 535 (Tex. App.-Houston [14th Dist.] 1984) (citing 57 Am. Jur. 2d § 41 (1971); 33 ALR 3d 301 (1970); *Riley v. Gulf, C. & S. F. Ry. Co.*, 160 S.W. 595, 597 (Tex. Civ. App.-Amarillo 1913, no writ); *Boyer v. Gulf Colorado & Santa Fe Railway Co.*, 306 S.W.2d 215, 220 (Tex. Civ. App.-Houston 1957, writ ref'd n.r.e.)).

Plaintiff asserts that Ochoa is liable for negligence due to breaching a duty to render aid to Plaintiff who was injured while shopping at the store. [Doc. B-2]. Plaintiff further asserts that Ochoa breached this duty by failing and refusing to call 911 or for emergency medical services and by failing and refusing to provide first aid. *Id*. Plaintiff's basis for his pleading is that while shopping, a box fell onto Plaintiff from an upper-level shelf. *Id*. In no part of Plaintiff's Original Petition or Plaintiff's Motion to Remand do they state that Ochoa placed the box there, knew or should have known the box was an unreasonably dangerous risk, or was in any other way linked to how/why the box fell. *Id*.; [Doc. 11].

Instead, Plaintiff is asserting via Plaintiff's Motion to Remand that due to Ochoa's position as a store manager, he has a duty to Plaintiff via the ruling in *Valdes v. Wal-Mart Stores, Inc.*, 158

3

F.3d 584 (5th Cir. 1998) which found that a store manager had a duty to maintain the premises in a condition that would not pose an unreasonable risk of harm to business invitees. *Id*. This argument is not found on analogous basis (or even good law), as Plaintiff argues. In *Valdes*, the issue was whether a store manager knew or should have known that the parking lot's history of criminal activity posed an unreasonable risk to business invitees. *Id*. at *4. *Valdes'* ruling was based on more than half-century-old case, *S.H. Kress & Co. v. Selph*, 250 S.W.2d 883 (Tex.Civ.App.-Beaumont 1952, writ ref'd n.r.e.), which held that a general store manager owed an independent duty of care toward business invitees based on his right, as manager of the store, to exercise control over the premises. *Valdes*, 158 F.3d 584 at *4. In relying on *Selph*, the *Valdes* court found that the general manager had individual liability to the plaintiff. *Id*. at *6.

The court in *Valdes* decided not to adopt Texas Supreme Court ruling of *Leitch v. Hornsby*, 935 S.W.2d 114 (Tex. 1996) by stating "the principles of *Leitch* might well undermine *Selph*" . . ., [b]ut *Leitch* was not a premises liability case and we cannot say with full confidence that it will be applied outside the employer-employee context." *Valdes*, 158 F.3d 584 at *5, n. 6. The Texas Supreme Court in *Leitch* held that "[i]ndividual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby*, 935 S.W. 2d 114, 117 (Tex. 1996). Later, "the Supreme Court of Texas has extended the holding in *Leitch* to premises liability claims in *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005)." *See Solis v. Wal-Mart Stores East, L.P.*, 617 F. Supp. 2d 476, 481 (S.D. Tex., 2008) (citing *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828 (E.D. Tex. 2008) (citing *McKinney v. Home Depot, USA, Inc.*, No. 4:06-CV-0327-A, 2006 WL 2947324 (N.D. Tex. Oct. 13, 2006) ("In light of *Tri*, the court is satisfied that the principles of *Leitch* are controlling in this [premises liability] action"))).

Although Plaintiff argues that *Tri* never determines whether the duty existed within the confines of that case, the Texas Supreme Court answered the *Valdes* court's question of whether to apply the *Leitch* holding in premises liability cases, thus effectively undermining the entire ruling of *Valdes*. Plaintiff argues that the Court would need of "unanimous or near-unanimous holdings from several – preferably a majority – of [the state's] intermediate appellate courts" to disrupt the use of *Valdes* in an *Erie* analysis. *PHI Group, Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 843 (5th Cir. 2023).  Plaintiff simply fails to recognize that this has been accomplished. As explained *supra*, the Texas Supreme Court and multiple federal district courts, including the Southern District of Texas, have adopted the holding of *Leitch* in premises liability cases. *See Solis*, 617 F. Supp. 2d at 481 ("After *Tri,* there is no reasonable possibility that a plaintiff can bring a claim under Texas law against a store manager for duties performed within the scope of the employee's duties.").

Plaintiff has not asserted a special relationship between Ochoa and Plaintiff to constitute a duty to render aid. Furthermore, Plaintiff has not asserted any argument, statutorily or through case law, that would potentially extend a special relationship between a store manager and an invitee. And since Ochoa is not liable for causing the alleged injury in any capacity, there is no duty for Ochoa to render aid in Texas tort law. Since Ochoa did not owe a duty, he cannot be individually liable for Plaintiff's assertion of an omission to render aid, and the cause of action is not colorable.

