IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN LUIS WEBBER, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:25-cv-00095 |
| | § | |
| HOME DEPOT U.S.A. dba | § | JURY TRIAL DEMADED |
| HOME DEPO AND HERMAN | § | |
| ROQUE OCHOA, | § | |
| *Defendants*. | § | |

**Plaintiff's Reply in Support of**
**Plaintiff's Amended Motion to Remand**

**Table of Contents**

Argument ........................................................................................... 1

I.      The Court should remand the action now. ................................................2

      A.      Ochoa is liable for tortious *commissions*. ...............................2

            1.      Texas law upholds the commission-based theory. .....................3

            2.      Plaintiff alleges the commission-based theory. ..........................5

            3.      Home Depot misreads the pleading...........................................5

            4.      The knowledge argument is doubly wrong. ...............................6

      B.      Ochoa is liable for tortious *omissions*. ....................................7

      C.      *Smallwood* is unanswered. ....................................................9

II.     The alternative argument regarding discovery is unanswered. ....................10

Conclusion ....................................................................................... 10

Certificate of Service......................................................................... 12

**Argument**

The Court should remand this case because Home Depot's improper-joinder point fails, losing the complete diversity required by 28 U.S.C. § 1332(a). Plaintiff's claim against the non-diverse defendant Ochoa is proper both (i) because pleadings alone require remand already, and (ii) alternatively, because discovery showing colorability is warranted.  The primary point clearly succeeds for three key reasons.

First, Plaintiff's commission-based negligence theory succeeds.  Grounded in Texas's adoption of Restatement § 323 and confirmed by cases like *Colonial* (Tex. 1976) and *Torrington* (Tex. 2000), it properly alleges that Ochoa affirmatively worsened Plaintiff's injuries by requiring him to move outside, triggering a duty of care that Home Depot barely addresses and mischaracterizes.

Second, the omission-based theory succeeds. The *Valdes* (5th Cir. 1998) precedent upholding this duty remains the key *Erie* precedent, and Home Depot's reliance on *Tri* (Tex. 2005), misreads an express refusal to decide the duty issue.

Third, *Smallwood* (5th Cir. 2004) (en banc) bars removal because the "no duty" defense applies equally to both defendants and thus is a merits argument masquerading as improper joinder. Home Depot fails to rebut this point.

On the record as it stands, both the commission and omission claims make the claim against Ochoa more than colorable.  Remand is therefore required.

## I.     The Court should remand the action now.

Plaintiff's negligence claim against Ochoa is proper because the pleadings already make it demonstrably colorable in two separate respects.  Doc. 11 at 3-12. The theory of tortious *commissions* is both legally viable and factually supported, *id.* at 6-8, and so is the theory of tortious *omissions*, *id.* at 8-10.  Plaintiff's initial brief also asserted a third dispositive argument about *Smallwood v. Illinois Central Railroad*, 385 F.3d 568 (5th Cir. 2004) (en banc), that Home Depot never answers. All three of these points independently show that the motion to remand should be granted now, without consideration of the alternative request presented in Part II.

### A.     Ochoa is liable for tortious *commissions*.

Plaintiff's claim regarding Ochoa's negligent *commissions* is fully pleaded, *see* Doc. 1-2 at 5-6, ¶¶ 14-15 and fully pressed by the motion to remand, Doc. 11 at 3-12 ("Whether or not the separate negligence theories regarding Ochoa's tortious *omissions* survive, the *commission*-based negligence theory is enough to sustain the claim as a whole, defeat fraudulent joinder, and require remand."). Despite this prominence, Home Depot tries to bury the commission-based theory with scant answers at the end of each filing, Doc. 12 at 7; Doc. 17 at 7. The Court should give the commission-based theory full attention.  Apart from everything he failed to do, Ochoa's affirmative act of ordering the Plaintiff outside triggered negligence duties.

