**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **JUAN LUIS WEBBER** | § | |
| | § | |
| | § | |
| | § | |
| **VS.** | § | **Civil Action No. 7:26-cv-00051** |
| | § | |
| **HOME DEPOT U.S.A., INC. dba HOME** | § | |
| **DEPO and HERMAN ROQUE OCHOA** | § | **JURY DEMANDED** |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND [DOC. 9]**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, **HOME DEPOT U.S.A., INC.** *improperly named Home Depot U.S.A., Inc. dba Home Depot* ("Home Depot"), and files this its *Response to Plaintiff's Motion to Remand [Doc. 9]*, requests that the Court reject Plaintiff's *Motion to Remand* filed by Plaintiff **Juan Luis Webber** (hereafter "Plaintiff") and remove this case to the United States Southern District of Texas, as this is the proper venue under 28 U.S.C. § 1332 *et seq.*, 28 U.S.C. § 1441 *et seq.*, and 28 U.S.C. § 1446 *et seq*.

**I.      SUMMARY**

This matter involves Plaintiff who, on January 9, 2024, was allegedly injured when a box fell from a rack onto him inside Home Depot. [Doc. 1-2, B-2]. Herman Roque Ochoa ("Ochoa") was an assistant store manager on the date of the incident who Plaintiff alleges did not assist Plaintiff post-incident while simultaneously injuring him further by instructing him to wait outside for emergency services.

Plaintiff files his *Motion to Remand* on Defendant's good faith based second Notice of Removal. Plaintiff initially filed his original petition on January 30, 2025. Defendant filed its first Notice of Removal on March 5, 2025. On July 16, 2025, this matter was remanded back to state

court. At the time of the remand, no discovery had taken place.

On July 25, 2025, both Plaintiff and Defendant submitted written discovery. Defendant hoped Plaintiff would provide a mere scintilla of evidence to support his contentions against Ochoa; however, none was provided other than a repetition of his petition. Not even his medical history provides a mention of a store manager, Ochoa, or injuries due to walking to emergency services. In turn, Defendant produced, among other things, an affidavit by Ochoa and his incident report. *See* Affidavit of Herman Ochoa, attached herein as **Ex. A**; *see also* Herman Ochoa's Statement, attached herein as **Ex. B**. Defendant further scheduled and noticed Plaintiff's deposition; however, it was cancelled and never rescheduled despite Defendant's continued efforts to do so. Plaintiff has never requested the deposition of Ochoa other than one generalized request for any employee tangentially related to the matter. *See* **Ex. C**.

On January 30, 2026, Home Depot filed its second Notice of Removal to this Court under 28 U.S.C § 1332 *et seq*., 28 U.S.C. § 1441 *et. seq*., and 28 U.S.C. § 1446 *et. seq*. based upon a defect in diversity jurisdiction by joining Herman Roque Ochoa. [Doc. 1]. In response, Plaintiff filed its Motion to Remand on February 28th, 2026, arguing Ochoa was a properly named defendant. [Doc. 9]. This joinder is improper, as Plaintiff joined Ochoa solely to defeat diversity jurisdiction.

## II.    IMPROPER JOINDER

"[Improper] joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)). Home Depot asserts only the latter.

A court may resolve the issue of predicting whether a plaintiff has a reasonable basis of

recovery under state law in one of two ways. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004 (en banc). The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants. *Id*. Where a complaint states a claim that satisfies 12(b)(6) but has misstated or omitted discrete facts that would determine the propriety of joinder, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220-21 (5th Cir. 2018) (quoting *Smallwood*, 385 F.3d 568, 573). Home Depot asserts that Plaintiff's pleadings do not support remand but attaches evidence should the Court believe it necessary to pierce the pleadings.

### III.    ARGUMENTS

### I.    Defendant's Notice of Removal was Procedurally Valid.

Although federal removal laws preclude seeking a second removal on the same ground, the preclusion does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removeable. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) (citing *O'Bryan v. Chandler*, 496 F.2d 403, 410 (10th Cir. 1974). A defendant may file a second removal when subsequent pleadings or events reveal a new or different basis for removal. *Id*.; *Leininger v. Marriott Intern. Inc.*, 2022 WL 199272, at *3 (W.D. Tex. Jan. 21, 2022).

Plaintiff filed his original petition on January 30, 2025, alleging, among other things, negligence on behalf of Ochoa. The inclusion of Ochoa is unfounded other than an artful attempt at forum shopping. Although evidence was limited due to procedural matters, Defendant timely filed its Notice of Removal on March 5, 2025, based on longstanding laws concerning duties of care. Plaintiff subsequently filed his amended motion to remand the first removal on April 14,

2025. The court granted remand on July 16, 2026.

The Federal Rules of Civil Procedure supplies two distinct deadlines: 30 days after receipt of the civil action or proceeding; or one year after commencement of the action. 28 U.S.C. § 1446(b)-(c). Plaintiff is correct in that the heart of the removal is similar: Ochoa is improperly joined. However, the basis has substantially changed from the onset of Plaintiff's original petition. Since this suit's remand, Plaintiff's actions can be described as nothing short of delay, showing complete indifference to Ochoa as a party. Plaintiff has never submitted written discovery to Ochoa nor asked for his deposition other than the aforementioned generalized request of Home Depot's employees. Furthermore, Plaintiff's sole written discovery, intended for Home Depot, never mentions Ochoa, any refusal of care post-incident, nor any instruction for Plaintiff to vacate the premises.

