IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN LUIS WEBBER, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:26-cv-00051 |
| | § | |
| HOME DEPOT U.S.A. dba | § | JURY TRIAL DEMANDED |
| HOME DEPOT AND HERMAN | § | |
| ROQUE OCHOA, | § | |
| *Defendants*. | § | |

**Plaintiff's Motion to Remand Reply**

# Table of Contents

Table of Contents..................................................................................................ii

Argument ...........................................................................................................1

I.      This removal is procedurally barred. ............................................................1

        A.      Home Depot identifies no qualifying new basis. ..................................1

        B.      Litigation conduct is not a jurisdictional event. ...................................2

II.     On the merits, removal fails for the same reasons as before...........................4

        A.      The commission-based theory remains colorable. ..............................4

        B.      The omission-based theory remains colorable. ...................................6

        C.      *Smallwood* independently bars removal.............................................10

III.    Fees Are Warranted...................................................................................11

Conclusion ........................................................................................................12

Certificate of Service..........................................................................................14

Plaintiff Juan Luis Webber files this reply in support of his motion to remand, Doc. 9, requesting that the Court reject the arguments made by the response, Doc. 11, and remand this case for the second time to its original state court.

### Argument

This case presents a prohibited successive removal. Home Depot removed once on an improper-joinder theory, briefed it fully, and lost. It now removes again on the same theory—repackaged, not new. Its Response confirms that nothing material has changed. The procedural bar requires immediate remand. Even setting that bar aside, the merits fail for the same reasons they failed before. The Court should remand and award fees.

### I.    This removal is procedurally barred.

#### A.    Home Depot identifies no qualifying new basis.

The governing rule is settled. A second removal is permissible only when "subsequent pleadings or events reveal a new *and different* basis for removal." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). That standard requires a material change in the jurisdictional posture—new pleadings, new parties, or evidence genuinely unavailable before. Home Depot identifies nothing of the kind.

Ochoa's affidavit is Home Depot's principal justification. Doc. 11-1. But that affidavit was completely available to Home Depot all along in the first removal

1

proceeding. It is proof from Home Depot's own employee, whom Home Depot had as much access to throughout the first removal proceedings as they do now. A defendant cannot fail to get evidence from its own employee, lose removal #1, and then re-remove based on testimony it could have obtained at any time. Evidence within a party's control is not a post-remand "event" that changes removability.

The affidavit's substance confirms that no truly new event occurred here. Ochoa attests to three facts: (1) he was an assistant store manager on the date of the incident; (2) he does not determine stocking policies; and (3) he did not place the box that fell on Plaintiff. Doc. 11-1, ¶¶ 1–3. Each of these facts was already established in Plaintiff's pleading and the prior briefing. The affidavit recites what was known and adds nothing the Court did not already consider.

The incident-day statement fares no better. Doc. 11-2. It describes Ochoa arriving at the scene, observing Plaintiff on the floor, and taking an incident report. *Id.* It adds no fact bearing on the jurisdictional question that was not available before. A cumulative document is not a new basis for removal.

### B.    Litigation conduct is not a jurisdictional event.

The bulk of Home Depot's Response is devoted to Plaintiff's litigation conduct—discovery pacing, deposition scheduling, the content of written discovery. Doc. 11 at 2–4. None of this is cognizable under *S.W.S. Erectors*. Removability turns

2

on "pleadings or events" bearing on jurisdiction, not on how a plaintiff litigates a state-court case. 72 F.3d at 492. No authority permits a defendant to convert litigation-strategy disagreements into a basis for successive removal.

The narrative is also wrong on its own terms. Home Depot claims Plaintiff showed "complete indifference" to Ochoa. Doc. 11 at 4. But its own Exhibit C refutes that claim. On July 18, 2025—two days after remand—Plaintiff's counsel identified as deposition targets all Home Depot employees who "witnessed the incident and aftermath" and "interacted with my client that day." Doc. 11-3 at 4. That plainly encompasses Ochoa. Home Depot, meanwhile, noticed Plaintiff's deposition on September 25, 2025, then withdrew it the same day. Doc. 11-3 at 19–20. Home Depot produced only eight pages of documents and stonewalled on interrogatories for months. Doc. 11-3 at 26. If discovery pacing were jurisdictionally relevant—it is not—Home Depot's own record would not survive scrutiny.