### c. Plaintiff Negligence by Commission Claims did Not Create a Duty

Plaintiff's other allegation against Ochoa is that he was negligent by instructing Plaintiff to move outside to wait for emergency medical services which alleges caused further harm to Plaintiff. Plaintiff's arguments rest upon Texas tort law supporting negligence whenever an individual's affirmative act creates or increases a risk of harm. Home Depot and Ochoa dispute

5

this allegation. However, Plaintiff, in their own assertion, extinguishes this argument to impose a duty upon Ochoa.

There is no duty to take action to prevent harm to others. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000). Plaintiff is correct that a duty can arise to use reasonable care in preventing harm to others when the defendant has performed an affirmative undertaking, otherwise called being a Good Samaritan. "[A] duty arises when the defendant undertakes, gratuitously or for compensation, to render services that it knows or should know are 'necessary for the protection of the other's person or things' and either (1) the failure to exercise reasonable care increases the risk of physical harm or (2) harm results because of the other's reliance on the undertaking." *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 151 (Tex. 2022). "The critical inquiry concerning the duty element of a negligent-undertaking theory is whether a defendant acted in a way that requires the imposition of a duty where one otherwise would not exist." *Nall v. Plunkett*, 404 S.W.3d 553, 555 (Tex. 2013).

In *Elephant Ins. Co.*, the Texas Supreme Court analyzed negligent undertaking regarding an insurance company instructing an employee to go to a crash scene and take photos of the scene, ultimately ending up with the employee being struck by a car. *Elephant Ins. Co., LLC*, 644 S.W.3d at 151. The *Elephant Ins. Co.* court found that the employee answering a phone call and being guided through the initial steps of the insurance claims process is not an action necessary to protect the insureds or their property from harm, nor were the instructions to take photographs documenting existing damage. *Id*. Furthermore, the plaintiff did not provide any evidence or assertions that the defendant guided the employee on how to take photographs or direct her on any safety advice. *Id*. Ultimately, the Texas Supreme Court found that there was no affirmative action that arose to the level to create a duty of care as a matter of law. *Id*.

Plaintiff asserts Ochoa required Plaintiff to move and wait outside for emergency care. Nowhere does Plaintiff assert Ochoa is rendering a service to protect Plaintiff from harm. In fact, Plaintiff's entire contention is that Ochoa did not provide services at all. Plaintiff further is asserting Ochoa was "callous" in his lack of rendering of aid. By Plaintiff's own assertion, Ochoa did not render aid, did not call 911 or emergency services, and generally did not help (again, all disputed but for purposes of this response, the dispute will be set aside). Under Texas tort law, there was no affirmative undertaking that would create a duty. Thus, a legal duty did not arise, and no negligence cause of action can be found.

### d.       No Colorable Action against Defendant Ochoa

Because there is no possibility that Plaintiff can maintain a cause of action against Ochoa based on the facts, and there is no allegations to support an independent duty either through commission or omission apart from their employer's duty that Ochoa owed to Plaintiff, Ochoa have been improperly joined in this matter, and their citizenship should be disregarded, resulting in complete diversity existing between the proper parties in this case.

### IV.       CONCLUSION

WHEREFORE, Defendant **HOME DEPOT U.S.A., Inc.**, respectfully requests that *Plaintiff's Amended Motion to Remand* [Doc 11] be denied, dismiss Defendant Herman Roque Ochoa without prejudice, and that this matter remain in the Southern District of Texas, McAllen Division for trial and determination of all issues.

Respectfully submitted,

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:     */s/ Karen M. Alvarado*
        Karen M. Alvarado
        State Bar No. 11067050
        Federal ID: 10880
        kalvarado@brothers-law.com
        10333 Richmond, Suite 900
        Houston, Texas 77042
        Tel: (713) 337-0750
        Fax: (713) 337-0760
        service-alvarado@brothers-law.com

\*All service pursuant to TRCP 21 on Ms. Alvarado must be to this email or it will be considered invalid

***Attorney for Defendant, Home Depot U.S.A., Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served upon the following counsel of record in compliance with Rule 5 of the Federal Rules of Civil Procedure on this the 2nd day of May, 2025, as follows:

Raymond L. Thomas
Olegario Garcia
**RAY THOMAS, PC**
4900-B North 10th Street
McAllen, Texas 78504

Ezequiel Reyna, Jr.
**LAW OFFICES OF**
**EZEQUIEL REYNA, JR., P.C.**
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596

Chad Flores
**Flores Law PLLC**
917 Franklin Street, Suite 600
Houston, Texas 77002

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:     */s/ Karen M. Alvarado*
        Karen M. Alvarado