### 1. Texas law upholds the commission-based theory.

The legal basis of Plaintiff's commission-based theory is well-established. *See* Doc. 11 at 7-8. Texas courts long ago adopted the duty rule of Restatement (Second) of Torts Section 323, and it remainds good law today as recognized by current pattern jury charges.

The seminal case is *Colonial Savings Association v. Taylor*, 544 S.W.2d 116 (Tex. 1976), which expressly upheld Section 323 rule as correct Texas duty law: "one who voluntarily undertakes an affirmative course of action for the benefit of another has a duty to exercise reasonable care that the other's person or property will not be injured thereby." *Id.* at 119. Section 323's commission-based duty rule is what the Supreme Court again recognized as correct in *Torrington Co. v. Stutzman*, 46 S.W.3d 829 (Tex. 2000): "While Texas law imposes no general duty to 'become [a] good Samaritan,' we have recognized that a duty to use reasonable care may arise when a person undertakes to provide services to another, either gratuitously or for compensation":

> [2]  While Texas law imposes no general duty to "become [a] good Samaritan," we have recognized that a duty to use reasonable care may arise when a person undertakes to provide services to another, either gratuitously or for compensation. *Fort Bend County Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 396 (Tex.1991); *Colonial Sav. Ass'n v. Taylor*, 544 S.W.2d 116, 120 (Tex.1976); RESTATEMENT (SECOND)

> OF TORTS §§ 323, 324A (1965). In *Colonial Savings*, 544 S.W.2d at 119–20, we relied upon section 323 of the *Restatement*, which provides:
>
>> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>> (a) his failure to exercise such care increases the risk of such harm, or
>> (b) the harm is suffered because of the other's reliance upon the undertaking.
>>
>> RESTATEMENT (SECOND) OF TORTS § 323

*Id.* at 837-38.[1]

The Texas Pattern Jury Charges support Plaintiff by confirming this duty's continued vitality. Citing the same cases Plaintiff does, the Texas PJC recognizes a commission-based duty where, as here, the defendant's negligence "increased risk to [] the plaintiff to whom services are rendered, as set forth in *Restatement Second of Torts* § 323." Texas Pattern Jury Charges— Malpractice, Premises & Products 71.8 cmt. (2024 ed.) (citing *Colonial*). That is the duty rule that "should be used if the plaintiff seeks recovery for damages resulting from a negligent undertaking." *Id.* (citing *Torrington* Co. v. Stutzman, 46 S.W.3d 829, 838 (Tex. 2000); Restatement (Second) of Torts §§ 323, 324A (1965).). The doctrine backing this claim is sound.

---

[1] A prior filing's quotations have scrivener's errors that Plaintiff appreciates Home Depot politely noticing, *see* Doc. 17 at 2 nn.1-2. Correct quotations are given above.

4

### 2.    Plaintiff alleges the commission-based theory.

Plaintiff's pleadings fit this duty doctrine perfectly. *See* Doc. 11 at 7-8. The pleading alleges that Ochoa affirmatively "required" the already-injured Plaintiff "to move and wait outside for emergency care" and thereby "caused Plaintiff more pain and suffering and more mental torment than he would have otherwise experienced." *Id.* (quoting Doc. 1-2 at 5-6, ¶¶ 14-15). In other words, the tort occurred when "Defendant Ochoa required Plaintiff to move and wait outside for emergency care." *Id.* (quoting Doc. 1-2 at 5, ¶ 14). That is exactly what Restatement Section 323, the controlling Supreme Court decisions, and PJC 71.8 speak to.