Alternatively, Defendant participated in good faith discovery. Other than the inclusion of an affidavit by Ochoa, there has also been a statement from Ochoa on the date of the incident contradicting Plaintiff's allegations. *See* **Exs. A-B**. Both were produced after the granting of remand on July 16, 2026. The new basis is not only the newly produced documents by Home Depot, but also Plaintiff's apparent absence of any indication to pursue claims against the improperly joined party, Ochoa. Defendant requested the deposition of Plaintiff on July 18, 2025; August 26, 2025; September 23, 2025; October 2, 2025; October 29, 2025; and November 12, 2025. *See* **Ex. C**. Even so far as noticing Plaintiff's deposition on September 25, 2025; however, that did not come to fruition. Plaintiff's sole statement of a blanket intention to depose Home Depot's employees on July 18, 2025, does not illicit due diligence on behalf of Plaintiff to prove his causes of action.

The exact rationale for the previous remand was undefined; however, Defendant asserts a

new basis for removal presents itself. Defendant's second Notice of Removal is grounded in novel, material litigation events, and Defendant respectfully requests this Court to reject Plaintiff's Motion to Remand.

## II.   Plaintiff's *Motion to Remand* Fails.

Plaintiff bases his claims against Ochoa on two categories of theory: omission and commission. Neither are grounded in a plausible cause of action allowable under Texas law.

### A.   Texas Law Does Not Prescribe an Independent Duty of Care to Store Managers.

Plaintiff asserts that "Ochoa failed to call 911, failed to provide first aid, and failed to render aid while Plaintiff lay in agony." [Doc. 9]. The theory is based on a selective reading of *Valdes v. Wal-Mart Stores, Inc.*, 158 F.3d 584 (5th Cir. 1998) which utilized the seventy-year-old case, *S.H. Kress & Co. v. Selph*, 250 S.W.2d 883 (Tex.Civ.App.—Beaumont 1952, writ ref'd n.r.e.), which held a general store manager owed an independent duty of care, and thus may be needed to provide assistance. The *Valdes* court notably decided not to adopt the Texas Supreme Court's ruling in *Leitch v. Hornsby*, 935 S.W.2d 114 (Tex. 1996) by stating "the principles of *Leitch* might well undermine *Selph*" . . ., [b]ut *Leitch* was not a premises liability case and we cannot say with full confidence that it will be applied outside the employer-employee context." *Valdes*, 158 F.3d 584 at *5, n. 6. Since then, "the Supreme Court of Texas has extended the holding in *Leitch* to premises liability claims in *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005)." *See Solis v. Wal-Mart Stores East, L.P.*, 617 F. Supp. 2d 476, 481 (S.D. Tex., 2008) (citing *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828 (E.D. Tex. 2008) (citing *McKinney v. Home Depot, USA, Inc.*, No. 4:06-CV-0327-A, 2006 WL 2947324 (N.D. Tex. Oct. 13, 2006) ("In light of *Tri*, the court is satisfied that the principles of *Leitch* are controlling in this [premises liability] action"))).

This is not an ambiguous law as Plaintiff claims. This is a well-defined holding of the Texas

Supreme Court utilizing the applicable substantive law of this lawsuit. There is no independent store manager duty for premises liability as described under *Valdes* that is applicable in this suit. If taken as true, the lack of calling 911, providing first aid, or rendering aid to Plaintiff due to an alleged premises defect cannot be applied to a store manager who had no connection to the alleged premises defect. Moreover, Plaintiff admits, "This is not a failure-to-rescue claim." [Doc. 9, p. 6]. Thus, through not just law, but Plaintiff's own affirmative admission, Ochoa cannot be negligent through omission-based negligence.

**B.      Ochoa Did Not Undertake a Service to Elicit a Duty of Care.**

Plaintiff confusingly argues the existence of a duty that Ochoa allegedly breached by allegedly requiring Plaintiff to move post-facto and wait outside for emergency care. The duty alleged is that one undertakes a duty to provide services to another and that undertaking increases the risk of harm. Specifically, *Torrington Co. v. Stutzman*—Plaintiff's premier source—relies on Section 323 of the Restatement which reads:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a)      His failure to exercise such as care increases the risk of such harm, or
> (b)      The harm is suffered because of the other's reliance upon the undertaking.