The structural problem is dispositive. Allowing a defendant to re-remove based on characterizations of the opposing party's litigation strategy would permit perpetual removal in any case where the defendant can narrate delay. That is not what *S.W.S. Erectors* permits. The procedural bar applies, and the Court should remand without reaching the merits.

3

## II.    On the merits, removal fails for the same reasons as before.

This Court in the first removal proceeding fully considered and rejected Home Depot's improper-joinder theory. The merits have not improved.

Here—just as in the first removed case—Plaintiff's claim against Ochoa rests on two distinct, legally cognizable bases. First, Ochoa's affirmative directive to compel Plaintiff, already injured, to relocate outside—exacerbating his injuries— imposes a duty of reasonable care under established Texas precedent. Second, Ochoa's failure to render aid, in his capacity as a supervisory employee, finds support in *Valdes v. Wal-Mart Stores, Inc.*, 158 F.3d 584 (5th Cir. 1998), with any ambiguity in Texas law resolved in Plaintiff's favor. Home Depot's no-duty argument also fails (again) under *Smallwood* because it is a merits challenge applicable across the board— rather than a specific attack on Ochoa's joinder.

### A.    The commission-based theory remains colorable.

First, the Court should reject Home Depot's fraudulent-joinder assertion because Plaintiff asserts a valid negligence theory regarding Ochoa's tortious commissions. Whether or not the separate negligence theories regarding Ochoa's tortious omissions survive, the commission-based negligence theory is enough to sustain the claim as a whole, defeat fraudulent joinder, and require remand. *See* Doc. 9 at 6-7.

4

Plaintiff alleges that Ochoa, after seeing Plaintiff lying injured, "required Plaintiff to move and wait outside for emergency care," and that the movement "had the effect of aggravating Plaintiff's injuries." Doc. 1-2 at 6–7, ¶ 14. This is a *commission* claim. Texas law recognizes a duty when someone undertakes to render services to another and that undertaking increases the risk of harm. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837–38 (Tex. 2000); *Colonial Sav. Ass'n v. Taylor*, 544 S.W.2d 116, 119 (Tex. 1976); Restatement (Second) of Torts § 323 (1965). Ordering a critically injured person to relocate is an affirmative act that triggers this framework.

Home Depot argues that directing someone outside is not an "undertaking" under *Torrington*. Doc. 11 at 6–7. But of course it is. *Torrington* requires only that a person undertake to render services that he should recognize as necessary for the protection of another's person, and that his failure to exercise reasonable care in performing that undertaking increases the risk of harm. *Torrington*, 46 S.W.3d at 837–38. Directing the post-injury movement of a head-trauma victim satisfies this standard, if not as a matter of law then at least at the pleading stage. *See id.*

The Texas Pattern Jury Charges support Plaintiff by confirming this duty's continued vitality. Citing the same cases Plaintiff does, the Texas PJC recognizes a commission-based duty where, as here, the defendant's negligence "increased risk to [] the plaintiff to whom services are rendered, as set forth in *Restatement Second of*

5

*Torts* § 323." Texas Pattern Jury Charges— Malpractice, Premises & Products 71.8 cmt. (2024 ed.) (citing *Colonial*). That is the duty rule that "should be used if the plaintiff seeks recovery for damages resulting from a negligent undertaking." *Id.* (citing *Torrington* Co. v. Stutzman, 46 S.W.3d 829, 838 (Tex. 2000); Restatement (Second) of Torts §§ 323, 324A (1965).). The doctrine backing this claim is sound.

Home Depot's own evidence underscores the point. Neither the affidavit nor the incident-day statement denies that Ochoa ordered Plaintiff outside. The affidavit is silent on it entirely. Doc. 11-1. The statement describes Ochoa arriving at the scene and observing Plaintiff injured but says nothing about what Ochoa directed Plaintiff to do. Doc. 11-2. The operative allegation—Ochoa's affirmative act of ordering a critically injured man to relocate—stands unrebutted.

At minimum, this creates a fact dispute that cannot be resolved on a motion to remand. Under *Smallwood*, the Court conducts only a "summary inquiry," and any ambiguity is resolved in the plaintiff's favor. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004) (en banc); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). So the commission-based theory alone defeats improper joinder.