### 3.    Home Depot misreads the pleading.

Home Depot's first answer obviously misreads the Plaintiff's allegations. According to Home Depot, "Plaintiff's entire contention is that Ochoa *did not provide services at all*." Doc. 12 at 7 (emphasis added). But the quoted pleadings show that Ochoa did indeed choose to provide a service—the service of managing Plaintiff's medical emergency by controlling Plaintiff's waiting location. Doc. 1-2 at 5-6, ¶¶ 14-15. That undertaking triggers a duty of reasonable care because it "increased risk to [] the plaintiff to whom services are rendered, as set forth in *Restatement Second of Torts* § 323." Texas Pattern Jury Charges— Malpractice,

5

Premises & Products 71.8 cmt. (2024 ed.); *see Torrington*, 46 S.W.3d at 837-38; *Colonial Savings Ass'n*, 544 S.W.2d at 119.

### 4.      The knowledge argument is doubly wrong.

A supposed knowledge defect is Home Depot's other answer. Doc. 17 at 7-8. According to Home Depot, the duty at issue exists only if Ochoa "knew or should have known" that the services he undertook "were necessary for the plaintiff's protection." *Id.*   The knowledge argument fails because it is shown here.

Did Ochoa know (or should he have known) that a man in screaming agony from a head injury must be moved either *safely* or not at all?  Of course he knew that (or should have known), and the pleading says so in all requisite detail.

The pleading test for knowledge (state of mind) is not strenuous.  Knowledge "may be pled generally," *United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 261 (5th Cir. 2014), and can be "inferred from circumstantial" facts. *Hulsey v. Bishop*, No. 24-10014, 2024 WL 4692029, at *5 (5th Cir. Nov. 6, 2024).

For the knowledge at issue here, Plaintiff's pleading clearly meets the test.   It supplies both direct assertions of the knowledge, Doc. 1-2 at 5 (Ochoa's state of mind was "callous"—meaning with cruel disregard), and a litany of facts from which a jury could reasonably infer the knowledge, *see* Doc. 1-2 at 5 (Ochoa was "a supervisory level employee"); *id.* (Ochoa "was on scene and saw Plaintiff lying on the ground

and in agony"); *id.* (Ochoa heard "Plaintiff and his wife plead[] for help"); *id.* (Ochoa "was begged" to "call 911 or call for emergency medical services").

On these facts, Ochoa the Home Depot supervisor either knew or should have known that an injured customer screaming agony from a head injury must be moved either *safely* or not at all.  Later in the case, Home Depot can certainly try to present contrary state-of-mind evidence and argument. But in this posture, pleadings alone are all that matter now because the remand test is a "Rule 12(b)(6)-type analysis" erring in favor of the Plaintiff. Doc. 11 at 3.  This pleading supplies all that is needed.

Thus, the Court should hold that Plaintiff asserts a valid negligence theory regarding Ochoa's tortious commissions. "Whether or not the separate negligence theories regarding Ochoa's tortious omissions survive, the commission-based negligence theory is enough to sustain the claim as a whole, defeat fraudulent joinder, and require remand."  Doc. 11 at 8.

### B.    Ochoa is liable for tortious *omissions*.

Next, the Court should reject Home Depot's fraudulent-joinder assertion regarding Ochoa's tortious *omissions*. Doc. 11 at 8-10. The controlling decision is *Valdes v. Wal-Mart Stores, Inc.*, 158 F.3d 584 (5th Cir. 1998). It establishes that "Texas law does indeed impose on both stores *and store managers like Ochoa* a duty to

7

maintain the premises in a condition that would not pose an unreasonable risk of harm to business invitees such as Plaintiff here." Doc. 11 at 10-12.

Home Depot argues *Valdes* is outdated, pointing to *Tri v. J.T.T.*, 162 S.W.3d 552 (Tex. 2005), as supposedly overriding *Valdes*. But this exact point was forecasted by Plaintiff's initial filing and preemptively beaten at pages 9-10: "*Tri v. J.T.T. & M.T.*, 162 S.W.3d 552, (Tex. 2005), gives no holding either way on the question of duty's existence." Doc. 11 at 9-10. Indeed, the Supreme Court in *Tri* expressly said so—that is was *not* rendering any such holding—with this key point: "We cannot determine whether Chon Tri breached a duty that he owed to J.T.T. and M.T. separate from the duty his employer, the Theravada Buddhist Corp., owed to them." *Tri*, 162 S.W.3d at 563. Home Depot never answers this.