46 S.W.3d 829, 837-38 (Tex. 2000) (citing Restatement (Second) of Torts § 323). Despite Plaintiff's assertion, there is no logical basis that if Ochoa did indeed instruct Plaintiff to wait outside that it constituted an undertaking as described in *Torrington*. Although Plaintiff claims 'this is not a failure-to-rescue claim', Plaintiff needs to prove Ochoa performed services that it knew or should have known were necessary for the plaintiff's protection in order to elicit an undertaking. *Id*. at 838. Plaintiff is not alleging Ochoa helped him up, performed first aid, nor

assisted him in any way. Instead, he's asserting the exact opposite. Furthermore, the statement demonstrates Ochoa only observed Plaintiff after the incident, then wrote a statement. *See* **Ex. B**. There is no performance of services to elicit an undertaking, and the commission-based theory of negligence does not pass muster.

## C.       No Colorable Cause of Action.

Plaintiff's assertions, if true, place Ochoa in an untenable position requesting this Court to accept that no matter what Ochoa did, he's negligent. There is no path forward for Ochoa who was merely an assistant store manager. Either (a) Ochoa does nothing and he's negligent; or (b) he does something and he's negligent. Thankfully, Texas law does not work in this manner. Ochoa cannot be held liable for refusing to assist, and he cannot be liable when he did not undertake to perform a service. Since there is no colorable cause of action against Ochoa, he has been improperly joined, and remand should be denied.

## D.       *Smallwood* Standards Met.

Plaintiff's claim is that the disposition of Ochoa is equally dispositive of Home Depot. This is not grounded in law. Plaintiff alleges premises liability which can be a direct cause of action against the premises owner, i.e., Home Depot. Home Depot is not asserting, by way of a notice of removal, to dispose of their own liability, even if the assertion is they are not. The "no duty" argument is purely surrounding Ochoa, who under the substantive law of Texas, cannot be held liable. Plaintiff's argument under *Smallwood* holds no water.

## III.      Attorney Fee's are Not Reasonable Here.

To award attorney fee's under 28 U.S.C. § 1447(c), the court must find Defendant had no objectively reasonably basis for removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 132-33 (2005). Here, Defendant was objectively reasonable in filing their second Notice of

Removal.

As described above, the second notice of removal is based on new discovery, material production, and events post-remand. Plaintiff has intentionally stalled discovery and lingered on this matter to hopefully beat federal removal deadlines, including a lack of performing any action to hopefully prove Ochoa liable or allowing Defendant to defend itself.

Plaintiff's wild assertion that Defendant intentionally filed this based upon Plaintiff's filing of expert designations ignores the procedural requirements of federal law. Federal law allows for a removal based on diversity jurisdiction up to one year after commencement of the action. 28 U.S.C. § 1446(c)(1). Plaintiff filed his original petition on January 30, 2025. Defendant's notice of removal was on January 30, 2026. Defendant provided Plaintiff up until the final day to bring forth an ounce of evidence (or even an intention to seek it out) against Ochoa. The timing of Plaintiff's expert disclosures was merely incidental to the timing of Defendant's notice of removal.

The second removal was made on a good faith basis. If the Court finds in favor of remand, Defendant respectfully requests it deny Plaintiff's request for attorney's fees.

## PRAYER

WHEREFORE, Defendant **HOME DEPOT U.S.A., INC.**, respectfully requests that *Plaintiff's Motion to Remand* [Doc. 9] be denied, dismiss Defendant Herman Roque Ochoa without prejudice, and that this matter remain in the Southern District of Texas, McAllen Division for trial and determination of all issues.

Respectfully submitted,

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**


By:     */s/ Karen M. Alvarado*
       Karen M. Alvarado
       State Bar No. 11067050
       Federal ID: 10880
       10333 Richmond, Suite 900
       Houston, Texas 77042
       Tel: (713) 337-0750
       Fax: (713) 337-0760
       *Service in the above matter will be considered*
       *Invalid unless served on*
       service-alvarado@brothers-law.com

    ***Attorney for Defendant***


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served upon the following counsel of record in compliance with Rule 5 of the Federal Rules of Civil Procedure on this the 13th day of March, 2026, as follows:

| | | |
|---|---|---|
| Raymond L. Thomas<br>Olegario Garcia<br>**RAY THOMAS, PC**<br>4900-B North 10th Street<br>McAllen, Texas 78504 | Marco Cepeda<br>**LAW OFFICES OF**<br>**EZEQUIEL REYNA, JR., P.C.**<br>702 W. Expressway 83, Suite 100<br>Weslaco, Texas 78596 | Chad Flores<br>**FLORES LAW PLLC**<br>917 Franklin Street, Suite 600<br>Houston, Texas 77002 |

**BROTHERS, ALVARADO, PIAZZA & COZORT, P.C.**

By:     */s/ Karen M. Alvarado*
       Karen M. Alvarado