### B.    The omission-based theory remains colorable.

Second, the Court should reject Home Depot's fraudulent-joinder assertion regarding Ochoa's tortious omissions. Whether or not the separate theory regarding

6

Ochoa's tortious commissions survives, the omission based theories are enough to sustain the claim as a whole and require remand. *See* Doc. 9 at 7.

Contrary to Home Depot's position, Texas law does indeed impose on both stores *and store managers like Ochoa* a duty to maintain the premises in a condition that would not pose an unreasonable risk of harm to business invitees such as Plaintiff here. This issue was correctly analyzed by *Valdes v. Wal-Mart Stores, Inc.*, 158 F.3d 584 (5th Cir. 1998), which upheld the existence of such a duty on parallel facts:

> Whether Valdes has pleaded a fraudulent claim against Williams turns largely on whether there is no reasonable possibility under Texas law that Williams, by virtue of his position as store manager, owed Valdes a duty of care which, if breached, could give rise to personal liability. In arguing that Williams did owe her such a duty, Valdes relies principally on a single forty-five-year-old case, *S.H. Kress & Co. v. Selph*, 250 S.W.2d 883 (Tex.Civ.App.-Beaumont 1952, writ ref'd n.r.e.), which held that a general store manager owed an independent duty of care toward business invitees based on his right, as manager of the store, to exercise control over the premises. Wal-Mart replies that recent cases indicate the Texas Supreme Court would not hold *Selph* to be good law and that *Selph* is essentially limited to its facts and has "little or no" applicability to the case at bar.
> . . .
> We are aided in assessing the continuing validity of *Selph*, and guided in our assessment of whether there is a reasonable possibility that Texas courts would view the law as Valdes contends it is, by the decision of a Texas court of appeals in a premises liability case presenting issues similar to those in the case sub judice. In *Wal-Mart Stores, Inc. v. Deggs*, 971 S.W.2d 72 (Tex.App.-Beaumont 1996), *rev'd on other grounds*, 968 S.W.2d 354 (Tex.1998), the court of appeals cited Selph as good law, stating that as "general manager, we know of no reason why [defendant] should not be considered as the operator of the premises in question." 971 S.W.2d at 75. The court went on to hold that

7

the Sam′s Wholesale Club store manager, "as the operator of the premises in question, had the duty to maintain the premises in a condition that would not pose an unreasonable risk of harm." Id. (citations omitted). As *Selph* has never been explicitly overruled, and considering that a Texas court of appeals has recently cited it as precedent for the proposition in question, we cannot agree with Wal-Mart′s assertion that there is no reasonable possibility that *Selph* would be considered valid law by Texas courts. ***Thus, we hold that Valdes′ allegation that Williams, by virtue of his position as store manager, had a duty to maintain the premises in a condition that would not pose an unreasonable risk of harm to business invitees is sufficient to demonstrate a reasonable possibility that a Texas court would recognize this duty.***

*Id.* at \*4-6 (emphasis added).

Home Depot argues *Valdes* is outdated, pointing to *Tri v. J.T.T.*, 162 S.W.3d 552 (Tex. 2005), as supposedly overriding *Valdes*. But *Tri v. J.T.T. & M.T.*, 162 S.W.3d 552, (Tex. 2005), gives no holding either way on the question of the duty's existence. Doc. 11 at 9-10. Indeed, the Supreme Court in *Tri* expressly said so—that it was *not* rendering any such holding—with this key point: "We cannot determine whether Chon Tri breached a duty that he owed to J.T.T. and M.T. separate from the duty his employer, the Theravada Buddhist Corp., owed to them." *Tri*, 162 S.W.3d at 563. Home Depot never answers this critical point.

It matters that the Supreme Court of Texas has not rendered any contrary holding since *Valdes*. So under the Fifth Circuit's *Erie* doctrine, *Valdes* could be disrupted only by "'unanimous or near-unanimous holdings from several—

preferably a majority—of [the state's] intermediate appellate courts.'" *PHI Group, Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 843 (5th Cir. 2023). But there are none here.

Unless and until the Fifth Circuit itself expressly overrules *Valdes*, its holding about the extent of Texas tort duties remains good law. The Court should therefore hold that the "allegation that [Ochoa], by virtue of his position as store manager, had a duty to maintain the premises in a condition that would not pose an unreasonable risk of harm to business invitees is sufficient to demonstrate a reasonable possibility that a Texas court would recognize this duty." *Valdes*, 58 F.4th at 843.