Home Depot also fails to grapple with how this Court's *Erie* analysis must proceed in light of *Valdes*: "under the Fifth Circuit's Erie doctrine, *Valdes* could be disrupted only by ''unanimous or near-unanimous holdings from several— preferably a majority—of [the state's] intermediate appellate courts.'' Doc. 11 at 12 (quoting *PHI Group, Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 843 (5th Cir. 2023)). It therefore does Home Depot no good to cite later federal district court decisions about *Valdes*. Doc. 12 at 4. "Unless and until the Fifth Circuit itself expressly overrules

8

*Valdes*, its holding about the extent of Texas tort duties remains good law here." Doc. 11 at 12.

Thus, the Court should hold that this second duty theory is fully valid. "Whether or not the separate theory regarding Ochoa's tortious *commissions* survives, the *omission*-based theories are enough to sustain the claim as a whole, defeat fraudulent joinder, and require remand." Doc. 11 at 10.

### C.    *Smallwood* is unanswered.

Plaintiff's initial brief presented a third freestanding reason to order remand: "Home Depot commits the procedural error that the Fifth Circuit deemed decisive in *Smallwood v. Illinois Central Railway Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc)." Doc. 11 at 13-14. *Smallwood* "applies to Home Depot's fraudulent-joinder arguments because their central ground for denying liability as to Ochoa—'Texas law rarely imposes a duty to aid an injured party except on the individual who caused the injury,' Doc. 1 at 3, ¶11—is 'equally dispositive of all defendants rather than to the in-state defendants alone.'" Doc. 11 at 13-14 (quoting *Smallwood*, 385 F.3d at 574). "That being the case, 'there is no improper joinder.'" *Id.*

Home Depot never answers this in the Document 12 filing or the Document 17 filing. The Court should accept the argument as both correct and unchallenged.

## II.   The alternative argument regarding discovery is unanswered.

Alternatively, if the Court cannot conclude based on present pleadings alone that the claim against Defendant Ochoa is colorable, Plaintiff's initial brief requested that the Court use the procedure permitted by *Smallwood* to let limited discovery clarify the operative facts. Doc. 11 at 12-14. Plaintiff maintains that request as an alternative to be reached only if all none of the pleading-only arguments pressed above succeed. Home Depot's Document 12 filing never addresses this argument and neither does the Document 17 filing. So if the issue is reached, the Court should grant this request because it too is both correct and unanswered.  But since the case already warrants remand because of the primary arguments, this point need not be reached.

### Conclusion

The motion to remand should be granted on the basis of current pleadings alone. Alternatively, the motion to remand should be decided after an allotment of targeted jurisdictional discovery and further briefing, and then granted.

Respectfully submitted,

/s/ Raymond L. Thomas
Raymond L. Thomas**
S.D. Tex. No. 10715
rthomas@raythomaspc.com
Olegario Garcia
S.D. Tex. No.: 2202345
ogarcia@raythomaspc.com
**Ray Thomas, PC**
4900-B North 10th Street
McAllen, Texas 78504
(956) 632-5033
(956) 540-5631 (Fax)

Marco Cepeda
S.D. Tex. No. 58290
mcepeda@zreynalaw.com
**Law Offices of Ezequiel Reyna, Jr., P.C.**
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone
(956) 969-0492 (Fax)

Chad Flores
**Flores Law PLLC**
Texas Bar No. 24059759
Fed. Id. No. 1060324
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640 Phone
cf@chadflores.law

**COUNSEL FOR PLAINTIFF
JUAN LUIS WEBBER**

*** Attorney in Charge for Plaintiff*

11

**Certificate of Service**

In accordance with the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing document has been served on all parties via CM/ECF on June 20, 2025.

_____
Chad Flores

12