If current Texas tort law on this duty question does not clearly favor Plaintiff, it is at worst ambiguous. And under *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005), "any ambiguities of state law must be resolved in favor of remand." On this basis as well, remand should be granted.

Home Depot quotes Plaintiff's motion—"This is not a failure-to-rescue claim," Doc. 9 at 6—and reads it as an "affirmative admission" that forecloses all omission-based liability. Doc. 11 at 5–6. That obviously misreads the sentence. The quoted statement distinguished the commission theory from a general duty-to-rescue framework. It did not abandon Plaintiff's separately pleaded omission claims, which rest on *Valdes v. Wal-Mart Stores, Inc.*, 158 F.3d 584 (5th Cir. 1998), and the premise that a store manager owes an independent duty to an injured business invitee.

9

### C.   *Smallwood* independently bars removal.

Last but not least, remand should occur because Home Depot commits the procedural error that the Fifth Circuit deemed decisive in *Smallwood v. Illinois Central Railway Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). *See* Doc. 9 at 7-8. That decision's key analysis translates directly to this case:

> A claim of improper joinder by definition is directed toward the joinder of the in-state party, a simple but easily obscured concept. The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper. *Nevertheless, when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit.* In such cases, it makes little sense to single out the in-state defendants as 'sham' defendants and call their joinder improper. In such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such—an allegation that, as phrased by the Supreme Court in *Chesapeake & O.R. Co. v. Cockrell*, 'the plaintiff's case [is] ill founded as to all the defendants.' In reaching this conclusion, we are applying our traditional improper joinder analysis.
> . . .
> The Supreme Court thus made clear that the burden on the removing party is to prove that the joinder of the in-state parties was improper—that is, to show that sham defendants were added to defeat jurisdiction. A showing that the plaintiff's case is barred as to all defendants is not sufficient. *When the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made.*

*Smallwood*, 385 F.3d at 574 (footnotes omitted) (emphasis added).

Home Depot has no effective answer to *Smallwood* because its "no duty" argument applies equally to both defendants. If Texas law imposes no duty to render aid except on the person who caused the initial injury, then neither Ochoa nor Home Depot owes such a duty. Home Depot's Response does not dispute this framing; it simply asserts that "the 'no duty' argument is purely surrounding Ochoa." Doc. 11 at 7. But the argument's logic applies equally to the premises owner. Under *Smallwood*, when the proffered justification for improper joinder "is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made." 385 F.3d at 574. That is this case.

## III.    Fees Are Warranted.

Section 1447(c) authorizes fees when the removing party lacked an "objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Home Depot removed once on the theory that Ochoa owed no duty, briefed it fully, and lost. It returned to federal court six months later on the same theory, armed with an affidavit from its own employee that does not deny the operative allegation and an incident report that adds nothing to the analysis. A defendant that removes, loses, and re-removes on identical grounds—timed to disrupt a scheduled state-court trial—has no objectively reasonable basis for the second attempt.

11

## Conclusion

The Court should grant Plaintiff's motion to remand and award Plaintiff his attorney's fees and costs.

Respectfully submitted,

/s/ Raymond L. Thomas

Raymond L. Thomas**
S.D. Tex. No. 10715
rthomas@raythomaspc.com
Olegario Garcia
S.D. Tex. No.: 2202345
ogarcia@raythomaspc.com
**Ray Thomas, PC**
4900-B North 10th Street
McAllen, Texas 78504
(956) 632-5033
(956) 540-5631 (Fax)

Marco Cepeda
S.D. Tex. No. 58290
mcepeda@zreynalaw.com
**Law Offices of Ezequiel Reyna, Jr., P.C.**
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone
(956) 969-0492 (Fax)

Chad Flores
**Flores Law PLLC**
Texas Bar No. 24059759
Fed. Id. No. 1060324
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640
chad@chadflores.law

**COUNSEL FOR PLAINTIFF
JUAN LUIS WEBBER**

*** Attorney in Charge for Plaintiff*

13

## Certificate of Service

In accordance with the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing document has been served on all parties via CM/ECF on the day of its filing.

_Chad Flores_
Chad Flores

14